| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)*<br>6:01CR10019-001 |
|---|---|---|
| **TRANSFER OF JURISDICTION** REDACTED | | DOCKET NUMBER *(Rec. Court)*<br>CR05-29 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Ronald G. Johnson<br><br>Bear, Delaware 19701 | WESTERN DISTRICT OF VIRGINIA | Lynchburg |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Honorable Norman K. Moon, U.S. District Court Judge |

| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>02/10/2005 | TO<br>02/09/2008 |
|---|---|---|---|

**OFFENSE**

Counts One through Twenty: Prepare or Aid and Abet in the Preparation of Fraudulent Tax Returns (felony)
18 U.S.C. §§ 287 and 2
5 years imprisonment/$250,000 fine each count

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the  upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

03/22/05
_____
Date

*Norman K. Moon (signature)*
_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____
*Effective Date*

_____
*United States District Judge*

O 245B (Rev. 3/01-VAW Additions 11/01) Jud    in a Criminal Case
Sheet 1

**ENTERED**
3-15-02

# UNITED STATES DISTRICT COURT
## Western District of Virginia

CLERK'S OFFICE U.S. DIST. COUR
AT LYNCHBURG, VA
FILED

MAR 1 5 2002

JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

UNITED STATES OF AMERICA

V.

RONALD G. JOHNSON

**REDACTED**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**CASE NUMBER: 6:01CR10019-001**

Pro Se (William G. Wentz, Esq. appointed as legal advisor)
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s) **1 through 20**
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 287 and 2 | Prepare or Aid and Abet in the Preparation of Fraudulent Tax Returns (Felony) | February 15, 1999 | 1 - 20 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No _____ **-8417** _____

Defendant's Date of Birth.: _____ **, 1965** _____

Defendant's USM No.: _____ **04431-015** _____

Defendant's Residence Address:

**New Castle, DE 19720**

Defendant's Mailing Address:

**New Castle, DE 19720**

**March 14, 2002**
Date of Imposition of Judgment

*Norman E. Moon*
Signature of Judicial Officer

**Norman K. Moon, United States District Judge**
Name and Title of Judicial Officer

**3-15-02**
Date

A TRUE COPY, TESTE:
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

AO 245B (Rev. 3/01-VAW Additions 11/01) Ju      ʼnt in a Criminal Case:
      Sheet 2 - Imprisonment

DEFENDANT:  RONALD G. JOHNSON

CASE NUMBER:  6:01CR10019-001

Judgment- Page    2    of    9

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for
a total term of _____46_____ month(s)

This term consists of terms of 46 months on each of Counts 1 through 20, all such terms to run concurrently.

**The term of imprionment imposed by this judgment shall run consecutively with the defendant's imprisonment under any previous state or federal sentence.**

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ on _____

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before _____ on _____

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 3/01-VAW Additions 11/01)      .ent In a Criminal Case:
Sheet 3 - Supervised Release

DEFENDANT: RONALD G. JOHNSON
CASE NUMBER: 6:01CR10019-001

Judgment- Page ___3___ of ___9___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____ year(s)

**This term consists of terms of 3 years on each of Counts 1 through 20, all such terms to run concurrently.**

# MANDATORY CONDITIONS OF SUPERVISION

1) The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2) The defendant shall not commit another federal, state or local crime.

3) The defendant shall not illegally possess a controlled substance.

   *For offenses committed on or after September 13, 1994:*

4) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

   ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5) If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions on the Special Conditions of Supervision page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/01-VAW Additions 11/01)        ent in a Criminal Case:
Sheet 3 Continued 2- Supervised Release

Judgment - Page __4__ of __9__

DEFENDANT:  RONALD G. JOHNSON
CASE NUMBER:  6:01CR10019-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any special assessment and restitution that is imposed by this judgment.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is compliant with his restitution payment plan.

4. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

5. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

6. The defendant shall not possess a firearm or destructive device and shall reside in a residence free of firearms and destructive devices.

7. The defendant shall submit to warrantless search and seizure of person and property as directed by the probation officer, to determine whether the defendant is in possession of firearms or illegal controlled substances.

AO 245B (Rev. 3/01-VAW Additions 11/01) Judg,        a Criminal Case:
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: RONALD G. JOHNSON
CASE NUMBER: 6:01CR10019-001

Judgment - Page __5__ of __9__

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $2,000.00 | | $20,521.80 |

☐   If applicable, restitution amount ordered pursuant to plea agreement    _____   _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   The interest requirement is waived.

    ☐   The interest requirement is modified as follows:

AO 245B (Rev. 3/01-VAW Additions 11/01) Judgr      ; Criminal Case:
    Sheet 5, Part A - Continued Criminal Mone      .-enalties

DEFENDANT: RONALD G. JOHNSON

CASE NUMBER: 6:01CR10019-001

Judgment - Page   6   of   9

# RESTITUTION

☐  The determination of restitution is deferred until _____  An Amended Judgment in a Criminal Case
will be entered after such a determination.

☒  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise
in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid in full prio
to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Internal Revenue Service | | $20,521.80 | |
| **Totals:** | $0.00 | $20,521.80 | |

The defendant shall pay interest on any restitution more than $2,500, unless the restitution is paid in full before the fifteenth day
after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject
to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒  The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☒  The interest requirement is waived.

☐  The interest requirement is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses
committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01-VAW Additions 11/01) Judgme.    Criminal Case:
Sheet 5, Part B - Schedule of Payments

DEFENDANT: RONALD G. JOHNSON                          Judgment- Page ___7___ of ___9___
CASE NUMBER: 6:01CR10019-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of $ 2,000.00 _____ due immediately, balance due

    ☐  not later than _____ , or

    ☒  in accordance with ☐ C, ☐ D, or ☒ E below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below; or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____
    to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____
    over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60
    days) after release from imprisonment to a term of supervision; or

E  ☒  Special instructions regarding the payment of criminal monetary penalties:

**The restitution shall be made in monthly installments of $20 beginning 90 days after his designation to the Bureau of Prisons, then increasing to $60 per month beginning 90 days after his release from incarceration.**

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, P.O. Box 1234, Roanoke, Virginia 24006. for disbursement.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.