# JOHN P. DECKERS, P.A.

Attorney at Law
800 N. King Street, Suite 302
Wilmington, DE  19801
(302) 656-9850 ● Fax:  (302) 656-9836

May 11, 2006

The Honorable Kent A. Jordan
U.S. District Court for the
District of Delaware
844 North King Street
Lock Box 10
Wilmington, DE  19801

RE:     United States v. Ronald G. Johnson
        C.A. No. CR 05-29 KAJ

Dear Judge Jordan:

The U.S. Probation and Pretrial Services originally filed a violation petition in this matter on May 24, 2005, and filed an amended petition on May 9, 2006.  The violation hearing is now scheduled for Friday, May 12, 2006 at 10:30 a.m.

On April 28, 2006, Mr. Johnson filed an "Administrative Notice of Waiver of Counsel" and Motion for Leave to Appear *Pro-Se*.  (D.I. # 7) Thereafter, on May 3, 2006, I was appointed pursuant to the Criminal Justice Act to represent Mr. Johnson. On Monday, May 8, 2006, I met with Mr. Johnson at the Howard R. Young Correctional Institution in Wilmington, and we spoke about his case for approximately one hour. During the course of that meeting, Mr. Johnson reiterated and clearly articulated his desire to represent himself in this matter.  Moreover, Mr. Johnson indicated that he would decline an alternative offer for me to remain available throughout these proceedings as "stand-by" counsel.

While the request to engage in self-representation in a criminal matter is certainly not a novel issue, the appellate courts have placed an exacting burden on the trial court before a defendant's request may be granted.  For that reason, I believe that I am duty bound to address the Court on Mr. Johnson's behalf.  The purpose of this letter memorandum is to advise the Court of two things: first, Mr. Johnson appears resolute in

his desire to represent himself and, in that sense, I am professionally conflicted between Mr. Johnson's wishes and the Court's Order of Appointment; second, before any violation hearing may proceed, I believe that the Court must engage Mr. Johnson in dialogue that is designed to elicit and establish a sufficient factual record. Other than my request of the Court to colloquoy Mr. Johnson, I make no specific applications and will serve at the pleasure of either the Court or Mr. Johnson. I believe that the following law is applicable to this case.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have Assistance of Counsel for his defense." U.S. Const. Amend. VI. The Supreme Court has construed this to mean that "the guiding hand of counsel" must be made available in criminal trials to those that can not afford to hire an attorney on their own. *United States v. Ash*, 413 U.S. 300 (1973); *Gideon v. Wainwright*, 372 U.S. 335, 340 (1963). The right to counsel extends to violation of probation hearings. See, e.g., *United States v. Laura*, 607 F.2d 52 (3d Cir. 1979).

It is now clear, as well, that the Sixth Amendment also guarantees the right of self-representation. *Faretta v. California*, 422 U.S. 806, 814 (1975). The Supreme Court has recognized that that right is necessarily embodied in the Sixth Amendment, as "the Constitution does not force a lawyer upon a defendant." *Id.*, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1943). In *Faretta*, the Supreme Court held that the rights embodied in the Sixth Amendment "grant[ ] . . . [an] accused personally the right to make his defense." 422 U.S. at 819. The Court reasoned that although the Sixth Amendment was intended as a protection for the defendant, "thrusting counsel upon the accused against his considered wish, . . . violates the logic of the Amendment." 422 U.S. at 820.

The Sixth Amendment, therefore, "embodies two competing rights because exercising the right to self-representation necessarily means waiving the right to counsel." See, *Buhl v. Cooksey*, 233 F.3d 783, 789 (3d Cir. 2000).

It is axiomatic that a criminal defendant's waiver of a constitutional right must be voluntary, knowing and intelligent. Therefore, the constitutional right of self-representation in a criminal case is conditioned upon a voluntary, knowing and intelligent waiver of the right to be represented by counsel. *United States v. Stubbs*, 281 F.3d 109, 117-18 (3d Cir. 2002); *Buhl,* 233 F.3d at 798. When presented with a

2

request for self-representation, the Court is obligated to proceed with caution and with due deliberation in order to ensure that a defendant's waiver is constitutionally adequate. The Court may never "presume acquiescence in the loss of fundamental rights." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), citing *Ohio Bell Tel. Co. v. Public Utilities Comm'n*, 301 U.S. 292, 307 (1937). The Court must, on the other hand, "indulge every reasonable presumption against waiver" of the right to counsel. *Id.*, citing *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937); *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948). The right to counsel is so fundamental to due process and the criminal justice system that its denial can never be harmless error. See, *United States v. Salemo*, 61 F.3d 214, 222 (3d Cir. 1995), citing *Chapman v. California*, 386 U.S. 18, 23 & n.8 (1967).

