## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-29-KAJ |
| | ) | |
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SUBMISSION REGARDING ADMISSIBILITY OF EVIDENCE IN SUPPORT OF VIOLATION OF SUPERVISED RELEASE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the United States of America, by and through its undersigned attorneys, and hereby submits the following information and relevant legal analysis, as requested by the Court, regarding the revocation of defendant Ronald G. Johnson's supervised release, and in support thereof states as follows:

### I. FACTUAL BACKGROUND

1.  On April 11, 2001, a twenty count indictment was filed against Mr. Johnson in the United States District Court for the Western District of Virginia, charging him with violations of 18 U.S.C. Secs. 287 and 2, aiding and abetting in the preparation of fraudulent tax returns. Mr. Johnson represented himself in connection with the underlying charges, and the Honorable Norman K. Moon appointed counsel to assist the defendant as needed.

2.  On December 20, 2001, Mr. Johnson was found guilty after a jury trial on all counts.

3. On March 14, 2002, Mr. Johnson was sentenced on these tax violations to forty-six (46) months imprisonment, to be followed by three years of supervised release. The Judgment and Commitment ("J&C") Order, signed March 15, 2002, lists a number of mandatory conditions of Mr. Johnson's supervision, which include not committing another federal, state or local crime during his period of supervision. The J&C also lists standard conditions of supervision, including condition number 7, that the defendant refrain from excessive use of alcohol and other controlled substances.

4. On February 10, 2005, Mr. Johnson was released from federal prison. Mr. Johnson's supervised release began immediately and was to run through February 9, 2008.

5. On February 14, 2005, Mr. Johnson and U.S. Probation Officer Craig Carpenter each signed a document entitled Conditions of Probation and Supervised Release, which set forth Mr. Johnson's conditions of supervised release. These included the mandatory condition that while on supervised release the defendant "shall not commit another Federal, state or local crime" and standard condition number 7, that the "defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

6. On April 8, 2005, the Court received a proposed transfer of jurisdiction of Mr. Johnson's supervision from the Western District of Virginia to the District of Delaware. The request was granted and the case was assigned to the Honorable Kent A. Jordan. *See* Docket Items (hereinafter "D.I.") 1, 2, and 3.

7. On April 16, 2005, Mr. Johnson was arrested by the New Castle County Police Department for numerous offenses occurring in the late evening of April 15 and early morning

2

hours of April 16, 2005, including resisting arrest and offensive touching. He was detained in

lieu of posting cash bail. On April 22, 2005, Mr. Johnson had a preliminary hearing in the Court

of Common Pleas and, when probable cause was found, he was bound over to Superior Court of

Delaware for New Castle County. *See* Superior Court Criminal Docket Sheet for *State of*

*Delaware v. Ronald G. Johnson*, I.D. No. 0504012348, Docket Item Number 1, Docket Sheet

attached hereto as Exhibit 1 (hereinafter items from the Superior Court Docket Sheet are

designated "State D.I." #).

8.     On May 24, 2005, this Court signed a petition on revocation of supervised release,

filed by the U.S. Probation Office, alleging that Mr. Johnson's conduct resulting in his arrest on

April 16, 2005, violated the terms of his supervised release, specifically the mandatory condition

that the defendant not commit another federal, state, or local crime during his period of

supervised release. D.I. 4.

9.     On May 31, 2005, a nine count indictment was returned by a State of Delaware grand

jury against Mr. Johnson relating to his arrest. State D.I. 11, attached as Exhibit 2.

10.    Mr. Johnson's state case proceeded in Superior Court throughout the remainder of

2005 and into April 2006. *See* Exhibit 1. While the defendant was appointed counsel, he

continued to file pleadings *pro se* and repeatedly refused the services of the public defender in

favor of self-representation. *See, e.g.,* State D.I. 2, 9, 21, 27, 38, 73.[1] The defendant engaged in

---

[1] Mr. Johnson twice filed requests to remove counsel from his state case, indicating a fear
of danger or harm resulting in the appointment because Mr. Johnson "believe[d he] might hurt this
attorney . . . by sticking a pen in his eye-ball or taking something in Court a[sic] bust his head wide
open." State D.I. 27 at 1, attached as Exhibit 3. *See also* State D.I. 21 at 2, attached as Exhibit 4.
Mr. Johnson waived his right to counsel at his final Superior Court hearing, described below. *See*
State D.I. 73, attached as Exhibit 5.

