U.S. v. Ronald Johnson
Cr. No. 05-29


**Exhibits 1-16**
**Government's Submission Regarding Admissibility of Evidence In Support of Violation of**
**Supervised Release**

# EXHIBIT 1

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page     1
                       ( as of   05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.        AKA: RONALD E JOHNSON
Defense Atty: PRO SE , Esq.                      RONALD E JOHNSON
                                                 RON JOHNSON


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0504012348 | IN05041615W | PDWDCF | NOLP | 04/21/2006 |
| 002 | 0504012348 | IN05041616W | UNLAW IMPR 1ST | NOLP | 04/21/2006 |
| 003 | 0504012348 | IN05041617W | OFF TOUCHING LE | NOLP | 04/21/2006 |
| 004 | 0504012348 | IN05041618W | OFF TOUCHING LE | NOLP | 04/21/2006 |
| 005 | 0504012348 | IN05041619W | RESIST ARREST | NOLP | 04/21/2006 |
| 006 | 0504012348 | IN05041620W | RESIST ARREST | NOLP | 04/21/2006 |
| 007 | 0504012348 | IN05041621W | MENACING | NOLP | 04/21/2006 |
| 008 | 0504012348 | IN05041622W | OFF TOUCHING | NOLP | 04/21/2006 |
| 009 | 0504012348 | IN05042281W | PDWBPP | NOLP | 04/21/2006 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 04/25/2005 | CASE ACCEPTED IN SUPERIOR COURT. ARREST DATE: 04/16/2005 PRELIMINARY HEARING DATE: 042205 BAIL:  CASH BAIL                25,200.00 100% CONDITION OF BAIL NO CONTACT WITH VICTIM DIRECT OR INDIRECT MENTAL HEALTH EVAL.& TREATMENT | |
| 2 | 04/25/2005 | MOTION TO PROCEED PRO SE FILED.  RETURNED NO CERTIFICATE OF SERVICE PROVIDED. | |
| 3 | 05/03/2005 | PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE) REFERRED TO JUDGE: DEL PESCO DATE REFERRED: 5/4/05 CIVIL CASE NO: 05M-05-003 | |
| 4 | 05/04/2005 | MOTION FOR REDUCTION OF BAIL FILED PRO SE. REFERRED TO JUDGE DELPESCO | |
| 5 | 05/09/2005 | ORDER: DEFENDANT'S MOTION FOR REDUCTION OF BAIL IS DENIED. | DEL PESCO SUSAN C. |
| 6 | 05/09/2005 | ORDER: DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS IS DENIED. IT IS SO ORDERED JUDGE DELPESCO. | DEL PESCO SUSAN C. |

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     2
                        ( as of   05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.       AKA: RONALD E JOHNSON
Defense Atty:                                  RON JOHNSON

```
      Event
No.   Date            Event                              Judge
----------------------------------------------------------------------------
```

9     05/11/2005
      MOTION TO PROCEED PRO SE FILED.  REFERRED TO JUDGE HERLIHY
7     05/12/2005
      NOTICE OF NON-CONFORMING DOCUMENTS. PETITION FOR FORMA PAUPERIS-
      NEEDS FINANCIAL STATEMENT.
      USED INCORRECT FORM.
      SENT CORRECT FORM.
8     05/12/2005
      MOTION TO DISMISS FILED PRO SE.  REFERRED TO JUDGE HERLIHY
10    05/20/2005                             SILVERMAN FRED S.
      ORDER: IT APPEARS THAT DEFENDANT WAS ARRESTED BY NCC POLICE AND HE WAS
      COMMITTED BY THE JP COURT ON APRIL 16, 2005. ALTHOUGH DEFENDANT MAY
      HAVE RECEIVED UNSIGNED COPIES OF THE PAPERWORK, THE ACTUAL PAPERWORK
      IS REGULAR. MORE IMPORTANTLY, DEFENDANT WAS SET FOR A PRELIMINARY
      HEARING IN COURT OF COMMON PLEAS ON APRIL 22, 2005. AND THE CASE WAS
      ACCEPTED IN SUPERIOR COURT ON APRIL 25, 2005. PRESENTLY, THE CASE
      AWAITS PRESENTATION TO THE GRAND JURY. MEANWHILE, DEFENDANT PRO SE
      HAS BEEN FILING SERIAL MOTIONS FOR DISMISSAL, SPEEDY TRIAL, DISCOVERY,
      ETC. SO FAR, THE COURT HAS DENIED HABEAS CORPUS AND BAIL REDUCTION.
      DEFENDANT'S PENDING MOTIONS ARE PREMATURE AND THEY ARE DENIED,
      WITHOUT PREJUDICE. BUT THE ATTORNEY GENERAL IS ON NOTICE THAT
      DEFENDANT IMPATIENTLY AWAITS INDICTMENT AND TRIAL. IF DEFENDANT IS
      NOT INDICTED AT THE NEXT GRAND JURY, THE COURT WILL PUT THE CASE ON
      ITS CRIMINAL MOTION CALENDAR, AT DEFNDANT'S REQUEST.
      IT IS SO ORDERED.
11    05/31/2005
      INDICTMENT, TRUE BILL FILED.NO 130
      SCHEDULED FOR ARRAIGNMENT AND BAIL REPRESENTATION 06/07/05 AT 9:30
      CASE REVIEW 07/05/05 AT 9:00
      RULE 9 REQUESTED BUT NOT ISSUED.  DEFENDANT ARRESTED 04/16/05 (CG)
15    05/31/2005
      NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)
12    06/01/2005
      MEMORANDUM FILED. NOTICE OF NON-CONFORMING DOCUMENTS.
      DOCUMENT RETURNED REQUIRES ORIGINAL SIGNATURE
      RETURN TO MR. JOHNSON
13    06/01/2005
      MOTION TO STRIKE WRIT OF HABEAS CORPUS 05M-05-003 FILED.
      REFERRED TO JUDGE SILVERMAN.
14    06/02/2005
      MOTION TO DISMISS INDICTMENT FILED PROSE.  REFERRED TO JUDGE SILVERMAN
      FORWARDED TO COMM. REYNOLDS

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    3
                       ( as of  05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.        AKA: RONALD E JOHNSON
Defense Atty:                                   RON JOHNSON

```
        Event
No.     Date          Event                          Judge
-------------------------------------------------------------------------
19   06/06/2005
        LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
        RE: A NOTICE OF APPEAL WAS FILED ON JUNE 2, 2005
        THE RECORD IS DUE JUNE 27, 2005
        131, 2005
16   06/13/2005
        DEFENDANT'S REQUEST FILED.
        REQUEST TO STOP PLEADINGS AND PROCEEDINGS UNTILL ALL MOTIONS ARE HEARD
17   06/14/2005
        PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
        REFERRED TO JUDGE SILVERMAN
        DATE REFERRED: 06/16/2005
        CIVIL CASE NO: 05M-06-067FSS
39   06/15/2005
        MOTION FOR STATUS OF CASE AND MOTION TO DISMISS FILED PRO SE.
        REFERRED TO COUNSEL.
18   06/16/2005                                SILVERMAN FRED S.
        ORDER:  WRIT OF HABEAS CORPUS PETITION:  DENIED
        DEFENDANT'S PAPERS AND THE COURT'S RECORDS SHOW DEFENDANT IS BEING
        HELD IN DEFAULT OF BAIL SET ON PENDING CHARGES.
        IT IS SO ORDERED
38   06/21/2005                                REYNOLDS MICHAEL P.
        ARRAIGNMENT/BAIL STATUS/CONTROL FOR REPRESENTATION:  DEF. WAIVED
        READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
        REFUSED THE SERVICES OF PD, WITH OUT HAVING COPY OF INDCT.  COMM REYNO
        LDS RECLUSED HIM SELF FROM THE CASE AT THE REQUEST OF THE DEF.  BAIL
        TO BE ADDRESSED AT CASREVIEW FOR 2281W.WH
20   06/24/2005
        MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
        SUPREME COURT CASE NO: 201, 2005
        SUBMITTED: JUNE 2, 2005
        DECIDED: JUNE 6, 2005
        BEFORE STEELE, CHIEF JUSTICE, HOLLAND, AND JACOBS, JUSTICES
        THIS COURT HAS NO ORIGINAL JURISDICTION TO ISSUE A WRIT
        OF HABEAS CORPUS. FURTHERMORE, A WRIT OF MANDAMUS IS INAPPROPRIATE
        TO CHALLANGE THE LEGALITY OF JOHNSON'S ARREST AND INDICTMENT, WHICH
        ARE ISSUES THAT ARE PROPERLY REVIEWABLE ON APPEAL. MOREOVER, A WRIT
        OF PROHIBITION IS NOT WARRANTED BECAUSE THERE IS NO CLEAR AND
        CONVINCING EVIDENCE THAT THE SUPERIOR COURT LACKS JURISDICTION OVER
        JOHNSON. NOW THEREFORE, IT IS ORDERED THAT JOHNSON'S PETITION IS
        HEREBY DISMISSED.
     07/05/2005                                DEL PESCO SUSAN C.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                        ( as of   05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.          AKA: RONALD E JOHNSON
Defense Atty:                                     RON JOHNSON

```
        Event
No.     Date            Event                            Judge
------------------------------------------------------------------------------
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 8/22/05 @ 9:00
22      07/05/2005
        DEFENDANT'S REQUEST FILED.
        REQUEST TO HAVE MOTIONS SUBMITTED.
        07/08/2005
        RECORDS SENT TO SUPREME COURT.
        230, 2005
23      07/13/2005
        DEFENDANT'S REQUEST FILED.
        REQUEST TO HAVE MOTIONS SUBMITTED.
21      07/14/2005
        REFERRAL TO COUNSEL MEMORANDUM FILED.
        ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
        AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
        COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
        CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
        DIRECTED TO YOU. DAVID FACCIOLO
        REFERRED BY: S. NAPIER
24      07/14/2005
        RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
        230, 2005
25      07/15/2005
        MOTION FOR SEVERANCE OF CHARGES FILED PRO SE.  REFERRED TO OFFICE
        JUDGE SILVERMAN FOR REVIEW.
26      07/26/2005                              SILVERMAN FRED S.
        REFERRAL MEMORANDUM.  TO: DAVID FACCIOLO
29      08/04/2005
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
        RE: WRIT OF MANDAMUS.
27      08/05/2005
        MOTION TO REMOVE ATTORNEY (PRO SE)FILED.
        REFERRED TO COMMISSIONER REYNOLDS
28      08/12/2005
        PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
        REFERRED TO JUDGE REYNOLDS
        DATE REFERRED: 08/15/2005
        CIVIL CASE NO: 05M-08-051MPR
30      08/29/2005                              REYNOLDS MICHAEL P.
        ORDER:  WRIT OF HABEAS CORPUS PETITION:  DENIED
        IT IS SO ORDERED.
32      09/21/2005
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    5
                      ( as of  05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.          AKA: RONALD E JOHNSON
Defense Atty:                                     RON JOHNSON

```
        Event
No.     Date            Event                          Judge
-----------------------------------------------------------------------------
        431, 2005
31      10/07/2005
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
        RE: MOTION TO PROCEED IN FORMA PAUPERIS
        AND AFFIDAVIT OF INDIGENCY
        APPELLANT'S OPENING BRIEF.
33      10/17/2005
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
        RE: PETITION OF WRIT OF ERROR.
34      10/17/2005
        PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
        REFERRED TO JUDGE REYNOLDS
        DATE REFERRED: 10/18/2005
        CIVIL CASE NO: 05M-10-047
35      10/20/2005                           REYNOLDS MICHAEL P.
        ORDER:  WRIT OF HABEAS CORPUS PETITION 05M-10-047: DENIED.
        IT IS SO ORDERED. MPR
36      10/26/2005
        DEFENDANT'S REQUEST FILED.
        DEFENDANT REQUESTS STATUS OF CASE.
37      10/26/2005
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
        RE: WRIT OF MANDAMUS
40      11/03/2005                           SILVERMAN FRED S.
        REFERRAL MEMORANDUM.
        REFERRED TO DAVID FACCIOLO.
41      11/03/2005                           SILVERMAN FRED S.
        REFERRAL MEMORANDUM.
        REFERRED TO DAVID FACCIOLO
        COURT OF COMMON PLEA MOTION TO DISMISS CHARGES.
        APPEAL MOTION TO PROCEED IN FORMA PAUPERIS.
        11/07/2005                           HERLIHY JEROME O.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 5/16/06
42      11/07/2005                           HERLIHY JEROME O.
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE: 5/16/06
        CASE CATEGORY: #2
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    6
                      ( as of   05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.        AKA: RONALD E JOHNSON
Defense Atty:                                   RON JOHNSON

