"Original"

# United States District Court
## For The District OF Delaware

Ronald G. Johnson #182421 )
Petitioner, P.O. Box 9561 )
Wilmington, De. 19809 )
V.
United States OF America ) Civil Action No. ______
1007 N. Orange Street, Suit 700 Related Case
Wilmington, De. 19899-
And ) Criminal Action No. CR05-29 K.A.J.
United States Probation OFFice ) Crimina Action No. 6:01CR10019-001
844 N. King Street )
Wilmington, Delaware 19801

FILED
JUN 05 2006
RO scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

"Petition For Writ OF Habeas Corpus Pursuant To Title 28 U.S.C. 2241(C)(3)"

Comes Now, The Petitioner Ronald G. Johnson and file this Petition For Writ of Habeas Corpus Pursuant to Title 28 USC 2241(C)(3) In Support thereof Petitioner asserts the following.

## Jurisdiction

The District Court has Jurisdiction to issue Writ OF Habeas Corpus pursuant to Title 28 USC 2241(C)(3) before or after Conviction and Sentence.

## Lack OF Jurisdiction To Detain

The United States of America and United States Probation OFFice Lacks jurisdiction to Continue to Detain. Because The Lynchburg Virginia District Court Lacked Jurisdiction To Prosecute Convict and Sentence

## Statement OF The Facts

The Defendant now Petitioner was Charged in Lynchburg Virginia "For 20 Counts OF Title 18 USC 287 Filing False Taxes or Claims To Philadelphia Pennsylvania Internal Revenue Service"

The Lynchburg Virginia District Court do not have Jurisdiction or Venue or Authority to prosecute me for a Offense that have happen in another State and District.

"Constitutional Violation"

"The Six Amendment unequivally Mandates trial in the State and District wherein the Crime shall have been Committed", And Proof of venue is therefore an essential Part of the government's Case "Without which there Can be no Conviction

See: United States v. Jones 174 F.2d 746

See: Travis V. United States 5L.Ed2d. 970 - 990

The Charges OF The Grand Jury

The Charges of The Grand Jury is 20 Count of Title 18 U.S.C 287, I "was not" Charge by a grand jury for Title 18 USC 2 Aid and Abet.

"What Petitioner Is Convicted OF"

" I am Convicted of "Preparing or Aiding and Abetting the Preparation of Fraudulent Tax Forms". See Nature of Offense

Petitioner is not Convict of Title 18 USC 287 or Title 18 USC 2

Statement OF The Facts

Petitioner "has not" been Found guilty of Title 18 USC 287 Filing False Claims" Or Aiding and Abetting The Filing of False Claim in Violation of Title 18 USC 2

See: Marcus v. Hess 87 L.Ed 2d 443

See: Motley v. United States 940 F.2d 1079

"Statement OF The Facts"

The Government did not prove I Filed False Claims in Violation of Title 18 USC 287. And Proper Venue and Jorisdiction For the Filing of False Claim in Violation of Title 18 USC 287 against or To Philadelphia Pennsylvania I.R.S. would be held only in Philadelphia Pennsylvania U.S. District Court.

So I have not been found guilty of Filing False Claims or Taxes in Violation of Title 18 USC 287

Also the Lynchburg Virginia Lacked Jurisdiction and Venue to prosecute

See: Travis v. United States 5L.Ed 2d 970-990

"Statement OF The Facts"

The Government did not prove I aided and abetted the Filing of False Claims or False Tax Forms in Violation OF Title 18 U.S.C. 2 Supreme Court Mandated that the nature of the OFFense in Title 18 USC 2 is "Cause to Present" The Government has never Prove I Cause someone to present False Claims.

See; Marcus v. Hess 87 L.Ed2d 443

See; Motley v. United States 940 F.2d 1079

Petitioner Never Knew What Title He Was Charge With Violating

The District Court Judge of Lynchburg Virginia Told me and the Pety jury that preparing False Tax Form or "Prepare or Aiding and Abetting the Preparation of Fraudulent Tax Returns" was a Charge.

Statement OF The Fact

That's not a offense under Title 18 USC 287 or Title 18 USC 2

"6th Amendment Constitutional Violation"

"The Six Amendment in relavant part States [I]n all Criminal prosecution, the accused Shall enjoy the ... right to be informed of the nature and Cause of the accusations".

Statement Of The Fact

The Charges of Title 18 USC 287 is "Filing False Claims" and the Charge of Title 18 USC 2 is Aiding and Abetting the Filing of False Claims or Cause the Present. I was not tried for the offense of the Grand Jury. I did not know what I was being accose of.

Re: Title 18 USC 2 Aiding and Abetting (Reversable Error)

This was not a charge return by the Grand Jury. And the fact it was used as a Charge or Title against me is ("Reversable Error). Nor was "Preparing or aid and Abet the praparing of False Tax Forms".
See; Stirone v. United States 361 U.S. 212, 4 L.Ed 2d 252, 80 S.Ct. 270
See; United States v. Prejean 494 F.2d 495

"Supreme Court Of United States And Circuit Court Dealing With Same Issue"

The question of whether Preparing or Aiding and Abetting the preparation of False Tax Forms is a crime was address by U.S. Supreme Court and Circuit Courts
See; Newton v. United States 162 F.2d 795
See; Motty v. United States 940 F.2d 1079
See; Reass v. United States 99 F.2d 752
See; Marcus v. Hess 87 L.Ed.2d 443
See; Travis v. United 5 L.Ed 2d 970-990

"Statement Of The Facts"

They all ruled the "Filing is the Crime" not the Preparing of Fraudulent Tax Form, Nor the aid and abetting of False Tax Forms. And they Concluded and Mandate Place of Filing is Place of Trial and Crime.

## Concluding Certified Questions

If I Committed a Offense Then tell me what?

a.) Refering to Title 18 USC 287 Filing False Claims. If Filling is the crime and Place of Crime is place of trial, Then my trial should have been in Philadelphia Pennsylvania where the Claim and Tax Forms was Filed..

Therefore Lynchburg District Court of Virginia Lack Venue and Jurisdiction and authority over the offense.
See United State V. Jones 174 F.2d 746

b.) If I Aided and Abetted Someone in a crime then who Committed a offense in Count 1, Count 2 or Counts 3-20? The Government never prove anyone Committed a offense, Which is required by law, rules of evidence et al.

See: Motley v. United States 940 F.2d 1079

See: Marcus v. Hess 87 L.Ed 2d 443

## "Jurisdiction OF This Court And Exhaustion OF All Remedies"

Pursuant To 28 USC 2241 (c)(3) This Court has jurisdiction to hear issues that has been Exhausted under or by the Court of Conviction and Sentence. I have exhaust all remedies in the Sentencing and Convicting Court. Including Motion To Vacate, Set Aside and illegal sentence and Conviction Pursuant to 28 USC 2255.