The Court of Appeals has therefore imposed a "serious and weighty responsibility upon the trial court [to determine] whether there was an intelligent and competent waiver by the accused." *Buhl*, 233 F.3d at 799. In *United States v. Welty*, 674 F.2d 185 (3d Cir. 1982) and in *Buhl*, the Court required a two-step inquiry upon a defendant's request to act *pro se*. More recently, in *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002), the Court observed that the request for self-representation creates an obvious legal tension. A district court must resolve that tension by: (1) determining whether the defendant is asserting his desire to proceed *pro se* clearly and unequivocally; (2) conducting a thorough inquiry to satisfy itself that the defendant understands "the nature of the charges, the range of possible punishments, potential defenses, technical problems that the defendant may encounter, and any other facts important to a general understanding of the risks involved;" and (3) assuring itself that the defendant is competent to stand trial. 302 F.3d at 132 (citations and quotations omitted). If, after consideration of these factors, a defendant nonetheless insists on proceeding *pro se*, the Court "must permit him to do so." *Id.* at 133.

The Court must first determine whether Mr. Johnson properly asserted the right to proceed *pro-se*. In order for the right to be properly asserted, a defendant must make the request "clearly and unequivocally." *Peppers*, 302 F.3d at 132. This requirement prevents the waiver of the right to counsel based on "occasional musings on the benefits of self-representation." *Buhl*, 233 F.3d at 792 (internal quotations and citation omitted). If the right of self-representation was properly asserted, only then may a Court

3

undertake an appropriate inquiry under the dictates of *Faretta*.  *United States v. McGrath*, 80 Fed. Appx. 207, 210 (3d Cir. 2003).  In other words, only after a defendant has "clearly and unambiguously" asserted the right to self-representation does the Court move to the next question - whether the choice is "'intelligent and competent.'" *United States v. Stubbs*, 281 F.3d at 118 (quoting *Buhl v. Cooksey*, 233 F.3d at 799).

The Court should normally engage in a detailed and lengthy inquiry and should advise the defendant in unequivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful. "[P]erfunctory questioning is not sufficient." *Welty*, 674 F.2d at 187. The district court judge should tell the defendant, for example:

- that he will have to conduct his defense in accordance with the Federal Rules of Evidence and Criminal Procedure, rules with which he may not be familiar;

- that the defendant may be hampered in presenting his best defense by his lack of knowledge of the law; and

- that the effectiveness of his defense may well be diminished by his dual role as attorney and accused.

In addition, the Court should be satisfied that the defendant comprehends:

- the nature of the charges,

- the statutory offenses included within them,

- the range of allowable punishments thereunder,

- possible defenses to the charges and circumstances in mitigation thereof,

- and all other facts essential to a broad understanding of the whole matter.

*Welty*, 674 F.2d at 188-89 (internal citations and quotations omitted) (emphasis added); see also *Buhl*, 233 F.3d at 799 (quoting *Welty*); *Salemo*, 61 F.3d at 220.

In general, although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Stubbs*, 281 F.3d at 119 (quoting *Faretta,* 422 U.S. at 835).

As previously stated, in order for a waiver of the right to counsel to be valid, the Court must also assure itself that the defendant is competent to waive the right. *Godinez v. Moran*, 125 L. Ed. 2d 321, 113 S. Ct. 2680, 2685 (1993); *Virgin Islands v.*

*Dale Charles*, 72 F.3d 401, 404 (3d Cir. 1995). The competency necessary to waive the right to counsel is identical to the competency necessary to stand trial. 113 S. Ct. at 2685-86; 72 F.3d at 404. Simply stated, the defendant must be able to consult with counsel and must have a rational and factual understanding of the proceedings. *United States v. Renfroe*, 825 F. 2d 763, 766 (3d Cir. 1977). The Supreme Court has observed that, since a competent defendant is entitled to make his or her own decisions with respect to representation, it is irrelevant whether the defendant is capable of effectively representing himself. *Godinez*, 113 S. Ct. at 2687.

In order to determine competency to stand trial, the courts have often looked at the following (non-exhaustive) list of considerations:

- whether the defendant is capable of understanding the proceedings and the charges against him;

- whether the defendant has the ability to consult meaningfully with his counsel;

- whether the defendant understands the roles and responsibilities of court officers, as well as his own obligations and rights in a court situation;

- whether the defendant is alert and fully oriented at all times;

- whether mental health professionals have tendered opinions on the competency of the defendant;

- whether the defendant exhibits signs and symptoms of mental illness; and

- whether the defendant is under medication and, if so, whether that medication impacts his ability to hear, understand, communicate or act logically.

*See, e.g., Virgin Islands v. Dale Charles*, 72 F.3d at 405-406.

Unless specifically excused by the Court, I will remain available throughout this matter to assist either the Court or Mr. Johnson.

Respectfully Submitted,

//s// John P. Deckers

5

JPD/seb

cc:     Shannon Thee Hanson, Esquire