extensive motions practice, both in the criminal case and in related civil actions and appeals throughout the year. *See, e.g.*, State D.I. at 8, 14, 16, 22, 25, 39, 52, 53, 65.[2] Government counsel found no indication in the Superior Court record that any of the defendant's motions, other than a motion for reconsideration which was subsequently denied, had been granted at any time. *See* State Docket Sheet, Exhibit 1.[3]

11.    On February 22, 2006, the Superior Court, per the Honorable Jan R. Jurden, denied the Defendant's Motion for Dismissal of All 5 Officers' Charges (State D.I. 52) and Motion for Suppression Hearing (State D.I. 53). *See* State D.I. 63, attached as Exhibit 8 (State D.I. 52 and 53 are attached as Exhibits 9 and 10). Thereafter, the defendant filed an additional motion for findings of fact and conclusions of law, State D.I. 65, attached as Exhibit 11.

12.    On March 22, 2006, the Superior Court, again per the Honorable Jan R. Jurdan, ruled on all of the defendant's pending motions, including the renewed motion for findings of fact and conclusions of law, denying them all. State D.I. 72, attached as Exhibit 12. The Superior Court specifically noted that "the Court appropriately denied all the motions referenced in this latest motion because they were legally frivolous" and further "ordered that defendant has engaged in

---

[2]    The Supreme Court for the State of Delaware dismissed three of Mr. Johnson's appeals. *See* State D.I. 20, 56, 66. In dismissing the second appeal, the Supreme Court noted the following: "in view of the Court's earlier dismissal of Johnson's petition for writs of habeas corpus, mandamus and prohibition, the petitions for extraordinary relief that are the subject of this dismissal order are repetitive, frivolous and constitute an abuse of the Court's judicial process. Consequently the Court has concluded that, in the absence of specific order of this Court, that the clerk shall not docket any further *pro se* petitions for extraordinary relief that are filed by Johnson concerning his pending Superior Court criminal case." State D.I. 56 at 5.

[3]    In at least two of his filings, State D.I. 9 and 61, Mr. Johnson made substantive statements about his recollection of the events of April 15-16, 2005. The first of these, dated April 18, 2006, is signed by the defendant "under penalty of perjury." *See* State D.I. 9 at 4-5, attached as Exhibit 6. *See also* State D.I. 61 at 2-6, attached as Exhibit 7.

frivolous motion practice which is wasting the Court's resources and delaying the adjudication of

the charges against the defendant. Consistent with *Johnson v. State*. Del. Super. C.A. No. 05M-

12-078-MMJ (March 9, 2006)(Order), the defendant is again advised that this Court will not

permit further abuse of the Court's judicial process."[4]

13.    On April 7, 2006, the Honorable Fred. S. Silverman, Superior Court Judge,

conducted an in-court status conference regarding Mr. Johnson's state case. This was the last

court proceeding in Superior Court. According to the court clerk's notes of that status

conference, State D.I. 74, attached as Exhibit 14, Mr. Johnson (a) asked that the offensive

touching and resisting arrest counts against him be dismissed and (b) stated that his plea was an

insanity defense. The Court ordered that a suppression hearing be scheduled by the end of the

month of April.[5]  The suppression hearing did not occur.

14.    On April 12, 2006, the defendant sent to the Superior Court his Notice of Written

Pleading to the Charges of This Case ("Notice"), attached as Exhibit 15. Pursuant to prior

Superior Court Order, this document is contained within Mr. Johnson's Superior Court file, but

was not docketed. In his Notice, Mr. Johnson states as follows: "[t]he Defendant was knock-out

---

[4] A copy of above-referenced Order by the Honorable Mary M. Johnston, denying Mr. Johnson's motion for reconsideration of the defendant's petitions for extraordinary relief, is attached as Exhibit 13.

[5] Government counsel has ordered a transcript of the April 7, 2006 status conference, which should be prepared by May 23, 2006, and will be forthwith submitted to the Court to supplement the record. In the interim, government counsel has spoken again with Deputy Attorney General Andrew Vella, who represented the State of Delaware at the April 7, 2006 status conference. Mr. Vella's recollection of the April 7, 2006 hearing is consistent with the Court clerk's notes. *See* Exhibit 14. No substantive rulings were made on the defendant's renewed motion to dismiss. With prior notice so that he may clear his court calendar, Mr. Vella could be made available for the May 30, 2006 revocation hearing, if necessary in light of the facts before the Court.

and intoxicated off of his prescrition(sic) drug seroquol 600 mgr. His average dose is 100 mgr. He had dranken 4 beers, a half pint of gin and almost a fifth of wine (Mad Dog 20-20). At the time of these offenses defendant was taken to Christiana Hospital and stomach pump(sic) for possible overdose." Exhibit 15 at 1.