```
       Event
No.    Date            Event                              Judge
--------------------------------------------------------------------------------
43    11/09/2005
      DEFENDANT'S REQUEST FILED.
      REQUEST FOR DOCKET SHEET AND STATUS OF HABEAS CORPUS, AND WRIT OF
      MANDAMUS PETITIONS.  COPY OF DOCKET SHEET FORWARDED TO THE DEFENDANT
      11/9/05.
44    11/21/2005
      PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
      REFERRED TO JUDGE ABLEMAN
      DATE REFERRED: 11.21.2005
      CIVIL CASE NO: 05M-11-086
45    11/22/2005
      MOTION FOR REDUCTION OF BAIL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
      OFFICE JUDGE
46    11/22/2005                               CARPENTER WILLIAM C. JR.
      ORDER: WRIT OF HABEAS CORPUS PETITION 05M-11-086: DENIED
      THIS 22ND DAY OF NOVEMBER, 2005, UPON REVIEW OF THE FOREGOING
      PETITION FOR A WRIT OF HABEAS CORPUS AND THE RECORD IN THIS CASE, IT
      IS THE DECISION OF THE COURT THAT THE PETITION IS HEREBY DENIED.
      PETITIONER IS LEGALLY BEING DETAINED IN DEFAULT OF BAIL IN CRIMINAL
      ACTION NUMBER 0504012348. IT IS SO ORDERED. WCC
47    11/29/2005
      MOTION FOR RECONSIDERATION BY A SUPERIOR COURT JUDGE FILED PRO SE.
      REFERRED TO JUDGE CARPENTER 12/02/05.
48    12/01/2005
      LETTER FROM DAVID J. J. FACCIOLO TO RONALD G. JOHNSON
      ENCLOSED PLEASE FIND A COPY OF YOUR ARREST WARRANT IN THE ABOVE
      CAPTIONED CASE.
49    12/14/2005
      MOTION TO DISMISSAL OF CHARGES FOR SPEEDY TRIAL VIOLATION FILED PROSE.
      REFERRED TO JUDGE CARPENTER.
50    12/14/2005
      NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)
56    01/03/2006
      MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
      SUPREME COURT CASE NO: 343-2005, 431-2005, 518-2005
      494-2005, 553-1005 (CONSOLIDATED FOR DECISION)
      IN VEIW OF THE COURT'S EARLIER DISMISSAL OF JOHNSON'S
      PETITION FOR WRITS OF HABEAS CORPUS, MANDAMUS AND PROHIBITION,
      THE PETITIONS FOR EXTRAORDINARY RELIEF THAT ARE THE SUBJECT OF
      THIS DISMISSAL ORDER ARE REPETITIVE, FRIVOULUOUS AND CONSTITUTES
      AN ABUSE OF THE COURT'S JUDICIAL PROCESS. CONSEQUENTLY THE COURT
      HAS CONCLUDED THAT, IN THE ABSENCE OF SPECIFIC ORDER OF THIS COURT
```

SUPERIOR COURT CRIMINAL DOCKET                    Page      7
( as of   05/12/2006 )

State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.          AKA: RONALD E JOHNSON
Defense Atty:                                     RON JOHNSON

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|
| | | THAT CLERK SHALL NOT DOCKET ANY FURTER PRO SE PETITIONS FOR EXTRORDINARY RELIEF THAT ARE FILED BY JOHNSON CONCERNING HIS PENDING SUPERIOR COURT CRIMINAL CASE. SUBMITTED: NOVEMBER 9, 2005 DECIDED: DECEMBER 13, 2005 BEFORE HOLLAND, JACOBS AND RIDGELY, JUSTICES. | |
| 51 | 01/12/2006 | ORDER: AS I INDICATED IN THE ORDER OF 11/22/05,YOU ARE PRESENTLY BEING LEGALLY HELD IN DEFAULT OF BAIL IN THIS CRIMINAL MATTER.AS A RESULT, THERE IS NO BASIS FOR YOUR PETITION FOR HABEAS CORPUS,AND YOUR MOTION FOR RECONSIDERATION IS DENIED.   YOU HAVE ALSO FILED A MOTION TO DISMIS THE CHARGES AS A RESULT OF A SPEEDY TRIAL VIOLATION...AS SUCH, THE COURT HEREBY FINDS THAT A SPEEDY TRIAL VIOLATION HAS NOT OCCURRED AND THE MOTION TO DISMISS IS DENIED.   FINALLY YOU HAVE FILED A REQUEST FOR A BAIL REDUCTION IN THIS MATTER..THUS AM SCHEDULING THE MATTER FOR THE ROUTINE CRIMINAL MOTIONS ON MONDAY,JANUARY 23,2006.   WCC | CARPENTER WILLIAM C. JR. |
| 53 | 01/18/2006 | MOTION TO DISMISS INDICTMENT FILED PRO SE.   REFERRED TO JUDGE JURDEN. | |
| 52 | 01/19/2006 | MOTION TO SUPPRESS FILED PRO SE.   REFERRED TO JUDGE JURDEN. | |
| 54 | 01/19/2006 | MOTION FOR APPLICATION FOR CERTIFICATION OF APPEALIBLITY FILED PRO SE. REFERREED TO JUDGE JURDEN. | |
| 55 | 01/23/2006 | MOTION FOR REDUCTION OF BAIL - RULED AS MOOT. DEFER CONSIDERATION OF MOTION FOR REDUCTION UNTIL APPEAL DISPOSED OF IN THE SUPREME COURT- JRJ | JURDEN JAN R. |
| 57 | 01/23/2006 | NOTICE OF APPEAL FILED IN SUPREME COURT (COPY). | |
| 58 | 01/27/2006 | MOTION FOR DISCOVERY AND BILL OF PARTICULARS FILED PRO SE.   REFERRED TO JUDGE JURDEN. | |
| 59 | 01/30/2006 | ORDER: DEFENDANT'S REQUEST FOR MOTION FOR BILL OF PARTICULARS AND DISCOVERY IS DENIED.   CASE IS ON APPEAL. | DEL PESCO SUSAN C. |
| 60 | 02/08/2006 | MOTION FOR RECONSIDERATION OF MOTION FOR BAIL REDUCTION/MODIFICATION AND MODIFICATION OF BAIL FOR DELAY OF RULE 46(I).   REFERRED TO JUDGE JURDEN. | |
| 61 | 02/13/2006 | MOTION FOR STATUS AND INQUIRY OF COURT'S AND STATE'S POSITION, RESPONSE, AND STATE'S DEFENSE TO DEFENDANT'S MOTION FOR DISMISSAL OF | |

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page      8
                         ( as of   05/12/2006 )


State of Delaware v.  RONALD G JOHNSON                    DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.         AKA: RONALD E JOHNSON
Defense Atty:                                    RON JOHNSON


       Event
No.    Date          Event                                 Judge
-------------------------------------------------------------------------------
       ALL FIVE OFFICERS CHARGES AT DOCKET #53, AND MOTION FOR SUPPRESSION
       HEARING AT DOCKET #52.   REFEERED TO JUDGE JURDEN.
62     02/22/2006
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE JURDEN
       DATE REFERRED: 02/22/2006
       CIVIL CASE NO: 06M-02-056 JRJ
64     02/22/2006                              JURDEN JAN R.
       ORDER: WRIT OF HABEAS CORPUS PETITION 06M-02-056 JRJ: DENIED
       IT IS SO ORDERED. JRJ
63     02/23/2006                              JURDEN JAN R.
       ORDER: AND NOW TO WIT, THIS 22ND DAY OF FEBRUARY, 2006, THE COURT
       HAVING CONSIDERED THE DEFENDANT'S MOTION FOR STATUS AND INQUIRY OF
       COURT'S AND STATE'S POSITION, RESPONSE AND STATE'S DEFENSE TO
       DEFENDANT'S MOTION FOR DISMISSAL OF ALL 5 OFFICER'S CHARGES AT DOCKET
       #53, AND MOTION FOR SUPPRESSION HEARING AT DOCKET #52 IT IS HEREBY
       ORDERED THAT DEFENDANT'S MOTION IS DENIED.
65     03/06/2006
       MOTION FOR FINDING OF FACTS AND CONCLUSIONS OF LAW FILED PRO SE.
       REFERRED TO JUDGE JURDEN.
66     03/10/2006
       MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
       SUPREME COURT CASE NO: 37, 2006
       SUBMITTED: JANUARY 26, 2006
       DECIDED: FEBRUARY 17, 2006
       BEFORE HOLLAND, JACOBS AND RIDGELY, JUSTICES
67     03/14/2006
       MOTION FOR JUDGE JAN R. JURDEN TO RECUSE HERSELF FROM HANDLING CASE.
       FILED PRO SE.  REFERRED TO JUDGE JURDEN.
68     03/14/2006
       MOTION FOR REDUCTION OF BAIL FILED PRO SE.  REFERRED TO JUDGE JURDEN.
69     03/17/2006                              SILVERMAN FRED S.
       LETTER FROM JUDGE SILVERMAN. TO COUNSEL. RE: SPECIAL CALL OF THE
       CRIMINAL CALENDAR. IT APPEARS THAT YOU ARE COUNSEL IN THE ABOVE-
       CAPTIONED CASE, WHICH HAS BEEN PENDING ON THE CRIMINAL TRIAL CALENDAR
       FOR OVER 240 DAYS. ACCORDINGLY, YOU MUST ATTEND A SPECIAL CALL OF THE
       CRIMINAL CALENDAR ON FRIDAY, APRIL 7 2006 AT 11:00. AT THE CALL, THE
       COURT WILL CONFIRM THAT THE CASE IS READY FOR TRIAL, WHICH MEANS
       DISCOVERY PROBLEMS AND MOTION PRACTICE ARE BEHIND US. PLEASE MARK YOUR
       CALENDARS NOW. IF YOU FAIL TO APPEAR ON THE 7TH, WITHOUT HAVING BEEN
       EXCUSED IN ADVANCE, THE COURT WILL REQUIRE YOU TO APPEAR AT A
       SPECIFICALLY SCHEDULED STATUS CONFERENCE, AT WHICH YOU WILL HAVE TO
```

```
                        SUPERIOR COURT CRIMINAL DOCKET               Page    9
                            ( as of   05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                          DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.          AKA: RONALD E JOHNSON
Defense Atty:                                     RON JOHNSON