Therefore Petitioner is now entitle to bring all exhaust Claims to this Court,

See: U.S. ex rel. B. v. Shelly 430 F.2d 215

See: U.S v. Condit 621 F.2d 1096

## Conclusion

This Criminal Case begin in this Court. I was arrest in Wilmington Delaware For the Charges OF Title 18 USC 287 Filing False Tax Form Upon and against or to Philadelphia Pennsylvania's I.R.S. I fought the transfer to Virginia For Lack of Jurisdiction and Authority to Indict me in Virginia for a offense against Philadelphia PA. I.R.S..

This Honorable Court O.K. the transfer Claiming that they the judges of Lynchburg Virginia would here and release me for Lack of Venue and Jurisdiction. But when I got there the judge refuse my Motion. Denied all my Motion and over rule all the Supreme Court of United States of America And Numerous Circuit Court now presented here again.

This Court had the Authority then to Stop my transfer to Virginia For Lack of Jurisdiction and Authority. Now I have exhaust all remedies in the Virginia District Courts and Court OF Appeals For the Fourth Circuit. Now I Pray this Court to Grant my Petition For Writ of Habeas Corpus Pursuant To Title 28 USC 2241 (C) (3)

"Accual Innocents And Factual Innocents"

I did not File any False Tax Forms. The judge saw he Could not Find me guilty of Filing False Claims So he Change the Nature OF the OFFense accused. Plus he know proper Venue and Jurisdiction For Title 18 USC 287 Filing False Claim would be only in Philadelphia Pennsylvania where they was Filed.

I did not Aid and Abet anyone in the Filing of False Claims The Government Could not prove anyone Filed a False Claim For me to aid and abet so he Change the nature OF the Charge. From Title 18 USC 2 Aiding and Abetting the Filing of False Claims to Pre-Paring False Tax Forms Which is not a Crime of itself or under any Title.

Relief Saught

Therefore Petitioner Move the Court and Prays For Writ OF Habeas Corpus to remove the Unconstitutional Custody OF Probation of the United States Probation Office and Custody of United States of America "Certificate OF Service" And "Oath and AFFidavit" I Declare the U.S. Probation OFFice and United States was Served And that all is true under purjury Declared on May 10, 2006 Signed and Declare Ronald Dalton [signature]

RECEIVED
MAY 3 2002
I. S. M. - PEN
FCC COLEMAN, FL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA )
)
vs. ) **PRESENTENCE INVESTIGATION REPORT**
)
Ronald G. Johnson ) **Docket No.:** 6:01CR10019-001

---

**Prepared for:** Honorable Norman K. Moon
U. S. District Judge

**Prepared by:** S. Kimberly Mason
U.S. Probation Officer
P.O. Box 1333
Lynchburg, VA 24505-1333
(434) 846-0842

**Assistant U.S. Attorney**
Ruth Plagenhoef
P.O. Box 1709
Roanoke, VA 24008-1709
(540) 857-2250

**Defense Counsel**
Pro Se
William G. Wentz appointed as legal advisor
P.O. Box 425
Bedford, VA 24523
(540) 586-1500

**Sentence Date:** March 14, 2002

**Offense:** Counts One through Twenty: Prepare or Aid and Abet in the Preparation of Fraudulent Tax Returns
18 U.S.C. §§ 287 and 2
5 years imprisonment/$250,000 fine each count

**Release Status:** The defendant has remained in federal custody since his arrest in the District of Delaware on April 20, 2001.

**Detainers:** Lynchburg Police Department, Lynchburg, Virginia

**Codefendants:** None

**Related Cases:** None

**Date Report Prepared:** February 11, 2002 **Date Report Revised:** February 27, 2002

**Identifying Data:**

| | |
|---|---|
| **Date of Birth:** | June 23, 1965 |
| **Age:** | 36 |
| **Race:** | Black, Non-Hispanic |
| **Sex:** | Male |
| **SSN No:** | 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 |
| **FBI No:** | 220260FA2 |
| **USM No:** | 04431-015 |
| **Other ID No:** | Delaware SID: DE00182421<br>Virginia SID: VA1058489L |
| **Education:** | 12th Grade |
| **Dependents:** | Three |
| **Citizenship:** | U.S. |
| **Legal Address:** | 72 Simonds Drive<br>New Castle, DE 199720 |
| **Aliases:** | "Ronald Eugene Johnson"<br>"Ron Johnson" |



**PART A. THE OFFENSE**

Charge(s) and Conviction(s)

1. On April 11, 2001, a twenty-count indictment was filed in the U.S. District Court for the Western District of Virginia at Abingdon, charging the defendant, Ronald G. Johnson, with Filing, or Causing to be Filed, False Claims with the Internal Revenue Service, each count in violation of 18 U.S.C. §§ 287 and 2. Each count is detailed in the chart below:

| Count # | Name on Return | Return Prepared for Tax Year | Date Received by IRS | Net Refund Claimed | Amount Paid Out by IRS |
|---|---|---|---|---|---|
| 1 | Robert L. Eubank | 1994 | 07/07/97 | $1,412.00 | $ 0.00 |
| 2 | Doris R. Johnson | 1995 | 12/03/96 | $1,298.00 | $ 0.00 |
| 3 | Doris R. Johnson | 1995 | 01/21/97 | $1,298.00 | $ 0.00 |
| 4 | Ronald G. Johnson | 1995 | 02/12/96 | $1,277.61 | $1,277.61 |
| 5 | Vickie L. Bradley | 1996 | 07/08/97 | $2,335.00 | $ 0.00 |
| 6 | Edward Burley, Jr. | 1996 | 03/23/97 | $1,547.00 | $ 0.00 |
| 7 | Kay M. Carridice | 1996 | 03/22/97 | $2,193.00 | $ 789.00 |
| 8 | Deboral A. Cox | 1996 | 03/03/97 | $1,547.00 | $ 0.00 |
| 9 | Dennis M. Dabney | 1996 | 03/29/97 | $2,012.00 | $ 914.00 |
| 10 | Maggie J. Elliott | 1996 | 07/08/97 | $2,043.00 | $1,943.19 |
| 11 | Robert L. Eubank | 1996 | 03/17/97 | $2,368.00 | $ 632.00 |
| 12 | John S. Irvine | 1996 | 02/01/97 | $1,547.00 | $ 0.00 |
| 13 | Ethel M. Johnson | 1996 | 04/19/97 | $2,372.00 | $2,372.00 |
| 14 | Doris R. Johnson | 1996 | 06/24/97 | $2,440.00 | $ 0.00 |
| 15 | Regina M. Johnson | 1996 | 01/25/97 | $2,118.00 | $ 0.00 |
| 16 | Ronald G. Johnson | 1996 | 02/02/97 | $2,031.00 | $2,031.00 |
| 17 | Douglas L. Sparrow | 1996 | 06/18/97 | $2,392.00 | $5,702.00 |
| 18 | Fay R. Wright | 1996 | 05/19/97 | $2,355.00 | $1,989.00 |

| 19 | Ronald G.Johnson | 1997 | 02/24/97 | $2,302.00 | $ 0.00 |
|---|---|---|---|---|---|
| 20 | Ronald G. Johnson | 1998 | 02/15/99 | $2,872.00 | $2,872.00 |
| | TOTAL | | | $39,759.61 | $20,521.80 |

2. Johnson is representing himself, although the court has appointed counsel to assist the defendant if needed. On December 20, 2001, a jury in the U.S. District Court for the Western District of Virginia at Lynchburg, found the defendant guilty of all counts. Sentencing is set for March 14, 2002.