15.     On April 21, 2006, the State entered a *nolle prosequi* on all of the charges against Mr. Johnson, listing the availability of the victim/witness as the reason for its decision. *See* State D.I. 76, attached as Exhibit 16.

16.     On April 24, 2006, Mr. Johnson had his initial appearance on the petition on violation of supervised release before the Honorable Mary Pat Thynge, who entered an order of temporary detention pending Mr. Johnson's May 12, 2006 revocation hearing before the Court. D.I. 5.

17.     On May 2, 2006, the defendant filed a motion to dismiss the charges of violation of probation. D.I. 8.

18.     On May 10, 2006, this Court signed an amended petition on probation and supervised release. D.I. 10. In addition to the activities which led to Mr. Johnson's arrest on April 15-16, 2006, the amended petition alleges that the defendant's Notice, discussed above at paragraph 14, indicates a violation of standard condition number 7, that the defendant "refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

19.     A hearing was held before the Court on May 12, 2006, at which time the defendant raised, *inter alia,* his pending motion to dismiss, claiming that the evidence upon which the

government would rely to prove his supervised release violation was the product of an illegal

search and seizure by New Castle County police officers. Mr. Johnson further claimed that the

evidence in question had been suppressed at a Superior Court suppression hearing and that, as a

result, the charges against him had been dismissed. The Court charged counsel for the

government with determining whether the Superior Court had ruled on the admissibility of the

evidence in the underlying state case and further, if the Superior Court had suppressed the

evidence, what effect that ruling would have on the pending revocation proceeding. The Court

also asked counsel to determine how any Superior Court ruling would effect, if at all, the

allegation of excessive alcohol and prescription drug consumption in the amended petition, in

light of the defendant's filed statement, Exhibit 15, admitting this conduct.

20.    The defendant's understanding of the facts and of the applicable law is mistaken.

Accordingly, his motion to dismiss should be denied for the reasons discussed below.

**II.  ARGUMENT**

### A. Defendant's Motions Were Summarily Denied in Superior Court; No Suppression Hearing Was Held; The Charges were *Nolle Prossed.*

21.    The defendant claimed during the May 12, 2006 hearing that the Superior Court had

granted his suppression motion after a hearing.[6] It did not. According to the Superior Court

Docket Sheet and government counsel's review of the Superior Court file, all of the defendant's

motions (and particularly those concerning the substance of the case and the admissibility of

evidence) were summarily denied by the Superior Court. *See, e.g.,* State D.I. 53 and 72, attached

as Exhibits 8 and 12. During the last proceeding in Superior Court, the April 7, 2006 in-court

---

[6] All representations about the defendant's statements at the May 12, 2006 hearing are based upon counsel's recollection. Counsel has not yet obtained a transcript of that proceeding.

status conference before the Honorable Fred. S. Silverman, the defendant requested dismissal of

the two counts of offensive touching and two counts of resisting arrest contained in the State's

Indictment. The Superior Court ordered the State to provide Mr. Johnson with certain discovery

and further ordered that a suppression hearing be scheduled "by the end of the month." *See* State

D.I. 74, attached as Exhibit 14.

22.    The defendant repeatedly suggested at the May 12, 2006 hearing that the charges

against him in Superior Court were dismissed. They were not; rather, prior to any suppression

hearing, the State entered a *nolle prosequi* on all charges against Mr. Johnson on April 21, 2006,

as a result of the State's inability to find a key witness to the underlying felonious criminal

conduct. *See* State D.I. 76, attached as Exhibit 16.    Accordingly, contrary to the defendant's

representations, the Superior Court did not hold an evidentiary hearing regarding the events of

April 15-16, 2005, and the defendant's claim that his arrest was the product of an unlawful

search and seizure was not adjudicated.