```
      Event
No.   Date          Event                                      Judge
------------------------------------------------------------------------------
      SHOW CCAUSE. IT IS SO ORDERED.
70    03/17/2006                                 SILVERMAN FRED S.
      SPECIAL PRETRIAL ORDER: THIS CASE IS AMOPNG THE OLDEST ON THE COURT'S
      CRIMINAL DOCKET. IT HAS BEEN PENDING AT LEAST 240 DAYS. IT SHALL BE
      RESOLVED WITHOUT FURTHER DELAY. ACCORDINGLY, THE COURT NOW CONSIDERS
      THAT THIS MATTER IS READY FOR TRIAL. HENCEFORTH, THE COURT WILL NOT
      CONSIDER ANY MOTION THAT COULD HAVE FILED BEFORE NOW. COUNSEL SHALL
      ATTEND A SPECIAL CALENDAR CALL, AS PROVIDED IN A SEPERATE ORDER. IF
      COUNSEL IS DOUBLE-BOOKED ON THE DAY SET FOR TRIAL IN THIS CASE,
      COUNSEL MUST INFORM THE COURT ABOUT THAT AT THE SPECIAL CALL. COUNSEL
      SHALL EXCHANGE AND FILE ANY VOIR DIRE QUESTIONS NO LATER THAN TEN
      DAYS BEFORE THE SCHEDULED TRIAL DATE. OPPOSING COUNSEL SHALL HAVE ONE-
      WEEK PROCEEDING THE SCHEDULED TRIAL DATE IN ORDER TO FILE ANY
      OBJECTION AND COUNTER PROPOSALS. ONCE THE DEADLINES FOR FILING
      PROPOSED VOIR DIRE, OBJECTIONS AND COUNTER PROPOSALS HAVE PASSED, THE
      COURT MAY CONSIDER THAT THE PARTIES HAVE WAIVED THE OPPORTUNITY TO
      SUBMIT VOIR DIRE, OBJECTIONS AND COUNTER PROPOSALS. IN THE EVENT THAT
      THE CASE IS SCHEDULED FOR A ONE-DAY TRIAL, COUNSEL SHALL SUBMIT
      PROPOSED JURY INSTRUCTIONS IN THE FORM OF AN INDEX FOR STANDARD
      INSTRUCTIONS AND FULL TEXT FOR SPECIAL INSTRUCTIONS ON THE FRIDAY
      EDING JURY SELECTION. IF THE CASE SCHEDULED FOR TWO DAYS OR MORE ,
      COUNSEL SHALL SUBMIT PROPOSED JURY INSTRUCTIONS, AS PROVIDED ABOVE, NO
      LATER THAN 9:00 A.M. ON THE MORNING OF THE SECOND DAY OF TRIAL. IN THE
      EVENT THAT COUNSEL FAILS TO SUBMIT PROPOSED JURY INSTRUCTION WAIVED.
71    03/21/2006                                 DEL PESCO SUSAN C.
      ORDER: DEFENDANT'S MOTION TO RECONSIDER IS DENIED.  IN THE ABSENCE OF
      A SPECIFIC ORDER OF THIS COURT, THE PROTHONOTARY SHALL NOT DOCKET ANY
      FURTHER PRO SE PETITIONS FOR EXTRAORDINARY RELIEF FILED BY DEFENDANT
      CONCERNING HIS PENDING SUPERIOR COURT CRIMINAL CASE.  DEFENDANT'S
      MOTION FOR RECONSIDERATION IS HEREBY DENIED.  IT IS SO ORDERED.
72    03/22/2006                                 JURDEN JAN R.
      ORDER: THE COURT HAVING DULY CONSIDERED THE FOLLOWING MOTIONS FILED BY
      THE DEFENDANT: MOTION FOR JUDGE JAN R. JURDEN TO RECUSE HERSELF FROM
      HANDLING CASE," (2)"MOTION FOR BAIL REDUCTION AND MODIFICATION OF BAIL
      AND MODIFICATION FOR DELAY RULE 46(I)," (3)MOTION FOR CONSIDERATION
      OF 'MOTION FOR BAIL REDUCTION AND MODIFICATION FOR DELAY RULE 46(I)',
      AND (4)"MOTION FOR FINDING OF FACTS AND CONCLUSIONS OF LAW."  IT IS
      HEREBY ORDERED THAT: (1) THE RECUSAL MOTION IS FACTUALLY AND LEGALLY
      FRIVOLOUS AND IS THEREFORE DENIED. (2) THE MOTION FOR RECONSIDERATION
      IS GRANTED, AND UPON RECONSIDERATION, THE [SECOND] "MOTION FOR BAIL
      REDUCTION AND MODIFICATION FOR DELAY RULE 46(I) IS DENIED.  THE COURT
      FINDS THAT THE BAIL IS APPROPRIATE UNDER THE CIRCUMSTANCES AND, AGAIN,
```

```
                 SUPERIOR COURT CRIMINAL DOCKET              Page   10
                    ( as of   05/12/2006 )
```

State of Delaware v.  RONALD G JOHNSON                        DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.           AKA: RONALD E JOHNSON
Defense Atty:                                      RON JOHNSON

```
        Event
No.     Date            Event                              Judge
-------------------------------------------------------------------------------
```

THE COURT FINDS NO SPEEDY TRIAL VIOLATION. (3) THE "MOTION FOR FINDING
OF FACTS AND CONCLUSIONS OF LAW" IS DENIED.  THE COURT APPROPRIATELY
DENIED ALL THE MOTIONS REFERENCED IN THIS LATEST MOTION BECAUSE THEY
WERE LEGALLY FRIVOLOUS.  IT IS HEREBY FURTHER ORDERED THAT DEFENDANT
HAS ENGAGED IN FRIVOLOUS MOTION PRACTICE WHICH IS WASTING THE COURT'S
RESOURCES AND DELAYING THE ADJUDICATION OF THE CHARGES AGAINST THE
DEFENDANT.  CONSISTANT WITH JOHNSON V. STATE DEL.SUPER.,C.A. NO.
05M-12-078-MMJ (MARCH 9, 2006)(ORDER)*, THE DEFENDANT IS AGAIN ADVISED
THAT THIS COURT WILL NOT PERMIT FURTHER ABUSE OF THE COURT'S JUDICIAL
PROCESS.  IT IS SO ORDERED.

73   04/07/2006                                  SILVERMAN FRED S.
     WAIVER OF COUNSEL FORM SIGNED BY THE DEFENDANT, RONALD G. JOHNSON.
74   04/07/2006                                  SILVERMAN FRED S.
     STATUS CONFERENCE HELD ON 4/7/06 @ 12:00 NOON IN COURTROOM 6B.
     DEFENDANT SIGNED A WAIVER OF COUNSEL FORM.
     DEFENDANT ASKED THAT THE 2 COUNTS OF OFFENSIVE TOUCHING AND 2 COUNTS
     OF RESIST ARREST BE DISMISSED.
     DEFENDANT'S STATED THAT HIS PLEA IS FOR INSANITY DEFENSE.
     DISCOVERY TO BE PROVIDE BY THE STATE.
     SUPPRESSION HEARING TO BE SCHEDULE BY THE END OF THE MONTH.
     STATE NEED TO PROVIDE THE 911 TAPES OR THE TRANSCRIPT.
     THE STATE TO PROVIDE THE TRANSCRIPT OF THE PRELIMINARY HEARING ON
     4/22/05.
     ST. ATTY./ANDREW VELLA, CR/LYNN COALE & CC/LAVETTE CURTIS.
75   04/20/2006
     TRANSCRIPT FILED.
     PRELIMINARY HEARING-APRIL 22,2005
     BEFORE COMMISSIONER MARY MCDONOUGH
     CHERYL SIMMONS,RPR
76   04/21/2006
     NOLLE PROSEQUI FILED BY ATTORNEY GENERAL
     RSN: AVAILABILITY - VICTIM OR WITNESS
     04/21/2006
     CASE CLOSED.
77   04/25/2006
     TRANSCRIPT FILED.
     PRELIMINARY HEARING-APRIL 22,2005
     BEFORE COMMISSIONER MCDONOUGH
78   04/26/2006
     PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
     REFERRED TO JUDGE SLIGHTS
     DATE REFERRED: 04/27/2006
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    11
                       ( as of  05/12/2006 )

State of Delaware v.  RONALD G JOHNSON                   DOB: 06/23/1965
State's Atty: ANDREW J VELLA , Esq.       AKA: RONALD E JOHNSON
Defense Atty:                                  RON JOHNSON

        Event
No.     Date            Event                           Judge
------------------------------------------------------------------------------
        CIVIL CASE NO: 06M-04-085 JRS
79    04/28/2006                              SLIGHTS JOSEPH R. III
        ORDER: WRIT OF HABEAS CORPUS PETITION 06M-04-085 JRS: DENIED
        DEFENDANT IS BEING HELD ON DETAINER FOR THE FEDERAL MARSHALS. IT IS SO
        ORDERED. JRS
80    05/01/2006
        SUBPOENA(S) SERVED BY SHERIFF.
        SERVICE ON MICHELLE A. ROEBUCK, POSTED.

            *** END OF DOCKET LISTING AS OF  05/12/2006 ***
                 PRINTED BY: CSCNSCH
```

# EXHIBIT 2

*130*

**RULE 9 WARRANT**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| THE STATE OF DELAWARE | ) |
| | ) |
| V. | ) INDICTMENT BY THE GRAND JURY |
| RONALD G. JOHNSON | ) I.D. #0504012348 |

The Grand Jury charges RONALD G. JOHNSON with the following offenses:

### COUNT I. A FELONY    [#N  05- 04  16/6w

UNLAWFUL IMPRISONMENT in the FIRST DEGREE, in violation of Title 11,

Section 782 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County

of New Castle, State of Delaware, did knowingly and unlawfully restrain Michelle

Roebuck under circumstances which exposed her to the risk of serious physical injury

by threatening her with a knife and refusing to let her leave the apartment.

### COUNT II. A FELONY    #N 05- 0 4- 16/5w

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A

FELONY, in violation of Title 11, Section 1447 of the Delaware Code of 1974, as

amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County

of New Castle, State of Delaware, did knowingly possess a deadly weapon during the

commission of a felony by possessing a knife, a deadly weapon as defined by Title 11,

Section 222 of the Delaware Code of 1974, as amended, during the commission of

Unlawful Imprisonment in the First Degree, a felony as set forth in Count I of this

Indictment, which is incorporated herein by reference.

### COUNT III. A FELONY    [#N 05-04- 228/w

POSSESSION OF A DEADLY WEAPON BY A PERSON PROHIBITED, in

violation of Title 11, Section 1448 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County

of New Castle, State of Delaware, did own, possess, or control a knife, a deadly

weapon as defined under Title 11, Section 222 of the Delaware Code of 1974, as

amended, after having been convicted in Case Number 6:01CR10019-001, in the

United States District Court for Western District of Virginia on or about March 14, 2002 to the felony charge of Prepare or Aid and Abet in the Preparation of Fraudulent Tax returns in violation Title 18 USC §287 and 2.