The Offense Conduct

3. In early 1998, the Internal Revenue Service (IRS) Criminal Investigations Unit initiated an investigation in response to an alert from the Philadelphia Service Center regarding a number of tax returns which had been identified as questionable. The investigation discovered that Ronald Johnson had prepared or assisted in the preparation of fraudulent tax returns from Lynchburg, Virginia, for tax years 1994 through 1998. The earliest false return was received by the IRS on February 12, 1996, and the latest was received in early 2000. The last return, in the defendant's name, was filed in Delaware and claimed a refund of $2844.00, however, no refund check was actually paid by the IRS in this instance. These returns claimed fictitious Schedule C (Profit or Loss from Business) income and/or contrived dependants, which resulted in a false Earned Income Credit. This credit enabled the filers to receive refunds to which they were not entitled.

4. Evidence at trial established that Johnson filed or assisted in the preparation of fraudulent claims for himself, as well as relatives and others. Several individuals testified that the defendant represented himself as a tax preparer, who was able to obtain refunds for them. Some individuals noted that they were not aware that returns had been filed in their names. The defendant's former girlfriend, Donna Carter, testified that she forged signatures on at least two false returns at his direction. She also testified that the defendant received numerous refund checks at her residence for several months. Johnson is eligible for an aggravating role adjustment in view of his utilization of his girlfriend to further the offense.

5. The total amount of fraudulent net refunds claimed is $42,603.61. The total amount of refunds actually paid by the IRS is $20,521.80. It is unclear how much of this money the defendant actually received.

Victim Impact

6. The IRS suffered a financial loss of $20,521.80 as a result of the twenty illegal refunds. Officials advise that civil collection of these refunds from the recipients has not been pursued.

Adjustment for Obstruction of Justice

7. The probation officer has no information to suggest that the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

8. The defendant said he was led by God to commit the offenses on behalf of poor people. He alleges that this court does not have jurisdiction and that his convictions are not valid. He does not qualify for an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Offense Level Computations

9. The 2001 edition of the Guidelines Manual has been used in this case. Pursuant to U.S.S.G. § 3D1.2(d), all 20 counts are grouped based on the total amount of loss.

Counts One through Twenty - Filing False Claims with the IRS

10. **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 287 is found in U.S.S.G. § 2B1.1(a) and calls for a base offense level of 6. 6

10. **Specific Offense Characteristic:** The intended loss in this case was $42,603.61. Pursuant to U.S.S.G. § 2B1.1(b)(1)(D), the offense level is increased six levels. +6

11. **Victim-Related Adjustment:** None. 0

12. **Adjustment for Role in the Offense:** Pursuant to U.S.S.G. § 3B1.1(c), the offense level is increased by two levels. +2

13. **Adjustment for Obstruction of Justice:** None. 0

14. **Adjusted Offense Level (Subtotal):** 14

15. **Adjustment for Acceptance of Responsibility:** The defendant has not met the burden of acceptance as illustrated in U.S.S.G. § 3E1.1. Therefore, no offense level reduction is warranted. 0

16. **Subtotal Offense Level:** 14

17. **Chapter Four Enhancements:** None. 0

18. **Total Offense Level:** 14

## PART B. DEFENDANT'S CRIMINAL HISTORY

Juvenile Adjudication(s)

19. None.

Adult Criminal Conviction(s)

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Points |
|---|---|---|---|---|---|
| 20. | 12/06/88 (age 23) | 1) Resisting Arrest 2) Hindering Prosecution 3) Menacing Municipal Court Wilmington, DE Case # 3088098792 | 02/01/89: 6 months incarceration | 4A1.1(b) 4A1.2(c)(1) | 2 |

Per Delaware State law, a defendant who is charged with an offense for which a penalty of incarceration is possible must be offered counsel. On February 1, 1989, Johnson was sentenced to six months incarceration which began on December 6, 1988.

| | | | | | |
|---|---|---|---|---|---|
| 21. | 04/09/90 (age 24) | Disorderly Conduct Municipal Court Wilmington, DE Case # 3090032396 | 05/10/90: Fined | 4A1.2(c)(1) | 0 |

According to the police report, on April 8, 1990, the defendant reported that he was involved in a fight with another individual. While explaining the situation to police officers, the defendant became loud and disorderly and used profanity toward the officers.

| | | | | | |
|---|---|---|---|---|---|
| 22. | 04/28/90 (age 24) | Resist/Hinder Police Officer Municipal Court Wilmington, DE Case # 3090040001 | 06/19/90: 1 year probation | 4A1.1(c) 4A1.2(c)(1) | 1 |

According to the police report, the defendant was originally charged with third degree assault for hitting his girlfriend, Julie Haile, in the head with a glass coffee mug on April 24, 1990. A capias was issued for the defendant's arrest at that time. Upon apprehension on April 28, 1990, he ran from officers and struggled with them when he was caught. He was then arrested for resisting/hindering police officers. At sentencing, the charge of third degree assault appears to have been nol prossed. On the resisting/hindering police officer charge, he was sentenced to two months of confinement which was suspended for one year of probation which was to have begun on June 2, 1990. The defendant was represented by counsel.

| | | | | | |
|---|---|---|---|---|---|
| 23. | 06/02/90<br>(age 24) | 1) Breach of Peace<br>2) Hindering Police Officers<br>Municipal Court<br>Wilmington, DE<br>Case # 3090053457 | 06/19/90: 1 year probation | 4A1.1(c)<br>4A1.2(c)(1) | 1 |

According to the police report, the defendant was involved in a domestic altercation with Julie Haile that began when the defendant was witnessed removing property from Haile's front porch. The defendant was originally charged with resisting arrest, hindering prosecution, and assault third degree, which appeared to have been dismissed. Haile was also charged in the offense. Johnson was sentenced to two months confinement which was suspended for one year of probation to run concurrent with the case above. The defendant was represented by counsel.