23.    Had the State dismissed its case against Mr. Johnson, that action would not affect the

government's ability to meet its burden of proof on the present petition for revocation of his

supervised release. Indeed, as the Court in *United States v. McNickels*, 948 F.Supp. 345, 350

(D.Del. 1996) held, even if the defendant obtained an acquittal in the state court proceeding that

would have no bearing on the revocation proceedings here because proving a supervised release

violation is not the same as proving a criminal conviction. The *McNickels* court explained as

follows:

> A violation of supervised release does not require a criminal conviction. This conclusion is
> consistent with the case law precedent in the Third Circuit involving the analogous
> situation of a violation of probation. *See United States v. Gordon*, 961 F.2d 426, 429 (3d

8

Cir.1992) (indicating that defendant need not be formally charged or convicted with drug possession for conduct to be considered at probation revocation hearing). Moreover, the Court of Appeals for the Third Circuit has upheld the revocation of probation, despite a defendant's acquittal of the state charges underlying the revocation. *United States v. Chambers*, 429 F.2d 410, 411 (3d Cir.1970). While a criminal conviction requires proof beyond a reasonable doubt, a violation of supervised release merely requires a preponderance of the evidence. *See id.* at 411 (observing that probation may be revoked on basis of conduct which falls short of criminal conduct). Therefore, the same evidence that is insufficient to establish guilt beyond a reasonable doubt may be sufficient to establish a violation of supervised release.

948 F. Supp. at 350.

### B. The Exclusionary Rule Does Not Apply to Supervised Release Revocation Proceedings.

24.     As review of the history of the Superior Court case demonstrates, no evidentiary hearing has been held relative to Mr. Johnson's April 16, 2005 arrest.   Even if the evidence against Mr. Johnson had been found to be the product of an illegal search or seizure, however, such a finding would be irrelevant to its admissibility in the May 30, 3006 hearing because the exclusionary rule does not apply to supervised release revocation proceedings.

25.     The Supreme Court in *Pennsylvania Board of Probation and Parole v. Scott,* 524 U.S. 357, 362 (1998) declined to extend the exclusionary rule to proceedings other than criminal trials and held that the federal exclusionary rule does not prohibit the introduction at parole revocation hearings of evidence obtained in violation of the Fourth Amendment.[7]  The *Scott* court found that applying the exclusionary rule in the parole revocation context would "hinder the functioning of state parole systems and alter the traditionally flexible, administrative nature of

---

[7] *See also United States v. Bazzano*, 712 F.2d 826, 831 (3d Cir. 1983)(declining application of exclusionary rule in probation revocation proceedings because it "would contribute little to deterring constitutional violations while impeding society's interest in protecting itself against convicted criminals who have abused the liberty afforded them.").

parole revocation proceedings" while "provid[ing] only minimal deterrence benefits." *Id.* at 364. The *Scott* holding has been read by the Fourth Circuit to extend to and include supervised release revocation proceedings. *See United States v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999)("for purposes of the rule established in *Scott*, moreover, parole and supervised release are not just analogous, but virtually indistinguishable"). *See also United States v. Finney*, 897 F.2d 1047, 1048 (10th Cir. 1990)(exclusionary rule does not apply in supervised release revocation hearings). *Cf. United States v. Jones*, 299 F.3d 103, 109 (2d Cir. 2002) (constitutional guarantees for supervised release revocation proceedings "are identical to those applicable to" parole violation hearings). Simply put, Mr. Johnson cannot seek to prevent introduction of evidence at the revocation hearing by claiming that he was subject to an illegal search and seizure because that is not a valid ground for suppressing evidence in supervised release violation hearings.

26.    In his pending motion to dismiss, Mr. Johnson's confuses the jury trial and other constitutional rights afforded a charged defendant with his rights as a convicted felon sentenced to a term of supervised release. They are not the same. For example, while the government must prove a criminal defendant guilty beyond a reasonable doubt, a court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." *See* 18 U.S.C. Sec. 3583(e)(3).

27.    The Third Circuit Court of Appeals in *United States v. Loy*, 237 F.3d 251, 259 (3d Cir. 2001), when discussing standing to challenge a release condition, explained some of the differences between these two contexts:

> To begin with, a defendant charged with violating a release condition, unlike a defendant charged with violating a statute, does not enjoy "the full panoply of rights" normally available in a criminal proceeding. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593,

10

33 L.Ed.2d 484 (1972). For instance, defendants in revocation proceedings face a lower standard of proof, *see* 18 U.S.C. § 3583(e) (permitting revocation if a court finds, by a preponderance of evidence, that a condition has been violated); a greater range of evidence that may be admissible against them, *see United States v. Bazzano*, 712 F.2d 826, 829 (3d Cir.1983) (en banc) (per curiam) (no exclusionary rule in revocation proceedings); *United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir.1982) (permitting hearsay evidence in revocation proceedings); a lack of a jury right, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and no right against self-incrimination, *see United States v. Conte*, 99 F.3d 60, 66 (2d Cir.1996).

Accordingly, the defendant's repeated citation to caselaw applicable to defendants in the context of a criminal trial is simply inapposite here.