### COUNT IV. A MISDEMEANOR #N F 05-04-1617w

OFFENSIVE TOUCHING OF LAW ENFORCEMENT OFFICER, in violation of Title 11, Section 601(a)(1) of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally touch Cpl. Scott Simpson of the New Castle County Police Department either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to said person who was acting in the lawful performance of his duty as a law enforcement officer.

### COUNT V. A MISDEMEANOR #N F 05-04-1618w

OFFENSIVE TOUCHING OF LAW ENFORCEMENT OFFICER, in violation of Title 11, Section 601(a)(1) of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally touch Cpl. Scott Simpson of the New Castle County Police Department either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to said person who was acting in the lawful performance of his duty as a law enforcement officer.

### COUNT VI. A MISDEMEANOR #N F 05-04-1619w

RESISTING ARREST, in violation of Title 11, Section 1257 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally prevent or attempt to prevent a peace officer, Officer Marc Alfree, from effecting an arrest or detention of himself or did intentionally flee from a peace officer who was effecting an arrest.

### COUNT VII. A MISDEMEANOR #N F 05-04-1620w

RESISTING ARREST, in violation of Title 11, Section 1257 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County

of New Castle, State of Delaware, did intentionally prevent or attempt to prevent a peace officer, Cpl. Scott Simpson, from effecting an arrest or detention of himself or did intentionally flee from a peace officer who was effecting an arrest.

## COUNT VIII. A MISDEMEANOR #N 05-04-1621

MENACING, in violation of Title 11, Section 602(a) of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, by some movement of his body or any instrument, did intentionally place Cpl. Scott Simpson in fear of imminent physical injury.

## COUNT IX. A MISDEMEANOR #N 05-04-1622

OFFENSIVE TOUCHING, in violation of Title 11, Section 601 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally touch Michelle Roebuck either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to said person.


A TRUE BILL

_____
(FOREPERSON)

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL
Andrew Vella

# EXHIBIT 3

#27

In The Superior Court OF The State OF Delaware
In and For New Castle County

State OF Delaware          )
                          )
V.                        )  Case No. 0504012348
Ronald G. Johnson         )

FILED
PROTHONOTARY
2005 AUG -5 AM 9:20

Remove Attorney From my Case
Administrative Notice

Come Now, Ronald G. Johnson and File admini-
strative Notice upon this Court "Again" that I have
Waive Counsel and Have already refuse David J.J. FaGaolo
as my Counsel. "So File my Motions and let Proceed"

Fear OF Danger or Harm

Do to the Fact I believe I might hurt
this attorney David J.J. FaGiola by sticking a
Pen in his Eye-ball or taking something in
Court a bust his head wide open. This Court
Should understand He is not my attorney an remove
him from the Record as so.

I Request the Court, Clerk and Prothono-
tory stop acting like a Jack-ass You are not
forcing a attorney to represent me. Ronald Johnson
8-2-005

# EXHIBIT 4



## SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500  N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

## MEMORANDUM

| To: David Facciolo | Date 7/14/05 |
|---|---|
| State v. Ronald Johnson | Case No. 0504012348 |
| Next Proceeding, Date & Time: FCR  8/22/05  9AM | |
| **Letter/Application from Defendant received by the Court on:** | |
| 7/5/05  7/13/05     Motions | |
| | |
| | |
| | |

　　　　Attached is a letter written to the Court by the defendant and filed with the Prothonotary's Office.  Since you are counsel of record, we are referring this letter to you for whatever action you deem appropriate.  The defendant's letter has not been reviewed by a Judicial Officer.  The Court will not retain a copy of the defendant's letter.

　　　　Superior Court Criminal Rule 47 provides in pertinent part: "The court will not consider pro se applications by defendants who are represented by counsel....."

　　　　Please advise your client that further communications regarding this case should be directed to you.

| Referred by: S. Napier | Copies to: D. Facciolo  File - Defendant |
|---|---|

c:\wp8\prose form.wpd
Revised 4/2003

In The Superior Court OF The State OF Delaware

In And For New Castle County

State OF Delaware )
V.                )
Ronal. G. Johnson ) Case No. 0504012348
                  )

**FILED**
**PROTHONOTARY**
**2005 JUL 25 AM 8:58**

## "Administrative Notice"

Come Now. Ronald G. Johnson and file Administrative Notice to Prothonotary Sharon D. Agnew. that You have "errorously" entered David Facciolo of the Public Defender office as my attorney. Second error was to send him a copy of Motion I have Filed.

## For The Record

David Facciolo is not my attorney and will never be my attorney. I have refused Counsel from the Public Defenders Office and I am proceeding Pro-Se.

## Danger OF Error

I need you to Correct this Error before it resaught in David Facciolo getting hurt" Ronald Johnson

# For The Record

## Danger OF Mistake

IF David Facciolo Come in a Court room as my Counsel I am afraid I might try to take a pen and Stick it in his Eyeball. Or take some thing and bust his head open. Because he know I have already reject him as my attorney. And I have reject the Public Defender Office as my Counsel.

I will be proceed Pro-Se as I have already notified the Court. Before you get some one hurt I suggest you Correct the Error you have made.

# Administrative Notice

## For The Record

I suggest this Court give David Facciolo Notice that he is not my attorney and I best not see him come in as my attorney or in my anger he might get hurt. I send this Notice not as a threat. But as a notice to prevent a Error that could resaught into something further.

## Return my Motions

Now I ask you to send him a message to return my motions and put him on notice he is not my Attorney.

Ronald John  July 19, 2005

# EXHIBIT 5

# WAIVER OF COUNSEL FORM

*(3) 4/7  6 B  12:15 p.*

I, the undersigned, wish to proceed without a lawyer to represent me. In support thereof, the following is offered:

1.  I am charged with the following offense(s):   (If more than 4, use back of form.)

    a.  __PDWDCF__                              Cr.A. No. __IN05041615W__
    b.  __UNLAW IMPR 1st__                      Cr.A. No. __IN05041616W__
    c.  __OFF TOUCHING LE__                     Cr.A. No. __IN05041617W__
    d.  __OFF TOUCHING LE__                     Cr.A. No. __IN05041618W__
    e.  __RESISTING ARREST (2)__               __IN05041619W & IN05041620W__

2.  The total possible period of incarceration with regard to the above charge(s) is __34 yrs + 60 dys__.
    The above-charge(s) [do / do not] include felony charges. (Circle as applicable.) *(2 yrs  min./mson.)*

*PS* 3.  I believe I am competent to represent myself. ✓

4.  The extent of my education is as follows: *x* (Check as appropriate).
    ☐ 7th grade;  ☐ 8th grade;  ☒ 9th grade;  ☐ 10th grade;  ☐ 11th grade;  ☐ 12th grade;
    ☐ some college;  ☐ college;  ☐ post-graduate   *+ plus additional Iducation*

5.  I have had previous experience in the criminal justice system as follows: __△ says he has__
    __represented himself ~ 60 times, inc. 2 jury trials. △ says__
    __he won 1 jury trial, lost 1 (on appeal). Last one was late 2002.__

6.  I [have / have not] participated in a trial before.    (Circle as applicable.)

7.  I realize that most persons who are charged with criminal offenses choose to be represented by a lawyer and
    that the Constitution guarantees me, as an accused person, the right to a lawyer.

8.  I understand that a competent lawyer would be knowledgeable to court proceedings, rules of evidence and the
    law that governs my trial. If this case is tried, there may be technical issues which would make it very difficult
    for me, as a non-lawyer, to assess.

9.  I understand that a trial in this case will take place according to the established laws and rules of the court and
    that I do not have a constitutional right:

    a.  To receive personal instruction from the trial judge on courtroom procedure;
    b.  To have the trial judge take over the chores for me that would normally be attended to by a
        trained lawyer as a matter of course if I have legal representation.

10. I further understand that if I became confused or frustrated, there would be no basis to interrupt the trial, nor
    would it be a license for me to raise improper objections or representations.

11. I further understand that if I fail to conduct myself with due respect for the laws and rules governing my trial,
    or should I become disruptive, it is possible that the trial court might then appoint a lawyer to represent me
    whether I liked it or not.

12. I understand that the Court, in its discretion, may appoint a stand-by lawyer to assist me and to offer consul-
    tation whether I desire a stand-by lawyer or not.

13. I, the undersigned, understand that there are definite hazards in representing myself. Nevertheless, I wish to
    represent myself in my case and I hereby knowingly, intelligently and voluntarily waive my right to a lawyer.

X _Ronald Johnson_          4-7-06          _Ronald Johnson_          4-7-06
Defendant                   Date      Approved    RONALD G. JOHNSON    Date

Document No.: 02-03-10-99-01-09

ST. V. RONALD JOHNSON, ID#0504012348

WAIVER OF COUNSEL FORM  — PAGE 2

#1. f.    MENACING                     IN05041621W
    g.    OFF TOUCHING                 IN05041622W
    h.    PDWBPP                       IN05042281W

2006 APR -7  PM 2: 38    FILED PROTHONOTARY

63

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE

State of Delaware,                    )
                                      )
          v.                          )        I.D. No. 0504012348
                                      )
Ronald G. Johnson                     )

ORDER

AND NOW to wit, this 22<u>nd</u> day of <u>February</u>, 2006, the Court having

considered the defendant's Motion for Status and Inquiry of Court's and State's

Position, Response, and State's Defense to Defendant's Motion for Dismissal of All

5 Officers' Charges at Docket #53, and Motion for Suppression Hearing at Docket

#52 **IT IS HEREBY ORDERED** that defendant's Motion is **DENIED**.

Jan R. Jurden, Judge

cc:    Andrew Vella, Esquire
       Prothonotary
       Ronald G. Johnson

# EXHIBIT 6

⑨

# Superior Court For The State OF Delaware
## OFFice OF The Clerk

JUDGE SILVERMAN'S CHAMBERS

MAY 1 8 2005

RECEIVED

Criminal No (s) " 8 charges

State OF Delaware

0504012348

0504012348

V.

Ronald G. Johnson
 defendant

Ronald Johnson
#182421
P.O. Box 9561
Wilmington, De.
19809

" Incarcerated "

# Motion(S) To Proceed Pro-Se

① Come now the defendant and Motion and move this Honorable Court to proceed Pro-Se

② If this Honorable Court question my ability I also move the "Court to put me through the test (or) Or a "Competency Evaluation".

# Motion For A Speedy Trial (by Jury)

③ Come now the defendant and Motion and Move this Honorable Court to set this case on the soonest Docket Sheet for a "Trial" I waive Case review and all Hearings.

# " Motion For A Bill OF Particulars "

④ Come now the defendant and Motion and Move this Honorable Court to Order the OFFicers and D.A. and Prosecution to present and Produce a "Bill OF Particulars" because of the numerous Consolidated Charges.