| | | | | | |
|---|---|---|---|---|---|
| 24. | 10/01/90<br>(age 25) | Disorderly Conduct<br>Municipal Court<br>Wilmington, DE<br>Case # 3090099175 | 10/18/90: 10 days incarceration | 4A1.2(c)(1) | 0 |

According to the police report, the defendant, who was highly intoxicated, attempted to push his way past the Julie Haile's family members and enter her residence to assault her. The defendant was also originally charged with breach of peace which was later dismissed. He was sentenced to ten days incarceration which was to have begun on October 1, 1990. The defendant was represented by counsel.

| | | | | | |
|---|---|---|---|---|---|
| 25. | 04/20/91<br>(age 25) | 1) Criminal Trespass, 1st degree<br>2) Assault, 3rd degree<br>Municipal Court<br>Wilmington, DE<br>Case # 3091035325 | 07/17/91: 1 year probation | 4A1.1(c) | 1 |

According to the police report, the defendant unlawfully entered Julie Haile's residence, struck her in the shoulder, and pushed her down a stairway. He was sentenced to five months confinement which was suspended for one year of probation. A no contact order was imposed, as was an order to pay all costs and fines by August 13, 1991. The defendant was represented by counsel.

| | | | | | |
|---|---|---|---|---|---|
| 26. | 05/08/91 (age 25) | Criminal Mischief over $300 but less than $500 Municipal Court Wilmington, DE Case # 3091040142 | 12/03/91: 20 days incarceration | 4A1.1(c) | 1 |

Johnson was sentenced to 20 days incarceration to have begun on October 6, 1991, and was ordered to pay court costs. Per Delaware State law, a defendant who is charged with an offense punishable by incarceration must be offered counsel.

| | | | | | |
|---|---|---|---|---|---|
| 27. | 09/07/91 (age 26) | Criminal Mischief less than $300 Municipal Court Wilmington, DE Case # 3091051739 | 12/03/91: 9 months probation | 4A1.1(c) | 1 |

According to the police report, it appears that two license tags were removed from a vehicle on a car dealership lot. The defendant was sentenced to 20 days confinement suspended for nine months of probation, and he was ordered to attend alcohol counseling. The defendant was represented by counsel.

| | | | | | |
|---|---|---|---|---|---|
| 28. | 06/10/92 (age 26) | Resisting Arrest Municipal Court Wilmington, DE Case # 3092013739 | 09/23/92: 1 month incarceration | 4A1.1(c) 4A1.2(c)(1) | 1 |

According to the police report, officers were on routine patrol and were flagged down by a female who was reporting a nearby disturbance. When officers approached the defendant and attempted to talk with him, he ran from the officers. Johnson was sentenced to one month of incarceration to run concurrent with any other sentence. He was represented by counsel.

| | | | | | |
|---|---|---|---|---|---|
| 29. | 08/04/93 (age 28) | 1) Offensive Touching 2) Disorderly Conduct 3) Criminal Mischief $500 to $1,500 Municipal Court Wilmington, DE Case # 3093016983 | 10/07/95: Fine | 4A1.1(c) | 1 |

At sentencing, the defendant was ordered to pay fines and costs totaling $127 and to participate in a drug reporting program. Per Delaware State law, a defendant who is charged with an offense punishable by incarceration must be offered counsel.

| | | | | | |
|---|---|---|---|---|---|
| 30. | 03/28/96 (age 30) | DUI Lynchburg General District Court Lynchburg, VA Docket # GT96031578-00 | 07/02/96: $450 fine | 4A1.1(c) | 1 |

The defendant's blood alcohol content, according to a certificate of a blood alcohol analysis, was 0.18 percent. Johnson, who was represented by court-appointed counsel Robert Feagans, pled not guilty to the charge. On July 2, 1996, he was convicted and was sentenced to 30 days incarceration, suspended, a $450 fine, and his operator's license was suspended for twelve months.

| | | | | | |
|---|---|---|---|---|---|
| 31. | 04/10/96 (age 30) | 1) Drive Wrong Way on One-way Street 2) Drive Without License Lynchburg General District Court Lynchburg, VA Docket #'s GT96003705/06 | 05/01/96: 1) $100 fine 2)$25 fine | 4A1.2(c)(1) | 0 |

On May 1, 1996, the defendant pled guilty to Count One and pled not guilty to Count Two. On Count One, he was sentenced to 30 days incarceration, suspended, a $100 fine, and his operator's license was suspended for 30 days. On Count Two, he was sentenced to a $25 fine.

| | | | | | |
|---|---|---|---|---|---|
| 32. | 06/03/96 (age 30) | Contempt Lynchburg General District Court Lynchburg, VA Docket # GT96031578-01 | 07/02/96: 10 days incarceration | 4A1.2(c)(1) | 0 |

The defendant, who was represented by court-appointed counsel Robert Feagans, was sentenced to 10 days incarceration and given credit for time served.

| | | | | | |
|---|---|---|---|---|---|
| 33. | 06/17/96 (age 30) | 1)Drive Suspended 2)Drive Suspended 3)Expired City Decal Lynchburg Circuit Court Lynchburg, VA Docket #'s CR96008161-00, 01, & 02 | 11/07/96: 1) Fine 2) 30 days incarceration 3) Fine | 4A1.1(c) 4A1.2(c)(1) | 1 |

The defendant, who was represented by Margaret Nelson, Public Defender, withdrew his appeal in the Lynchburg Circuit Court on November 7, 1996, and pled guilty to two counts of driving on a suspended license and one count of expired city decal. The Lynchburg Circuit Court confirmed the judgment of the Lynchburg General District Court. On the first count of driving suspended (offense date 6/17/96), the court sentenced Johnson to 30 days incarceration, suspended, a $100 fine, and operator's license suspension for 30 days. On the second count of driving on a suspended license (offense date 06/25/96), the court sentenced him to 60 days incarceration with 30 days suspended, a fine of $100, and operator's licence suspension for 60 days. On the expired decal conviction (offense date of 06/17/96), the court sentenced him to a fine of $100.

| | | | | | |
|---|---|---|---|---|---|
| 34. | 03/21/97 (Age 31) | Property Damage Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA Docket # JA20415-02 | 05/28/97: 12 months good behavior | 4A1.1(c) | 1 |

The defendant, who waived counsel, was sentenced to 10 days, suspended on the condition of twelve months good behavior. He was also ordered to pay $90 in restitution and prohibited from entering his sister, Doris R. Johnson's, property without permission.

| | | | | | |
|---|---|---|---|---|---|
| 35. | 08/08/97 (age 32) | Trespassing Lynchburg Circuit Court Lynchburg, VA Docket #CR97009251-00 | 02/04/98: $50 fine, 1 year good behavior | 4A1.1(c) 4A1.2(c)(1) | 1 |