### C. The Probation Officer Timely Amended The Petition On Revocation Of Supervised Release To Include A New Violation Based On The Defendant's Statement.

28.    At the May 12, 2006 hearing, the Court also asked the government to review whether, in light of proceedings in Superior Court or otherwise, the defendant's "Notice" admitting (in substance) to violation of standard condition number 7 could be introduced into evidence at his revocation hearing. The defendant's statement, attached as Exhibit 15, is admissible under Federal Rule of Evidence 801(d)(2)(A), as an admission by a party-opponent. It is the defendant's own statement, voluntarily made to explain his defense to the Superior Court charges. Defendant's statement is not the product of a search or seizure, and even if it were, as set forth *supra*, the exclusionary rule does not apply to revocation of supervised release proceedings. *See Pennsylvania v. Scott*, 524 U.S. at 364. *See generally United States v. Hall*, 984 F.2d 387, 391 (10th Cir. 1993)(self-incriminating statement given by defendant to state officials as part of a cooperation agreement could be used against defendant in subsequent supervised release revocation hearing; sufficient evidence of violation existed independent of statement).

11

29.    The defendant also alleges that the probation officer's filing of an amended petition one year after the original petition makes it untimely. The defendant is mistaken. The amended petition includes an allegation that Mr. Johnson violated standard condition number 7, which, if proven, is a Grade C violation. *See* U.S.S.G. Sec. 7B1.1(a)(3). United States Sentencing Guideline Section 7B1.2(b) (2005) provides that:

> The probation officer shall promptly report to the court any alleged Grade C violation unless the officer determines: (1) that such violation is minor, and not part of a continuing pattern of violations; and (2) that non-reporting will not present an undue risk to an individual or the public or be inconsistent with any directive of the court relative to the reporting of violations.

30.    Here, Mr. Johnson's substantive admission to violating standard condition number 7, as alleged in the amended petition, was signed on March 21, 2006, and was sent to the Superior Court on or about April 12, 2006. *See* Exhibit 15. It is government counsel's understanding that Officer Carpenter learned of the defendant's statement from Deputy Attorney General Andrew Vella. Thus, the amended petition was filed, at the very latest, within one month from the time Officer Carpenter was made aware of Mr. Johnson's admission that he had consumed sufficient alcohol and prescription drugs to be "knock-out and intoxicated" and, accordingly, promptly was reported to the Court. Officer Carpenter could not have based his original petition in May 2005 on an alleged admission by the defendant that did not occur until April 2006. The defendant is in no way impaired from defending this charge by the fact that it timely was filed in May 2006, particularly in light of the fact that the defendant now has until May 30, 2006, the date of the rescheduled revocation hearing, to prepare his defense.[8]

---

[8] Exhibit 15, the defendant's "Notice," containing the statement on which the Amended Petition is based, also includes a plea of "not guilty by reasons of incompetency and/or insane." *Id.* at 1. The government does not know whether the defendant intends to pursue an insanity defense

## III.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, the government respectfully submits that the

Court appropriately may consider at the May 30, 2006 hearing the testimony of the officers who

arrested Mr. Johnson at his apartment on April 16, 2005, including any statements made by Mr.

Johnson and any evidence obtained incident to that arrest.  Likewise, the Court appropriately may

consider evidence in support of the timely amendment to the revocation petition, in light of the

defendant's recent admission to the conduct at issue.  Finally, the government respectfully

submits that the Court should deny the defendant's Motion to Dismiss in its entirety.


Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon T. Hanson
Assistant United States Attorney

Dated: May 19, 2006

---

in this revocation of supervised release proceeding and, if so, whether this notice satisfies the
requirements of Fed. Rule of Crim. Procedure 12.2.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-29-KAJ |
| | : | |
| RONALD JOHNSON , | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the Office of the United States Attorney for the District of Delaware, hereby certify that on the 19th day of May, 2006, I caused to be filed a **Government's Submission Regarding Admissibility of Evidence In Support of Violation of Supervised Release and Opposition to Defendant's Motion to Dismiss** with the Clerk of Court. I further certify that a copy of the foregoing was sent via ECF and Courier to counsel of record as follows:

> John Deckers, Esquire
> 800 N. King Street
> Suite 302
> Wilmington, DE 19801

and by first class mail to:

> Ronald G. Johnson
> #182421 Pro Se
> P.O. Box 9561
> Wilmington, DE 19809

_Marie Steel_
Marie Steel
Legal Assistant