# " Motion For Discovery "

Comes now the defendant and Motion

( page 1-8 )

and Move the Honorable Court For
a Order of Discovery "Full Discovery"
(A) A list of a Victims statements

(B.) A list of all Witness that will appear
and or testify at trial
(c.) Copy of Police Reports and Affidavits "All of them"

(d) A list Copy or pictures of all weapons
or material that will be produced as
evidence at trial. Full Discovery Medical
records, Doctors and Specialist who will
testify again "Full Discovery"
Notice: The defendant is acting Pro-se and
would like all Discovery and Bill of Particulars
well before trial to prevent Surprise which
is the purpose of Discovery an Bill of Particulars
(E.) Copy of 911 Call transcripts, tape, or recording.
(5) "Motion For Separation Of Charges"
     The officers or District Attorney and
or Prosecution has errorously Consolidated
Charges of different event which Can
Confuse a jury or judge or myself.
The defendant in all due respect I
Motion and Move the Court For a
de-consolidation of two Charges. One
the Possession with or of a Deadly Weapon
during the Commission of a felony (And) Two

②.

Unlawful Imprisonment First Degree Should not be Consolidated with the rest of the charges they happen at a different time and place. Notice: Proper Jurisdiction is "Family Court" for the two demestic charges of my Wife.

Possibly two other charges happen at a different time and place, One the Menacing and Offensive touching is possible two separate event as well.

(6) "Motion For A Evidentuary Hearing"
   "For A Finding Of Probable Cause"

I Conclude all Motion by Motion and Moving this Honorable Court For a Evidentuary Hearing to Find out if the Officers had "probable Cause" to break down my apartment door. Which there breaking in my house illegaly lead to me receiving two offensive touching of law enforcement officer charges (And) two resisting arrest charges. And Or a better or Proper Probable Cause Evidentuary is whether the officer Breaking and Entering illegal Violated my Right to privacy and Cause a illegal Search and (seizure) of Property mainly my Apartment.

(3)



## Oath And Affidavit
## "Defendant Statement"

I declare that my statement below and above is true and correct under penalty of perjury.

Sworn or declared this date     Sign
April 18, 2005                  Ronald Johnson

## Defendant Statement

Notice: My girlfriend is retarded some and get a check I take care of her

Early Saturday my girlfriend had left, She is my Common Law wife were still engage She had left after a arguement. I was misserable feel terrible and could not find any peace I started to drink I drunk a 1/2 pint o Vodak (Vodka) and a 5th of MD 2020 wine and a six pack. I was drunk. On top of that I went and took 200 mgram of my at Sychotic Medication the my wife came and she explained happiely that she had made $30.00 by Prositution. She came with two whores friend and neighbor neighbors. I flipped I flipped and told them to give her her money and leave. They refuse both I said get out all of you. They refuse I picked up a 5 inch knife and 5 inch hand knife they all ran out. I beleave I committed No Crime

④.

The police came after I had just take another 2½ half of my medication to knock me out. It was to much for me in one day. I heard a knock of the officer and could not make it to the door. I did not know it was officer. I thought I was going to get my but kick by the one just left when I heard the door kick open. I black out from there. I remember two thing one there was a concern about the medication in my mouth and I got Electric shocked 4 times for No reason. I remember saying when I saw a police ~~what you want~~ What you want. I could do nothing nor comprehend or follow a order. I got shock for No reason. I beg not to get shock again and before I could say I give up I got shock again and again. 4 time. last thing I remember is a doctor or ambulance shot me with two needles one in both A they said this lithum this hddul. Now I can not see were I commit any crime. I jerk from the shocks which was a surprize I never been Electricuted before. So I jerk if my hand hit him or someone I sware I did not mean it. A I only put my Friend out my house as usual. when mad at them. (5)

# Questions by Defendant

Possession of a Deadly Weapon During the Commission of Unlawful Impris

1. Who face to face told the officers I held them imprisoned?

2. At anytime did the officers ask me what happened?

3. Where and what time were officer called from?

4. Why was officers called was it my wife wanted to come back and wanted officer to check with not arrest me?

5. Did the caller ask for me to be arrested or to press charges

## two Resist Arrest Charges

6. How do you explain two Resist Arrest charges when I was arrested on

7. Wasn't I drunken and overdozed did I escape and got arrest again

8. Explain how a drunken and overdozed past out man could Resist Arrest

## "Offensive Touching of Law Enforcement officer"

9. The officers Electrically shock me with Fazer, "while drunken (and) overdozed" with medication and knocked out. And because I jumped and touched his hand he give me a Offensive Touching charge? what do he expect.

## "Menacing and Offensive Touching of another"

10. The fact that I was drunk and overdoze was menacing was it and whoever and whatever I touched was offensive.

## Conclution

11. Did it ever accure to you I was drunk and had overdozed that there were No way I could co-operate with your arrest Or touch you in a way that was unoffensive And no way my action un-menacing, Nor did I willfully or intentional intent Nor did I unlawfully imprison anyone in First degree, Nor a reason to breakin my home.

## Concluding: "Motion To Dismiss All Charges"

Come now ~~the~~ the defendant and Motion and move the Court and Prosecution to Dismiss all Charges!

## "Oath and Affidavit"

I declare that the foregoing is true and Correct under penalty of perjury.

Declared this date                    Signed
April 18, 2005                        Ronald Johnson

## Certificate OF Service

I declare that a Full copy of this motion was Filed or serve to Department of Justice State office Building To M. Jane Brady attorney General for the State of Delaware at this address 820 N. French Street Wilmington Delaware 19801

Copies Send to

| 1 Copy Sent | Plus 1 Copie sent to |
|---|---|
| M. Jane Brady | Superior Court For The |
| State of Delaware attorney General | State OF Delaware In |
| 820 N. French Street | and For New Castle County |
| Wilmington, De 19801 | 500 King Street |
| | Wilmington, Delaware 19805 |



...ald G. Johnson
18 24 21
P. C. J. F.
· Box, 9561
...mington, De
98 0 9

Postage Made
Correct at 37¢

No Need For
RETURNED FOR S...
...ICK...

MAY 10 '05

PB METER
7:22808  U.S. POSTAGE

≡0.74≡

OFFICE OF The Clerk
Superior Court For The State OF Delaware
In And For New Castle County
500 N. King Street
Wilmington, De 19801

19801+3703 12

# EXHIBIT 7

CC: DAG A. Vella 6/

# In The Superior Court OF The State OF Delaware
## In And For New Castle County

Ronald G. Johnson )
        Defendant, Movant )
V. )  Criminal I.D. No. 0504012348
State OF Delaware )
        Respondant )

## Motion For Status And Inquiry OF Court's And State's Position, Response, And State's Defense To Defendant's Motion For Dismissal OF All 5 OFFicers Charges At Docket #53, And Motion For Suppression Hearing At Docket #52.

Comes Now, The Defendant and Movant Ronald G. Johnson and Moves the State and State's Attorney Deputy Attorney General Andrew J. Vella, And this Honorable Court For the Status OF My two mentioned Motions. "Defendant want the Court to Dismiss all Charges at this time."

## " Ground For Dismissal OF All Charges "

The 5 officer Charges must be Dismissed For Violation of my my 4th, 8th and 14th Amendment Constitutional

Rights. By a illegal Search and Seizure of my home. They kick in my home door with-out a Search warrent. Pursuant to the Fruit OF The Poisonous Tree Doctrine all Charges must be Dismissed.

## Statement OF The Facts
### Fraud Present

a.) Taken From OFFicer PFC Unger A/Sgt Police Report OFFicer Unger Claims He Came to my home For a Demestic involving a Knife "that Fraud" I did not have a Knife.

b.) Taken From OFFicer Unger Police Report: They presented to him Fraud that is that I had threaten to harm myself.

## Concluding

OFFicer Unger # 2478 States he kicked in my home door because of the Fraud other officers had told him.

c.) Further Fraud the officer Claimed that accused Victim Michelle Roebuck had told them I had had or she thought I might be in my home overdosing on of illegal drug or my prescription medication.

## Statement OF The Facts

The OFFicer made that up it's Fraud not one OFFicer ask me if I had taken any pills. They Claim to have talked to me Several times. Not once was it a Concern of theirs to ask had I taken a overdose.

"Whether There were Probable Cause to kick In My Home Door"

## Accuse Victim's State OF Mind Officer Trudeau

### Bg # 2587    Writen Police Report

"Writer observed that Michelle while speaking would start Laughing, then become very agitated and began yelling. Writer had advise Michelle to Calm down numerous times. Michelle Continued to Speaking jumping back and Forth From numerous Subject and not making sense. Writer To T _?_____ Officer Price. NFD.

## Concluding

Michelle A. Roebuck is a nut. I got her her Disability Check. She is a sweet girl if totally Sober 3 drinks She a monster violent, dangerous and Unpredictable. She punches hose in wall destroy people Property. Her main mental Condition is paranoid Schitophrenic. She gets drunk say one thing like don't drink no more, or give me your money your dont or anything She don't like, She takes off like a jet into a blizzard, Storm, rain, Cold. She roams the streets for hours. She blink in and out. Finally She Calls the police. I never understand why. But She does that every time.

③

(Police)

They come to my home and beat on it like they want to kill me. So I never open the door. I tell them She is drunk take her to jail or let her go when she come back alone I will let her in.

I uses to chase behind Michelle when she take off running. But when I try to talk her back into coming home or say anything like don't drink she runs from me. A police lock me up for chasing her. She left me and him. I got arrest for being drunk but was sober. The next day she can't believe all she did and don't want to hear it from me. There nothing happen to Michelle at all.

If the officers had asked me I would of told them. No they listen to Michelle say maybe a hundred thoughts. The or the arresting officer made up these charges by exageration and changing the truth.

<u>What Happen</u>

I told Michelle she has to get herself together and can not be a drunk. I told her the hundred things she did while drunk. She gave away her money. She was braking thing in my Daughter house and getting a bad repretation. She talk aff come back 8:00 Pm. Light on but nobody's home. Mean She Mentally gone. She told me, and a friend of mine told me that they Michelle had made $20. the $30, I was asking Michelle

(4)

how, she ignored me or Could not understand me. My Friend Angie is or Sometime prostitutes. So I wanted to know how Michelle "made" the $20 or $30 dollars. Angie and other kept refusing or interrupting me from taking to Michelle. So I got tire and Sayed give Michelle her $20 dollars you said you have, She made. I ask how she get, and why she got Michelle's money. I said give Michelle her money get out let us talk So I Can find out if she had Sex for money Because we just tdken the Aids test and planned to get Married.

Angie refuse to Shet up and let me talk to Michelle. So I got mads went in the Kitchen grabbed a Knife and said give her her money, I tried hard but they Know I would not do nothing, So they wouldn't give it to Michelle. So I said get out and went and put the Knife in the Kitchen Sink. They did leave they ran out with her money, She to ran. I thought She went to get her money. Or they was getting high or going Some where to drink. Bad as I Love Michelle and Care for her and Sympathize with her. I Know she do not Know why she ran out that door. And if like always she would think jm after her. So I Could not talk to her because She not home. I just got out of jail and was not going for her again.

Michelle history was she would run the street and probly take off some her clothing and stay out harrassing peaple till the Cop be Call or just see her. Then they would bring her home. And I would come to the door and I Say when you'll leave ill let her in.

This time I will not bother her when she come back. So I went and talk about 600 Mgr. of my Medication which is 6 times my average night cap to put me the sleep. I said ill crawl to the door. She'll be Starving and wonder around till she come to her self. I won't say nothing to her at all, ill be sleep. Tomorror or a couple days later when she come to herself will talk.