The defendant trespassed upon the property at 1001 Fleetwood Drive, Lynchburg, Virginia, on August 8, 1997. This case was appealed from the Lynchburg Juvenile & Domestic Relations Court. The defendant, represented by court-appointed counsel, Clint Shaw, was sentenced to ten days incarceration which was suspended on condition of one year good behavior. He was also ordered to pay a $50 fine.

| | | | | | |
|---|---|---|---|---|---|
| 36. | 11/04/97 (age 32) | 1) Trespassing 2) Grand Larceny Lynchburg Circuit Court Lynchburg, VA Docket #'s CR98009694-00 & 01 | 06/29/98: 1) 30 days, concurrent 2) 6 months incarceration; 12 months probation upon release 08/03/99: Probation revoked; unsupervised probation | 4A1.1(b) | 2 |

The defendant was originally charged with burglary and trespassing, however pursuant to a plea agreement, he pled guilty to trespassing and grand larceny. The victim in the case was Clara Marshall. On June 29, 1998, the court sentenced Johnson on the grand larceny charge to two years incarceration, with one year and six months suspended for twelve months probation and payment of restitution at the discretion of the probation officer. On the trespassing charge, the court sentenced him to thirty days incarceration, concurrent with the grand larceny sentence. Johnson, with credit for time served, was released from custody on the same date.

On September 8, 1998, a probation violation hearing was held due to the defendant's alleged failure to report to the probation officer upon his release from confinement and failure to avail himself of supervision. On that date, he was ordered by the court to sign conditions of probation and cooperate with the probation officer. This probation violation charge was dismissed on October 5, 1998.

On August 3, 1999, Johnson's probation supervision was revoked due to new convictions in the Lynchburg General District Court for resisting arrest, misdemeanor assault on an officer, three counts of drunk in public, and property damage. He also failed to maintain a stable residence or to provide a correct address to the probation officer, failed to follow the probation officer's instruction regarding a mental health evaluation and taking his medications, failure to pay restitution and court costs, and lack of cooperation. The court reimposed one year and six months and re-suspended that sentence, placing the defendant on unsupervised probation to commence on August 3, 1999. The probation officer was ordered to continue to process restitution payments and to monitor the defendant's compliance with mental health services, medication management, and case management through Central Virginia Community Services.

The defendant was represented by John Wheelock during the violation proceedings and had been appointed a legal advisor, William Light, for the original offenses.

| | | | | | |
|---|---|---|---|---|---|
| 37. | 09/25/97 (age 32) | Failure to Appear Lynchburg Juvenile & Domestic Relations Court, Lynchburg, VA Docket # JA20415-07 | 10/03/97: 3 days incarceration | 4A1.2(c)(1) | 0 |

The defendant, who was represented by counsel, William Light, was found guilty of failing to appear in the Lynchburg Juvenile & Domestic Relations Court on September 25, 1997.

| | | | | | |
|---|---|---|---|---|---|
| 38. | 01/22/99 (age 33) | Assault & Battery on Officer (misdemeanor) Lynchburg General District Court Lynchburg, VA Docket # GT99001461-00 | 06/17/99: 20 days incarceration | 4A1.1(c) | 1 |

The defendant as originally charged with felony assault and battery on an officer which was later reduced to misdemeanor assault and battery on an officer. He was represented by John Wheelock, Public Defender.

| | | | | | |
|---|---|---|---|---|---|
| 39. | 01/22/99 (age 33) | 1) Property Damage 2) Resisting Arrest 3) Drunk in Public Lynchburg Circuit Court Lynchburg, VA Docket #'s CR99011296-00 & 01 CR99011303-00 | 08/03/99: 1) 90 days incarceration, suspended 2) 120 days incarceration, suspended 3) $255 fine | 4A1.2(a)(2) | 0 |

These cases were appealed from the Lynchburg General District Court. The defendant, who was represented by counsel, John Wheelock, withdrew his appeal in court on August 3, 1999. The Circuit Court affirmed the judgment of the Lynchburg General District Court and sentenced the defendant to ninety days incarceration, suspended, on the charge of property damage, 120 days incarceration, suspended, on the resisting arrest charge, ordered the defendant to pay restitution of $149.99 to the Blue Ridge Jail Authority, and fined him $25 on the drunk in public charge. As these offenses are related to the misdemeanor assault and batter conviction above, no additional criminal history points are added.

| | | | | | |
|---|---|---|---|---|---|
| 40. | 04/09/99 (age 33) | Drive on Suspended License Lynchburg General District Court Lynchburg, VA Docket # GT99007518-00 | 05/18/99: 60 days incarceration | 4A1.1(b) | 2 |

The defendant was originally charged as an habitual offender, however the charge was later amended to driving on a suspended license. Johnson, who was represented by Public Defender Sharon Eimer, was convicted of this charge and sentenced to 60 days incarceration, to report on June 7, 1999, and was ordered to pay a fine of $250.

| | | | | | |
|---|---|---|---|---|---|
| 41. | 06/12/99 (age 33) | 1) Capias/Failure to Appear 2) Capias/ Fail to Report to Jail Lynchburg General District Court Lynchburg, VA Docket #'s GT99010579-01 GT99007518-01 | 08/23/99: 1) 10 days incarceration; $50 fine 2) Costs | 4A1.2(c)(1) | 0 |

The defendant, who was represented by court-appointed counsel Sidney Kirstein was convicted of failing to appear in the Lynchburg General District Court on June 1, 1999. He was also found guilty of failing to report to jail for a sixty-day jail sentence that had been previously imposed on May 18, 1999, and was sentenced only to court costs on this charge.

| | | | | | |
|---|---|---|---|---|---|
| 42. | 06/13/99 (age 33) | 1) Attempt to Elude 2) Drive on Suspended License Lynchburg General District Court Lynchburg, VA Docket #GT99012610-00 #GT99012607-00 | 08/24/99: 1) 60 days incarceration 2) 20 days incarceration | 4A1.1(b) | 2 |

The defendant, who waived counsel, was originally charged as an habitual offender and with attempt to elude, however, the habitual offender charge was reduced to driving on a suspended license. On the attempt to elude conviction, the defendant was sentenced to 180 days incarceration with 120 days suspended, and his operator's license was suspended for twelve months. On the drive suspended conviction, he was sentenced to sixty days incarceration with forty days suspended, a fine of $200, and his operator's license was suspended for ninety days.

| | | | | |
|---|---|---|---|---|
| 09/30/00 (age 35) | DUI New Castle County Court of Common Pleas Wilmington, DE Case # 0010007106 | 03/19/01: DUI First Offender Program; 1 year unsupervised probation | 4A1.1(c) 4A1.2(f) | 1 |

Under the DUI First Offender Program, the sentence will not appear as a conviction if the defendant participates and completes the DUI Program, however, this charge involved an admission of guilt in open court. In accordance with this program, he was also sentenced to one year of unsupervised probation and ordered to pay related costs and fines. There is currently an outstanding capias for failure to pay fines and costs. As the defendant has been in custody since April 20, 2001, he has not been able to complete the First Offender Program.