## Arrest Of The Defendant

Officers came to my house I did not know why, but by the way they knock on my door I know they was not getting in, and they knew they was not getting in. They could see me threw the crack of my door and they could see me threw the window. I had not had a knife in over 4 hours. I was not overdozing on drugs. They wanted to get Michelle in my house and out there hands. Because os officer Trudeau said she was running them crazy. So a misdeomeaner would not be a reason to kick in my home door, So they made up lie after lie till they said they dont care and kick in my door. At no time did they say I was under arrest. I set up, it was clear I had no weapon It was clear I had not overdozed. I was attacked. I was drunk because when she left I was heart distorbed. So I went and get me a half pint of ging a six pack and fifth of Mad Dog 2020. Plus had taken a lot of my medication. They chose to attack me. I ask what they want me to do, He could of just walk up and put

hand Cuffs on me.

# Proof Defendant I Not Guilty Of All Charges

## Count 3 OF Warrent And Count 4 OF Indictment
### Re: Offensive Touching

From: Officer Simpson #2320 Police Report

" Di then punched writer in the Chest area with his right fist Causing no injury"

" Di was then taken to the ground by writer and other officer "

From: Marc W. Alfree #2555 Written Police Report

" Ronald G. Johnson evenually stand and punch Cpl Simpson in the chest while he was attempting to effect an arrest."

## Conclusion

These officer Claim to be Called regarding a man with a knife, a 13 inch Knife. There is no way in Hell he would let me walk up to him and punch him. They both clearly show my hand bumped him as he attacked me. They Clearly Show no arrest was resisted. He got touch when he arrested me.

## Re: Count 4 OF Warrent And Count 5 OF Indictment
### Re: OFFensive Touching

From: OFFicer Simpson #2320 Police Report

" Then raised up with his body area attempting to

to strike writer."

## Concluding

The Charge is offensive touching but Cpl Simpson in his own report State he was not touched.

## Re: Count 5 OF Warrent And Count 6 OF Indictment

### Re: Resist Arrest

### OFFicer Donohue #2690 Police Report Account

"OFFicers then proceeded to kick in bedroom door to make entry. Writer was approx the fourth or Fifth officer to enter the bedroom and once writer entered the subject was on the growned."

### OFFice Marc W. Alfee #2555 Police Report Account

"Your affiant and Cpl Simpson gave Ronald several loud and clear Commands to show his hands and get on the floor however he refused to Comply".

### OFFicer Cpl Simpson's #2320 Police Report Account

"Di refused to show his hands and then got off of bed." "Di was taken to grown by writer and others.

## Concluding

I showed my hands because Cpl Simpson stated I touch him in his chest with my Fist, I was suppose to be armed with a knife So they saw my hands and I did Comply. And

(8)

Not showing my hands itself would not constitute. a resist arrest of itself. I could not get up, And could barely move. I was drunk and on medication. I Comply with Cpl. Simpsons order. I Stand up and Should my hands.

The officer accuse me of Resist Arrest for not Comply with "his order". His statement from Police Report, There were several officer making Commands I listened to Cpl Simpson's. I did not hear his command.

## Re: Count 6 Of Warrent And Count 7 Of Indictment

## Re: Resist Arrest

### Officer Cpl Simpson #2320 Police Report Account

" Officer Donohue took Custody of Di and took him out side to the waiting ambulance 'Writer walked outside to area of ambulance. Di was very Verbal with the Ambulance Crew, As writer approached the ambulance Di was attempting to get off of the Stretcher."

### Officer Marc Alfree #2555 Writer Account from Police Report

" Ronald attempt to get up when he legs were being Secured so therefore Cpl Simpson grabbed Ronald "

### Concluding

As Cpl. Simpson States I was being verbal with the ambulance and he approached. I told the ambulance that I had not attempt to Commit Suicide. I did not try to kill myself that that was all fraud to try to Cover their ass.

That they kick in my door like they do all niggers.
But that shit is not going to hold water. He got mad
and came over and pressed the cuffs on my rist so
hard my bone crunched. I left my body up to twisted
my arm in the cuff so it won't crush my bone. IF
you put cuffs on wrong they can crush your bone. But
if you twist your arm a little it will stop or cut off
Your blood but will not crush your bone.

## Concluding

I was not trying to get off of the stretcher
I was attempting to raise up till I could twist the
cuffs so they would not crush my bones and so they
would not hurt so bad. He knew because I told him.

Charges Re: Officer CPL. Simpson #2320 Re: Menacing

### Count 7 OF Warrent And Count 8 OF Indictment

" Writer approached the ambulance Di was trying to
get off the stretcher, Di then attempt to kick writer
with his feet"

Officer Marc M. Alfree #2555 Police Report Account

"Ronald Johnson was taken into custody he was escorted
to an awaiting ambulance and was placed on a stretcher.
Ronald attempt to get up when he legs were being secured
So therefore Cpl Simpson grabbed Ronald. Ronald pulled away

⑩

and hit Cpl Simpson in the chest with his chest.
Ronald Johnson then attempt to kick Cpl Simpson
placing him in fear of imminent physical injury.

## Concluding

Both Count 7 And Count 8 of Indictment happen
at same time. Ambulance some how got me awake enough
to speak and ask me had I overdozed. I said are you
crazy im a black man like you. They just kick in my
home door illegally and without a warrent. My eyes was
Closed while I spoke. Cpl Simpson did not like what I
was saying so he came and crushed my bone by
closing my handcuff. I raised up and saw him and heard
him. As I raised I tried to twist my rist. He shoved
me down and crushed my left rist. I got up an said
you crushing my rist. He said shet up. You want to
talk so much there nothing wrong with you. So my
rist hurts so bad I raise up and force my way I said
to myself Im not going to be afraid to protect myself
and be in this pain. So he tried to stop me from twisting
my wrist so I fake a kick at him. Then they strapped
my legs up. He crushed my left hand more so I faked
to hit him with my chest. Once I got both my rist

⑪

twist so my bone was not being Crushed I lade down. The black ambulance man pushed the officer CPL Simpson away from me and shatched me and signal other ambulance to pick me up and take me in. They shove CPL Simpson down and out of the ambulance because he tride to get up in the ambulance and was trying to hurt me.

## Conclusion And End Of Case

They own Police Report will be and is evidence against the officers that no crime happen. That the Charge are false and Fraud. I did not commit any Crime. Plus all officers Charges would be Dismissed for Violations of my 4th, 8th and 14th Amendment Constitutional Rights And Pursuant to the Fruit Of The Poisonous Tree Doctrine for illegally breaking in my home.

## Lastly And Conclusion Of Accused Victim Chewrges

Michelle A. Roebuck is not from Delaware. She is from Virginia. I payed her way here to visit. I had just been released from Prison. She has returned to Virginia. Plus no Crime happen. And She and the others was there say What all the officers say is false. There is No Crime that happen. Victim Has Left Town Her Charges Must be Dismissed All Officers Charges Must Be Dismiss For Violation Of 4th Amendment

## Relief Prayed

Defendant And Movant pray For A Dismissal OF all charges. Or Suppression and Evidentuary Hearing to argue the issues out with the State,

## "Certificate OF Service"

I Declare that a true and full Copy was serve on Deputy Attorney General Andrew J. Velle this date First Class mail.

Declared February 5, 2006    Signed Ronald Johnson

## "Oath And Affidavit"

I Declare that the foregoing is true and Correct under penalty oF Perjury

Declared February 5, 2006 Signed Ronald Johnson

Ronald E. Johnson
#182421/HRYCI
P.O. Box 9561
Wilmington, Delaware
19809

Prothonotary's Office,
Superior Court Of The State Of Delaware
In And For New Castle County
500 N. King Street
Wilmington, Delaware 19802

"Legal"

LEGAL MAIL ONLY

UNITED STATES POSTAGE
PITNEY BOWES
02 1A $ 00.870
0004615572 FEB 08 2006
MAILED FROM ZIP CODE 19802

# EXHIBIT 8

63

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE

State of Delaware,                    )
                                      )
        v.                            )        I.D. No. 0504012348
                                      )
Ronald G. Johnson                     )

ORDER

AND NOW to wit, this 22nd day of February, 2006, the Court having

considered the defendant's Motion for Status and Inquiry of Court's and State's

Position, Response, and State's Defense to Defendant's Motion for Dismissal of All

5 Officers' Charges at Docket #53, and Motion for Suppression Hearing at Docket

#52 **IT IS HEREBY ORDERED** that defendant's Motion is **DENIED**.

Jan R. Jurden, Judge

cc:    Andrew Vella, Esquire
       Prothonotary
       Ronald G. Johnson

# EXHIBIT 9

Return to 52
Proth-Far

# In The Superior Court OF The State OF Delaware File In And For New Castle County

Ronald G. Johnson )
　　Defendant and Movant )
V. ) Criminal I.D. No. 0504012348
State OF Delaware )
　　Respondant )

## Motion For Suppession Hearing

Comes Now, the Defendant Ronald G. Johnson and Moves this Honorable Court for a Suppression Hearing. To suppress all evidence related to the 5 officer charges, Defendant seek supression and Dismissal of all evidence and charge related to offense against officers. Defendant seek "Dismissal" of following Charges,

### List OF Charges The Court Is Moved To Dismiss

a.) Count 3　In0504 1617 W　Offensive Touching
b.) Count 4　In0504 1618 W　Offensive Touching
c.) Count 5　In0504 1619 W　Resist Arrest
d.) Count 6　In0504 1620 W　Resist Arrest
e.) Count 7　In0504 1621 W　Menacing

The officers are victims of these charges listed above. The charges must be "Dismissed" because the officers was with-out jurisdiction and authority to break in my home door. The Supreme Court OF The United States, Mandated the law of the land Base on the 4th Amendment

Pages 1-7

In The Superior Court OF The State OF Delaware
In And For New Castle County

Ronald G. Johnson )
      Defendant )
V )  Criminal I.O.No.0504012348
              )
State OF Delaware )

## Motion For Dismissal OF All 5 Officers Charges

Comes Now, the defendant Ronald G. Johnson and Moves this Honorable Court For a Dismissal of all the officers Charges. Such as

### List OF Charges The Court Is Moved To Dismiss

a.) Count 3  In05041617w  offensive Touching

b.) Count 4  In05041618w  offensive Touching

c.) Count 5  In05041619w  Resist Arrest

d.) Count 6  In05041620w  Resist Arrest

e.) Count 7  In05041621w  Menacing

    The officers are the victims of these Charges listed above. The Charges must be "Dismissed" because the officers was with-out jurisdiction and authority to break in my home door. The Supreme Court of the United States Mandated the Laws of the Land. Based on the 4th Amendment

㉓

Constitution "All evidence obtained by a illegall Search and Seizure or Search and Seizure in Violation of the Constitution is Constitutionally in-admissable in State Courts U.S.C.A. Constitutional Amendment 4".

## Statement OF The Facts

The officers Kicked in my home door with-out a Seach warrent and "seized me", Which Violated my 4th Amendment Constitutional Right. Under the 4th Amendment that illegal, It Violated my Due Process 8th and 14th Amendment rights.

Even if I had Committed a felony the Due Process 14th Amendment requires a warrent to be Present before Kicking in my home door. The officers Violated my 4th, 8th and 14 Amendment Rights.

The Fourth Amendment states "The Rights of the People to be Secure in their person, house, Papers and effects, against unreasonable Search and Seizure Shall not be Violated, and no warrent Shall be issued, but upon Probable Cause, Supported by oath and affirmation and Particularly describing the place to be Searched and the person or thing to be seized.