43. The defendant has numerous convictions for minor traffic infractions and public intoxication which, pursuant to U.S.S.G. § 4A1.2(c)(2), are not counted.

Criminal History Computation

44. The criminal convictions result in 21 criminal history points. This includes 13 points counted under U.S.S.G. § 4A1.1(c). However, a maximum of four points can be counted for prior sentences under this subsection. Therefore, the subtotal criminal history score is 12.

45. At the time the instant offense was committed, the defendant was on probation to the Lynchburg, Virginia, Circuit Court. Pursuant to U.S.S.G. § 4A1.1(d), two points are added.

46. The instant offense was committed less than two years following the defendant's release from custody on June 29, 1998. Pursuant to U.S.S.G. § 4A1.1(e), one point is added.

47. The total of the criminal history points is 15. According to the Sentencing Table at U.S.S.G. Chapter 5, Part A, 15 criminal history points establish a criminal history category of VI.

Pending Charges

48. On November 5, 2001, the defendant was arrested on a charge of failure to appear in the Lynchburg Juvenile & Domestic Relations Court on February 28, 2000. He appeared in court, having waived counsel, on November 14, 2001. No information could be found regarding this charge except that it has been continued on the docket until November 13, 2002. As previously noted, there is an outstanding capias from Delaware for failure to pay fines and costs. Also pending in Delaware is a charge of criminal mischief under $1000, which is set for trial on March 19, 2002, in Wilmington, Delaware.

Other Arrests

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 49. | 10/23/80 (age 15) | 1) Attempted Felony Theft<br>2) Second Degree Conspiracy (2 counts)<br>3) Resisting a Police Officer<br>4) Felony Theft | Wilmington, DE, Police Department | Unobtainable |
| 50. | 11/03/81 (age 16) | Assault | Delaware State Police, Troop 6 Wilmington, DE | Unobtainable |
| 51. | 10/10/82 (age 17) | 1) Loitering<br>2) Disorderly Conduct<br>3) Resisting Arrest | Elsmere Police Department Wilmington, DE | Unobtainable |

| | | | | |
|---|---|---|---|---|
| 52. | 06/13/86 (age 20) | Resisting Police Officer | Wilmington, DE, Police Department | Unobtainable |
| 53. | 07/08/86 (age 21) | 1) Carrying Concealed Weapon 2) Resisting Police Officer 3) Operating Business Without License | Wilmington, DE, Police Department | Unobtainable |
| 54. | 10/25/86 (age 21) | 1) Criminal Impersonation 2) Hindering Prosecution | Wilmington, DE, Police Department | Unobtainable |
| 55. | 04/28/87 (age 21) | 1) Possession of Marjuana 2) Consumption of Alcohol on City Street | Wilmington, DE, Police Department | Unobtainable |
| 56. | 07/16/87 (age 22) | 1) Criminal Impersonation 2) Hindering Prosecution | Wilmington, DE, Police Department | Unobtainable |
| 57. | 12/22/87 (age 22) | Disorderly Conduct | Wilmington, DE, Police Department | Unobtainable |
| 58. | 12/01/90 (age 25) | Criminal Mischief | Wilmington, DE, Police Department | Unobtainable |
| 59. | 02/22/92 (age 26) | 1) Assault, 2nd Degree 2) Possession of Deadly Weapon During the Commission of a Felony 3) Reckless Endangering, 2nd Degree | New Castle County Superior Court, Wilmington, DE | 10/21/93: Nol prossed |

The victim failed to appear for trial.

| | | | | |
|---|---|---|---|---|
| 60. | 09/17/92 (age 27) | 1) Conspiracy, 2nd Degree 2) Theft under $500 3) Burglary, 2nd Degree 4) Criminal Mischief under $500 | New Castle County Superior Court Wilmington, DE | 10/02/93: Nol prossed |

| | | | | |
|---|---|---|---|---|
| 61. | 03/27/96 (age 30) | Reckless Driving | Lynchburg General District Court Lynchburg, VA | 07/02/96: Dismissed |
| 62. | 06/07/96 (age 30) | Assault & Battery | Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA | 08/06/97: Dismissed |

In this case it was alleged that the defendant committed assault and battery against Maggie Elliott, with whom he lived, on June 7, 1996. On July 3, 1996, the case was continued generally for twelve months to allow the Commonwealth's Attorney to locate the witness. The case was to be dismissed at the end of twelve months if it was not reset. The defendant waived counsel. Ultimately on August 6, 1997, it was dismissed.

| | | | | |
|---|---|---|---|---|
| 63. | 06/15/96 (age 30) | Drive Suspended | Lynchburg General District Court Lynchburg, VA | 08/12/96: Dismissed |
| 64. | 04/03/97 (age 31) | Assault & Battery | Lynchburg General District Court Lynchburg, VA | 05/29/97: Dismissed |
| 65. | 04/14/97 (age 31) | Failure to Pay Fine & Costs | Lynchburg Circuit Court Lynchburg, VA | 04/17/97: Dismissed |
| 66. | 05/05/97 (age 31) | Show Cause/ Contempt/Failure to Appear | Lynchburg General District Court Lynchburg, VA | 06/04/97: Nol prossed |
| 67. | 05/07/97 (age 31) | Failure to Appear | Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA | 05/28/97: Dismissed |
| 68. | 07/28/97 (age 32) | 1) Failure to Obey Order Regarding Blood Test 2) Failure to Appear | Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA | 10/03/97: Not guilty |
| 69. | 10/16/97 (age 32) | Assault & Battery | Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA | 10/06/97: Dismissed |

| | | | | |
|---|---|---|---|---|
| 70. | 01/11/99 (age 33) | Failure to Appear | Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA | 04/23/99: Not guilty |
| 71. | 01/22/99 (age 33) | Curse/Swear in Public | Lynchburg General District Court Lynchburg, VA | 06/17/99: Not guilty |
| 72. | 04/09/99 (age 33) | 1)Resist Arrest 2)DUI 2nd | Lynchburg General District Court Lynchburg, VA | 05/18/99: Not guilty |
| 73. | 05/17/99(0) (age 33) | Failure to Obey Order for Blood Test | Lynchburg Juvenile & Domestic Relations Court Lynchburg, VA | 08/13/99: Not guilty |
| 74. | 05/18/99 (age 33) | Petit Larceny | Lynchburg Circuit Court Lynchburg, VA | 10/06/99: Dismissed |
| 75. | 06/12/99 (age 33) | Capias/Violation Pretrial Services/Fail to Report | Lynchburg General District Court Lynchburg, VA | 08/23/99: Dismissed |
| 76. | 06/13/99 (age 33) | Possession of Marijuana | Lynchburg General District Court Lynchburg, VA | 08/23/99: Nol prossed |
| 77. | 09/21/99 (age 34) | Assault | Lynchburg General District Court Lynchburg, VA | 11/04/99: Dismissed |
| 78. | 10/30/99 (age 34) | 1) Assault & Battery 2) Failure to Appear | Lynchburg Circuit Court Lynchburg, VA Docket #'s CR99011747-00/01 | 11/07/01: Nol prossed |
| 79. | 11/17/99 (age 34) | Petit Larceny | Lynchburg General District Court Lynchburg, VA | 12/06/99: Not guilty |