See: Weeks v. United States 1914, 232 U.S. 383 (and)

(3)

See: Page 393 of 232 U.S, at Page 344 of 34 S,Ct.

See: Polko v, State of Conn, 1937, 302 U.S, 319, 585 Ct. 149
82 L.Ed 288

The Officers broke in my home with-out a Search warrent and with-out Probable Cause.

The Officers was able to obtain (2) two offensive Touching Charges, (2) two Resist Arrest Charges and (1) one Menacing Charge by a unconstitutional illegal Search and Seizure. The State Courts, The Law of the land and Supreme Court of The United States Mandated that the evidence to these offenses is in-admissible in any Court of Law. Therefore must be Suppress and Charges Dismissed. The evidence must be Suppressed and Charges Dismissed.

## Supreme Court OF United State Ruled And Mandated

The Supreme Court of The United State And Congress has Mandate the laws of the land concerning the 4th Amendment. That is that illegally obtained evidence and Charges thereof must be Suppressed and dismissed for Violation of the 4th and 14th Amendment of the Constitution. The evidence illegally Obtained or obtain in violation of the 4th and 14th Amendment is in-admissible in State Court.

⑭

## The Charges Must Be Dismissed Pursuant To The Fruit OF The Poisonous Tree Doctrine

The Charges of the Officer must be Dismissed Pursuant to the Fruit OF The poisonous Tree Doctrine because the Officer Violated my 4th Amendment rights And 8th and 14th by illegal search and Seizure. The Fruit OF The Poisonous Tree Doctrine States,

" Fruit - OF - The - Poisonous - Tree - Doctrine. Criminal Procedure, The rule that evidence derived From and illegal search, arrest, or interrogation is inadmissible because the evidence (the "Fruit") was tainted by the illegality (the "Poisonous Tree") Under this inadmissible if the map showing it's location and used to find it was seized during an illegal search

Exclusionary Rule (1) Evidence, Any rule that excludes or Suppresses evidence that does not Satisfy a minimum Standard of Probative Value ∠ despite many exceptions, hearsay has long

been inadmissible under an exclusionary rule>.

(2) Criminal Procedure. A rule that excludes or suppresses evidence obtain in violation of an accused person's Constitutional rights <in accordance with the exclusionary rule, the Court did not admit the drugs into evidence because they had obtained it during a warrentless search of the defendant's home> ."

"The deterrence of unreasonable searches and seizures is a major purpose of the exclusionary rule • • • • But the rule serves other purposes as well. There is, for example, • • • 'the imparative of judicial integrity', namely that the Courts do not become 'accomplices in Willful disobedience of a Constitution they are Sworn to uphold' • • • A third purpose of the exclusionary rule • • • is that of 'assuring the peaple — all Potential victims of unlawful government Conduct — that the government would not profit from it's lawless behavior, thus minimizing the risk of seriously undermining Popular, thust in the government' 'Wayne R Lafave & Jerold H. Isael, Criminal Procedure 3.1, at 107 (2d ed 1992) quating Elkins v. United States 364 U.S. 206, 80 SCt. 1437 (1960) United State v. Calandra, 414 U.S. 338, 94 SCt. 613 (1974) (dessent)

⑥

In the simplest of exclusionary rule cases, the challenged evidence is quite clearly "direct" or "primary" in it's relationship to the prior arrest, search, inter-rogation, line up or other identification occuring at the confrontation between suspect and victim or witness, a confess or admission made in response to questioning, or physical evidence obtained by search or arrest. Not infrequently, however, challenge evidence is secondary "secondary" or derivative in character. This occurs when, for example a confession is obtained after an illegally obtained confession, or an in-court identification is made following an illegally conducted pre-trial identification. In these situation, it is necessary to determine whether the derivative evidence is "tainted" by the prior Constitutional or other violation" Wayne R. Lafave + Jerold H Isreal Criminal Procedure 9.3 a 471 (2ded 1992

## Conclusion

The officer charges all derive from a unconstitutional search and seizure. And must be dismissed and all evidence must be suppressed as stated above.

Ronold G. Johnson
#182421 /H.R.Y.C.I.
P.O.1Box 9561
Wilmington, Delaware
19809

"Legal Mail"
Prothonotary Office




Superior Court OF The State OF Delaware
In And For New Castle County
500 N. King Street
Wilmington, Delaware 19802

19801+3703    |..ılı|lıl..ıl.ılı.ıll    LEGAL MAIL OI

# EXHIBIT 10

53

In The Superior Court OF The State OF Delaware
In And For New Castle County

PROTHONOTARY
2006 JAN 18  PM 12: 07

Ronald G. Johnson )
     Defendant

V )  Criminal I. O. No. 0504012348

State OF Delaware )

## Motion For Dismissal OF All 5 Officers Charges

    Comes Now, the defendant Ronald G. Johnson and Moves this Honorable Court For a Dismissal of all the officers Charges. Such as

## List OF Charges The Court Is Moved To Dismiss

a) Count 3 In 05041617 w   offensive Touching

b) Count 4 In 05041618 w   offensive Touching

c) Count 5 In 05041619 w   Resist Arrest

d) Count 6 In 05041620 w   Resist Arrest

e) Count 7 In 05041621 w   Menacing

    The officers are the victims of these Charges listed above. The Charges must be "Dismissed" because the officers Was with-out jurisdiction and authority to break in my home door. The Supreme Court of the United States Mandated the Laws of the Land. Based on the 4th Amendment

Constitution "All evidence obtained by a illegall Search and Seizure or search and seizure in violation of the Constitution is Constitutionally in-admissable in State Courts U.S.C.A. Constitutional Amendment 4".

## Statement OF The Facts

The officers Kicked in my home door with-out a seach warrent and "seized me". Which violated my 4th Amendment Constitutional Right. Under the 4th Amendment that illegal. It violated my Due Process 8th and 14th Amendment rights.

Even if I had committed a felony the Due Process 14th Amendment requires a warrent to be present before Kicking in my home door. The officers violated my 4th, 8th and 14 Amendment Rights.

The Fourth Amendment states "The Rights of the People to be secure in their person, house, Papers and effects, against unreasonable search and seizure shall not be violated, and no warrent shall be issued, but upon Probable Cause, supported by oath and affirmation and Particularly describing the place to be searched and the person or thing to be seized.

See: Weeks v. United States 1914, 232 U.S. 383 (and)

②

See : Page 393 of 232 U.S, at Page 344 of 34 S.Ct.

See : Polko v. State of Conn. 1937, 302 U.S. 319, 585 Ct. 149
82 L.Ed 288

The Officers broke in my home with-out a Search Warrent and with-out Probable Cause.

The Officers was able to obtain (2) two offensive Touching Charges, (2) two Resist Arrest Charges and (1) one Menacing Charge by a unconstitutional illegal Search and Seizure. The State Courts, The Law of the land and Supreme Court of The United States Mandated that the evidence to these offenses is in-admissible in any Court of Law. Therefore must be Suppress and Charges Dismissed. The evidence must be Suppressed and Charges Dismissed.

## Supreme Court OF United State Ruled And Mandated

The Supreme Court of The United State And Congress has Mandate the laws of the land Concerning the 4th Amendment. That is that illegally obtained evidence and Charges thereof must be Suppressed and dismissed for Violation of the 4th and 14th Amendment of the Constitution. The evidence illegally obtained or obtain in Violation of the 4th and 14th Amendment is in-admissible in state Court.

③

# The Charges Must Be Dismissed Pursuant To The Fruit Of The Poisonous Tree Doctrine

The Charges of the Officer must be Dismissed Pursuant to the Fruit Of The poisonous Tree Doctrine because the Officer Violated my 4th Amendment rights And 8th and 14th by illegal Search and Seizure. The Fruit Of The Poisonous Tree Doctrine States,

"Fruit - Of - The - Poisonous - Tree - Doctrine. Criminal Procedure. The rule that evidence derived From and illegal Search, arrest, or interrogation is inadmissible because the evidence (the "Fruit") was tainted by the illegality (the "Poisonous Tree") Under this inadmissible if the map showing it's location and used to find it was seized during an illegal Search

Exclusionary Rule (1) Evidence. Any rule that excludes or Suppresses evidence that does not Satisfy a minimum Standard of Probative Value ∠ despite many exceptions, hearsay has long

④

been inadmissible under an exclusionary rule>.

(2) Criminal Procedure. A rule that excludes or suppresses evidence obtain in violation of an accused person's Constitutional rights <in accordance with the exclusionary rule, the Court did not admit the drugs into evidence because they had obtained it during a warrentless search of the defendant's home > ."

"The deterrence of unreasonable searches and seizures is a major purpose of the exclusionary rule • • • But the rule serves other purposes as well. There is, for example. • • • 'the imparative of judicial integrity', namely that the Courts do not become 'accomplices in willful disobedience of a Constitution they are sworn to uphold' • • • A third purpose of the exclusionary rule • • • is that of 'assuring the people — all potential victims of unlawful government conduct — that the government would not profit from it's lawless behavior, thus minimizing the risk of seriously undermining popular, thust in the government' 'Wayne R Lafave & Jerold H. Isael, Criminal Procedure 3.1, at 107 (2d ed 1992) quating Elkins v. United States 364 U.S. 206, 80 S.Ct. 1437 (1960) United State v. Calandra, 414 u.s. 338, 94 S.Ct. 613 (1974) (dessent)

⑤

In the simplest of exclusionary rule cases, the challenged evidence is quite clearly "direct" or "primary" in it's relationship to the prior arrest, search, inter-rogation, line up or other identification occuring at the confrontation between suspect and victim or witness, a confess or admission made in response to questioning, or physical evidence obtained by search or arrest. Not infrequently, however, challenge evidence is secondary "secondary" or derivative in character. This occurs when, for example a confession is obtained after an illegally obtained confession, or an in-court identification is made following an illegally conducted pre-trial identification. In these situation, it is necessary to determine whether the derivative evidence is "tainted" by the prior constitutional or other violation " Wayne R. Lafave + Jerold H Isreal Criminal Procedure 9.3 a 471 (2ded 1992

## Conclusion

The officer charges all derive from a uncon stitutional search and seizure. And must be dismissed and all evidence must be suppressed as stated above.

⑥

# Certificate OF Service

## And

## Oath and AFFidavit

I Declare under penalty OF perjury that the foregoing is true and Correct. I declare that a true and Full Copy of this Motion was sent to Andrew Velle Assistant Public Defender

Declared January 11, 2005 , Ronald John

Ronald G. Johnson
#182421 / A.R.P.I.I.
P.O. Box 9561
Wilmington, Delaware 19809

Legal

Superior Court Of The State Of Delaware
In And For New Castle County
500 N. King Street
Wilmington, Delaware 19808

LEGAL MAIL ONLY

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.63°
02 1A
0004607433
JAN 13 2006
MAILED FROM ZIP CODE 19802

# EXHIBIT 11



#65

In The Superior Court OF The State OF Delaware
In And For New Castle County

Ronald G. Johnson )
                  )
V.                )
                  ) Criminal I.D. No. 0504012348
State OF Delaware )

## Motion For Finding OF Facts And Conclusions OF Law

Comes Now the Defendant and Movant and Moves this Honorable Court for a Finding of Facts and Conclusions OF Law as to Why the Court Denied my Motion at Docket #52 and Docket # 53, My Motion to Dismiss and My Motion To Suppress. In Support thereof Defendant presents the following.