| | | | | |
|---|---|---|---|---|
| 80. | 11/30/99 (age 34) | Property Damage | Lynchburg General District Court Lynchburg, VA | 01/04/02: Nol prossed |
| 81. | 12/02/99 (Age 34) | Property Damage | Lynchburg General District Court Lynchburg, VA | 01/04/02: Nol prossed |
| 82. | 12/11/99 (Age 34) | Possession of Marijuana | Lynchburg General District Court Lynchburg, VA | 01/04/02: Nol prossed |
| 83. | 12/18/99 (age 34) | Assault & Battery | Lynchburg Juvenile & Domestic Relations Court | 12/03/01: Nol prossed |
| 84. | 12/27/99 (age 34) | Assault & Battery | Lynchburg General District Court Lynchburg, VA | 02/25/00: Dismissed |
| 85. | 01/02/00 (Age 34) | Possession of Marijuana | Lynchburg General District Court Lynchburg, VA | 01/04/02: Nol prossed |
| 86. | 06/04/00 (age 34) | Assault 3rd Degree | New Castle County Court of Common Pleas Wilmington, DE | 10/26/00: Dismissed |
| 87. | 09/30/00 (age 35) | Offensive Touching | New Castle County Court of Common Pleas Wilmington, DE | 01/08/01: Dismissed |
| 88. | 11/06/00 (age 35) | Offensive Touching | New Castle County Family Court Wilmington DE | 11/30/00: Nol prossed |
| 89. | 12/05/00 (age 35) | Breach of Release (Misdemeanor) | New Castle County Court of Common Pleas Wilmington, DE | 01/18/01: Dismissed |

**PART D. SENTENCING OPTIONS**

Custody

108. **Statutory Provisions:** The maximum term of imprisonment for each count is 5 years. 18 U.S.C. § 287. Therefore, the total maximum term of imprisonment is 100 years.

109. **Guideline Provisions:** Based on a total offense level of 14 and a criminal history category of VI, the guideline range for imprisonment is 37 to 46 months. U.S.S.G. Chapter 5, Part A.

Supervised Release

110. **Statutory Provisions:** If a term of imprisonment is imposed for each of these counts, the court may impose a term of supervised release of not more than three years on each count. 18 U.S.C. § 3583(b)(2). All terms of supervised release run concurrently. 18 U.S.C. § 3624(e).

111. **Guideline Provisions:** The guideline range for a term of supervised release is at least two years but not more than three years. U.S.S.G. § 5D1.2(a)(2). Supervised release is required if the court imposes a term of imprisonment of more than one year. U.S.S.G. § 5D1.1(a).

Probation

112. **Statutory Provisions:** The defendant is eligible for not less than one nor more than five years probation. 18 U.S.C. § 3561(c)(1).

113. **Guideline Provisions:** Because the guideline range falls in Zone C or Zone D, the defendant is not eligible for probation. U.S.S.G. § 5B1.1.

Fines

114. **Statutory Provisions:** The maximum fine for each count is $250,000 for a total of $5,000,000. 18 U.S.C. § 3571. A special assessment of $2,000 is mandatory. 18 U.S.C. § 3013.

115. **Guideline Provisions:** The fine range for the instant offense is from $4,000 to $40,000. U.S.S.G. § 5E1.2(c)(3).

116. Subject to the defendant's ability to pay, the court, in determining the total fine, shall consider the costs to the government of any imprisonment, probation, or supervised release, pursuant to U.S.S.G. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of imprisonment totaling $1,800.11; a monthly cost of residence in a halfway house totaling $1,593.32; and a monthly cost of supervision totaling $243.98.

Restitution

117. Restitution shall be ordered in this case. 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1(a)(1). Restitution in the amount of $20,521.80 is outstanding and payments may be forwarded to Internal Revenue Service, P.O. Box 245, Bensalem, PA 19020.

**PART E. FACTORS THAT MAY WARRANT DEPARTURE**

118. Presentation of information in this section does not necessarily constitute a recommendation by the probation officer for a departure.

119. Grounds for departure may exist pursuant to U.S.S.G. § 4A1.3 in that the defendant's criminal history category significantly under-represents the seriousness of his criminal history and the likelihood that he will commit further crimes.

Respectfully submitted,

S. Kimberly Mason

S. Kimberly Mason
U.S. Probation Officer

Approved:

Joseph A. Rains
Supervising U.S. Probation Officer

February 11, 2002
Date

| | | | | |
|---|---|---|---|---|
| 90. | 02/05/01 (age 35) | Criminal Trespass, 2nd Degree | New Castle County Family Court Wilmington, DE | 01/22/01: Dismissed |
| 91. | 11/05/01 (age 36) | Capias/Failure to Appear (2 counts) | Lynchburg General District Court | 01/04/02: Nol prossed |
| 92. | 11/07/01 (Age 36) | Show Cause/Failure to Appear (2 counts) | Lynchburg General District Court | 01/04/02: Nol prossed |

93. The defendant also has other arrests for disorderly in public, drunk in public, and contempt which were ultimately dismissed or nol prossed.

**PART C. OFFENDER CHARACTERISTICS**

It should be noted that the defendant, during the presentence interview, offered only limited information pertaining to his background and refused to answer some questions, particularly those pertaining to his family background. There are discrepancies between information provided by the defendant during the presentence interview and information gathered from other sources, as indicated below.

Personal and Family Data

94. During the presentence interview, Johnson reported that he was born in Wilmington, Delaware, however a post sentence report prepared by a Virginia state probation officer in October of 1998 indicates that Johnson was born in Kissimee, Florida, on June 23, 1965. He states that he does not know who his father was and that his mother's name is Ethel Mae Johnson. He referred to Ms. Johnson as his "mother or stepmother", apparently uncertain of their actual relationship. During the interview, he refused to provide names of his siblings, however it appears from the pretrial services interview which was conducted in Delaware, that he has two brothers, Jerry Johnson and Haywood Johnson, two sisters whose names were not identified, and possibly others. Testimony during trial revealed that one of Johnson's sisters is Doris Johnson Eubanks. The defendant says that he was raised by his older sister and that there was poor communication between family members. He states that he resided the majority of his life in Wilmington, Delaware, moved to the Lynchburg, Virginia, area approximately five years ago, and then relocated back to Delaware.