The judge's Denial of my Motions are niggerly. It give no reasons or Fact supporting it. This is not a meaningless game where the judge is in charge. The Judge's name or position or Job Title does not give you authority to Deny my Motion with-out giving a reason, Or with-out a reason. IF you have a grown to Deny my Motions and Claims then give your grounds. As of now your or his Denial is Void, With-out reason.

<u>Relief Prayed</u>: Order the State to respond to my Motions. Or give a Finding of Fact and Conclusion of Law as to Why you Denied my Motions. Certificate of Service A.G. Andrew Vella was Served Ronald Johnson 2-28-06

# EXHIBIT 12

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE

State of Delaware,          )
                            )
          v.                )        I.D. No. 0504012348
                            )
Ronald G. Johnson           )

## ORDER

**AND NOW TO WIT**, this 22nd day of March, 2006, the Court having

duly considered the following motions filed by the defendant: (1) "Motion for Judge

Jan R. Jurden to Recuse Herself from Handling My Case," (2) "Motion for Bail

Reduction and Modification of Bail and Modification for Delay Rule 46(i)," (3)

"Motion for Reconsideration of 'Motion for Bail Reduction and Modification for

Delay Rule 46(i)',", and (4) "Motion for Finding of Facts and Conclusions of Law."

**IT IS HEREBY ORDERED** that:

1.    The Recusal Motion is factually and legally frivolous and is therefore **DENIED**.

2.    The Motion for Reconsideration is **GRANTED**, and upon reconsideration, the [second] "Motion for Bail Reduction and Modification for Delay Rule 46(i)" is **DENIED**. The Court finds that the bail is appropriate under the circumstances and, again, the Court finds no speedy trial violation.

3.    The "Motion for Finding of Facts and Conclusions of Law" is **DENIED**. The Court appropriately denied all the motions referenced in this latest motion because they were legally frivolous.

**IT IS HEREBY FURTHER ORDERED** that Defendant has engaged in frivolous motion practice which is wasting the Court's resources and delaying the adjudication of the charges pending against the defendant. Consistent with *Johnson v. State*, Del. Super., C.A. No. 05M-12-078-MMJ (March 9, 2006) (ORDER)*, the defendant is again advised that this Court will not permit further abuse of the Court's judicial process.

**IT IS SO ORDERED.**

Jan R. Jurden, Judge

cc:    Andrew Vella, Esquire
       Prothonotary
       New Castle County Superior Court Judges
       Ronald G. Johnson

---

*The Court in *Johnson* noted that since April 2005, defendant has filed nineteen (19) criminal motions in this Court. It appears at least six Superior Court Judges and a Commissioner have been involved at various times responding to the defendant's filings.

# EXHIBIT 13

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) C.A. No. 05M-12-078 MMJ |
| v. | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondent. | ) |

Submitted:  February 1, 2006
Decided:   March 9, 2006

**ORDER**

**UPON DEFENDANT'S MOTION FOR RECONSIDERATION**

**DENIED**

Upon review of Movant Ronald G. Johnson ("Defendant")'s Motion for Reconsideration and the record, it appears to the Court that:

1.    On May 31, 2005, Defendant was indicted on nine offenses, including unlawful imprisonment, offensive touching, resisting arrest, menacing and weapons offenses.  Defendant's final case review was held on November 7, 2005, and his criminal trial is scheduled to begin on May 16, 2006.

2.     Defendant repeatedly has filed *pro se* petitions for writs of mandamus, which have been denied by this Court as well as by the Delaware Supreme Court.

3.     On December 29, 2005, the Supreme Court of Delaware dismissed Defendant's consolidated petitions for extraordinary relief. The petitions requested that the Supreme Court compel the Superior Court, among other things: (a) to release Defendant by *habeas corpus*; (b) to order discovery; (c) to hold an evidentiary hearing; and (d) to dismiss the charges.

4.     The Supreme Court noted that between May 13, 2005 and December 29, 2005, Defendant initiated a total of ten *pro se* cases concerning his pending Superior Court criminal matter. The Supreme Court also noted that Defendant's petitions for writs of *habeas corpus*, mandamus and prohibition and other extraordinary relief were dismissed on the grounds that the petitions were repetitive, frivolous and constituted an abuse of judicial process. Consequently, the Supreme Court ruled that, in the absence of a specific Order, the Supreme Court Clerk shall not docket any further *pro se* petitions for extraordinary relief that are filed by Defendant concerning his pending Superior Court criminal case.

5.     Since April 2005, Defendant has filed nineteen criminal motions with the Superior Court. Since May 2005, Defendant also has filed seven petitions for writs of *habeas corpus*, and one petition for a writ of mandamus in this Court.

2

Defendant's current Motion for Reconsideration is another effort by Defendant to rehash issues that already have been considered multiple times.

**THEREFORE**, the Superior Court finds that consideration of Defendant's repetitive and frivolous motions constitute an abuse of the Court's judicial process. In the absence of a specific Order of this Court, the Prothonotary shall not docket any further *pro se* petitions for extraordinary relief filed by Defendant concerning his pending Superior Court criminal case. Defendant's Motion for Reconsideration is hereby **DENIED**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

ORIGINAL: PROTHONOTARY'S OFFICE - CIVIL DIV.

3

# EXHIBIT 14

(74)

## SUPERIOR COURT JUDGES' NOTICE OF A PROCEEDING SCHEDULED

PLEASE COMPLETE AND SEND TO PROTHONOTARY AS SOON AS PROCEEDING IS SCHEDULED.

JUDGE Silverman            DATE 04/07/06        HOUR 12:00 p.m.

BRIEF CAPTION  State of Delaware

VS.

Ronald Johnson
ACTION NUMBER  ID# 0504012348                        ID#

PLAINTIFF ATTORNEY

DEFENSE ATTORNEY  Defendant is *pro se*

STATE'S DEPUTY   ~~Sean Lugg, DAG~~   *Andrew Vella*

TYPE OF PROCEEDING:

| OFFICE CONFERENCE | ___ | ISSUE |
|---|---|---|
| HEARING | X | ISSUE Status Conference |
| ARGUMENT | ___ | ISSUE |
| OTHER | ___ | ISSUE |

JUDGE NEEDS THE FILE, A CLERK, A COURTROOM, A BAILIFF AND A COURT REPORTER.

JUDGE NEEDS THE FILE.                    Called  x      to transport def.

JUDGE NEEDS A CLERK.

JUDGE NEEDS A COURTROOM.

JUDGE NEEDS A COURT REPORTER.

JUDGE NEEDS A BAILIFF

LOCATION    COURTROOM

OTHER *Status conference helded on 4/7/06 @ 12:00 noon in courtroom 6B.*
*Defendant signed a waiver of counsel form.*
*Defendant asked that the 2 counts of Offensive touching, and 2 counts of Resist arrest be dismissed.*
*Defendant's stated that his plea is for insanity defense.*
*Discovery to be provide by the State.*
*Suppression hearing to be scheduled by the end of the month.*
*State need to provide the 911 tapes or the transcript.*
*State to provide the transcript of the preliminary*

**BRIEF OR MEMO SCHEDULE:** _____

_____

_____

**MOTIONS:** _____

_____

**DECISION:** _____

_____

_____

_____

**PLAINTIFF WITNESSES:** _____

_____

**PLAINTIFF EXHIBITS:** _____

_____

_____

_____

**DEFENSE WITNESSES:** _____

_____

_____

_____

**DEFENSE EXHIBITS:** _____

_____

_____

_____

**COURT CLERK** _Lavetta Curts_ **COURT REPORTER** _Lynn Coak_

# EXHIBIT 15

04/21/2006 14:00 FAX 302 577 58⬚⬚                                    ☑002
04/12/2006  09:50    13022552273          SUPERIOR CT                    PAGE 02/02

FAX TO DAG 4/12/06

## In The Superior Court Of The State Of Delaware
### In And For New Castle County

State Of Delaware )

V.                )  Criminal I.D. No. 0504012348

Ronald G. Johnson )

"Notice Of Written Pleading To The Charges Of This Case"

Comes Now, the Defendant Ronald G. Johnson and File his Written Pleading to the Charges of this Case. The Defendant has never Made a Pleading to these Charges at any Hearing.

Defendant Pleas not guilty by reasons of "incompetency" and/or "insane" at the time of offenses accuse in Count (1-9) one threw nine of the indictment.

### Statement Of The Facts

The Defendant was knock-out and intoxicated off of his Prescrition drug Seroquel 600 Mgr. His average dose is 100 mgr. He had dranken 4 beers, a half pint of gin and almost a Fifth of wine (Mad dog 20-20). At the time of these offenses Defendant was taken to Christiana Hospital and stomach pump for possible overdose.

Oath and Affidavit; Certificate Of Service; I Declare all true under Perjury and A.G. For State Andrew J. Vella was Served a Copy Declared Ronald Johnson 3-21-06

00000014

# EXHIBIT 16

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

PROTHONOTARY

2006 APR 21 PM 1:42

| | | |
|---|---|---|
| THE STATE OF DELAWARE | ) | |
| VS. | ) | NOTICE OF NOLLE PROSEQUI |
| RONALD G JOHNSON | ) | |
| 06/23/1965 | | |

AG Case Number - NC05005787

**A Nolle Prosequi is hereby entered on the charge of:**

```
0504012348 002        IN05041616W * UNLAW IMPR 1ST
0504012348 001        IN05041615W * PDWDCF
0504012348 009        IN05042281W * PDWBPP
0504012348 003        IN05041617W * OFF TOUCHING LE
0504012348 004        IN05041618W * OFF TOUCHING LE
0504012348 005        IN05041619W * RESIST ARREST
0504012348 006        IN05041620W * RESIST ARREST
0504012348 007        IN05041621W * MENACING
0504012348 008        IN05041622W * OFF TOUCHING
```

**against the above named defendant and the Prothonotary is requested to note the same on record.**

REASON: ( 12 ) AVAILABILITY-VICTIM OR WI

DATED      April 21, 2006

_____ for

ANDREW J VELLA
Deputy Attorney General

JOB STATUS REPORT

TIME : 04/21/2006 14:31
NAME :
FAX# :
TEL# :
SER.# : BR05J1510673

| | |
|---|---|
| DATE, TIME | 04/21 14:31 |
| FAX NO./NAME | GANDER HILL |
| DURATION | 00:00:19 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

| | |
|---|---|
| 0504012348 002 | IN05041616W * UNLAW IMPR 1ST |
| 0504012348 001 | IN05041615W * PDWDCF |
| 0504012348 009 | IN05042281W * PDWBPP |
| 0504012348 003 | IN05041617W * OFF TOUCHING LE |
| 0504012348 004 | IN05041618W * OFF TOUCHING LE |
| 0504012348 005 | IN05041619W * RESIST ARREST |
| 0504012348 006 | IN05041620W * RESIST ARREST |
| 0504012348 007 | IN05041621W * MENACING |
| 0504012348 008 | IN05041622W * OFF TOUCHING |

against the above named defendant and the Prothonotary is requested to note the same on record.

REASON: ( 12 ) AVAILABILITY-VICTIM OR WI

DATED April 21, 2006

[signature] for
ANDREW J VELLA
Deputy Attorney General