95. Johnson reports that he has never been married and has three children, the two oldest having the same mother. He would not provide names of the children or their mothers. However, as indicated in the pretrial services report, his children are Sharey Roach, age 19, and Emmanuel Roach, age 17, who were born to a relationship which the defendant had with Kelly Roach. The pretrial report adds that Kelly Roach denies that the defendant is Emanuel's father whose actual last name is Cooper and that the defendant has never contributed anything to the upbringing of his daughter Sharey. During the pretrial interview, he indicated that his youngest daughter was adopted by a third party and offered no further details regarding this child.

Ronald G. Johnson 9[illegible]131-015

Physical Condition

96. Ronald Johnson stands 6 feet tall, weighs 170 pounds, and has brown eyes and black hair. He claims that he has no tattoos and no scars. Johnson states that he is in good physical health.

Mental and Emotional Health

97. Johnson recalls that he was diagnosed more than 15 years ago with paranoid schizophrenia and bipolar disorder (manic depression). He states that he has received mental health services from Christiana Hospital in Delaware in the past but could not afford continued services. Records have been requested from this hospital but have not been received by the date of this report. He asserts that he has received the majority of his mental health treatment during times of incarceration.

98. A forensic evaluation for competency to stand trial was conducted for the Lynchburg, Virginia, Circuit Court in 1998 and lists a diagnosis of psychotic disorder not otherwise specified and "cocaine abuse by prior history in a controlled environment."

99. Virginia state probation records show that the defendant had been instructed by his probation officer in 1999 to participate in a mental health evaluation and to take his medication as directed, however, he failed to do both. Records from Central Virginia Community Services, where he was referred by his state probation officer, indicate that Johnson initiated mental health services treatment there on August 4, 1999. His suspected diagnoses, or diagnoses to be ruled out, were bipolar disorder, cocaine abuse, alcohol abuse, and anti-social personality disorder or personality disorder not otherwise specified. On February 23, 2000, his case was closed administratively due to lost contact with the defendant. It was recommended in the discharge summary that Johnson pursue substance abuse services.

100. The competency evaluation which was conducted for the current prosecution indicates a diagnosis of paranoid personality disorder with narcissistic traits. Currently, the defendant is taking Seroquel, 100 mg, 3 times per day.

Substance Abuse

101. Johnson claims a history of alcohol abuse, which he "corrected" in his early twenties, and a history of experimentation with marijuana, amphetamines ("black beauties"), and barbiturates ("yellow jackets"). He states that he began drinking alcohol at age 16 and eventually used alcohol and cigarettes in an attempt to control his mental illness. In his early twenties, according to Johnson, he attended Alcoholics Anonymous and "drug meetings" voluntarily. Regarding his use of marijuana, he estimates that he has used this substance less than ten times and states that he experimented with amphetamines and barbiturates as a teenager. He denies ever attending substance abuse treatment.

102. It should be noted that the competency evaluation conducted for Lynchburg, Virginia, Circuit Court in 1998 indicates that the defendant reported use of cocaine beginning at age 26 for approximately four years. At that time he denied any recent use or significant problems resulting from his use of cocaine. Also, Central Virginia Community Services records show



that Johnson reported sporadic use of cocaine and crack for approximately seven years during his twenties.

Education and Vocational Skills

103. The defendant claimed during the presentence interview that he completed grade twelve at Newark High School in Newark, Delaware, in 1982, however, records from this school show only that he attended the last half of the 1980-81 school year as a ninth-grader, earning C's, D's, and F's. He also states that he attended Job Corps in Woodstock, Maryland, in 1984 for one year but did not complete the program because he chose to take a job instead.

104. In contrast to the information provided by Johnson, a post sentence report prepared in 1998 by a Virginia state probation officer indicates that the subject completed grade nine. This is also corroborated by the competency evaluation that was conducted for the Lynchburg, Virginia, Circuit Court in 1998.

Employment Record

105. The defendant reports that for the last three years he has been self-employed performing landscaping, handyman work, and tax preparation, and that he has worked through temporary agencies in Delaware and Virginia. He states that prior to this he worked on and off for 20 years for William Anderson, a farmer in Delaware. A Social Security Administration earnings history indicates that the defendant has been employed by the following companies: Manpower International, Wendy's of Western Virginia, Alpha-Omega Resources, Preferred Labor, and Brewer Personnel Services, Inc., among several others where he worked only briefly.

106. Employment data has been received from several previous employers. Metro Staffing of Newark, Delaware, indicates that the defendant worked three days between May 12, 2000, and February 5, 2001 through their agency. Alpha-Omega, Forest, Virginia, indicates that the defendant worked ten assignments from January 29, 1997, until April 11, 1999, most of which ended with the defendant not appearing for work. Wendy's of Western Virginia indicates that the defendant worked at a Lynchburg, Virginia, location from February 29, 1996 until April 29, 1996.

Financial Condition: Ability to Pay

107. The defendant reports no assets, debts, or income. However, a credit report details the following debts in collections and judgments: $193 owed to Christiana Care, $32 owed to Verizon, $350 owed to the City of Lynchburg, $95 owed to Lynchburg Emergency Physicians, $171 owed to American Electric Power, $70 owed to VEC, and judgments of $130 to Lynchburg Emergency Physicians and $987 to Colonial Insurance Company. This yields a total debt of $2,208. Based upon the defendant's financial condition, his limited earning potential, and his restitution obligation, it does not appear that he is able to pay a fine within the guideline range.

# United States District Court
# For The District of Delaware

| | |
|---|---|
| Re: Ronald G. Johnson<br>V.<br>United States of America<br>United States Probation Office | Civil Action No. ________ |

Dear; Clerk

Please do not misconstrue this Petition for Writ of Habeas Corpus Pursuant to Title 18 USC 2241 (c)(3) with any other Case.

Please Send me a Stamped Copy of this Petition with a "Case Number"

## Administrative Notice

I have Served the United States Attorney General's office and the United States Probation Office.

I have provided you with Original and Four Copies so You Can Serve the a Copy with a Case Number So we Can Proceed according to Role of Civil Procedure

h and Affidavit; I Declare the Above true under perjury [signature] May 31, 2006

Ronald G. Johnson
#182421/H.R.Y.C.I.
P.O. Box 9561
Wilmington, Delaware 19809

U.S.M.S.
X-RAY

Office OF The Clerk
United States District Court
For The District OF Delaware
844 N. King Street
Wilmington, Delaware 19801