IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF ) <br> AMERICA, and the UNITED ) <br> STATES PROBATION ) <br> OFFICE, ) <br> ) <br>     Respondents. ) | Crim. A. No. 05-29-KAJ |

**ORDER**

At Wilmington this 14th day of August, 2006;

IT IS ORDERED that:

1. Petitioner Ronald G. Johnson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. (D.I. 33.) *See* Rule 4(b), 28 U.S.C. foll. § 2255 ("If it plainly appears form the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."); *McFarland v. Scott,* 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

In December 2001, a federal jury in the United States District Court for the Western District of Virginia convicted Johnson on twenty counts of aiding and abetting in the preparation of fraudulent tax returns in violation of 18 U.S.C. §§ 2 and 282. The court sentenced him to forty-six months imprisonment, followed by three years of supervised release. (D.I. 19.)

Johnson's supervised release began immediately upon his release from federal prison on February 10, 2005. In April 2005, I accepted jurisdiction over Johnson's supervised release upon a transfer request from the United States District Court for the Western District of Virginia. (D.I. 1; D.I. 3.) On April 16, 2005, Johnson was arrested in the State of Delaware and charged with resisting arrest, menacing, offensive touching, first degree unlawful imprisonment, and possession of a deadly weapon during the commission of a felony. (D.I. 4.) Consequently, on May 19, 2005, a U.S. Probation Officer filed a Petition for Action on Violation of Supervised Release and requested a warrant for Johnson's arrest. *Id*. I issued a warrant on May 24, 2005. *Id*.

On April 24, 2006, Johnson was transferred from state to federal custody pending his federal supervised release revocation hearing. *(See* D.I. 5 in *U.S.A. v. Johnson*, 05-cr-29-KAJ.) I conducted the violation of supervised release hearing on May 12, 2006, and, for the reasons stated during the hearing, I ordered Johnson to be placed in a suitable federal facility for the purpose of having a complete and thorough medical study to aid me in determining the appropriate sentence. (D.I. 28.) Johnson was held at the Howard R. Young Correctional Institute, in Wilmington, Delaware while he was awaiting the transfer to a federal facility. (*See, e.g.* D.I. 40.) Johnson was designated to the Federal Detention Center in Miami, Florida on July 12, 2006, and he arrived at that facility on July 25, 2006. (D.I. 46.)

Johnson filed the instant § 2241 petition on June 5, 2006, contending that his continuing detention is unconstitutional because the United States District Court for the Western District of Virginia did not have jurisdiction to convict him in 2001 in the first place. This argument challenges the legality of Johnson's conviction and sentence,

2

rather than the execution of his sentence. See 28 U.S.C. § 2255, ¶ 2. Thus, Johnson's claim must be asserted in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in that court, not in a petition asserted under 28 U.S. § 2241 filed here. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 484 - 86 (3d Cir. 2001).

Admittedly, § 2255 contains a safety-valve permitting a federal prisoner to challenge the legality of his conviction pursuant to 28 U.S.C. § 2241 if a § 2255 motion is ineffective or inadequate to test the legality of his detention. 28 U.S.C. § 2255, ¶ 5; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Johnson, however, has not asserted any argument to warrant application of the safety-valve. Additionally, even though the record reveals that the instant § 2255 motion is second or successive,[1] that fact does not render a § 2255 motion ineffective or inadequate to test the legality of Johnson's detention. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (holding that § "2255 is not ineffective or inadequate merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended 2255."); Dorsainvil, 119 F.3d at 251. Simply stated, Johnson had a "fair opportunity to seek collateral relief,"

---

[1] Johnson apparently filed three § 2255 motions in the Western District of Virginia; the first § 2255 motion was denied as meritless and procedurally barred, and the subsequent two § 2255 motions were denied as second or successive. Johnson v. USA, Civ. Act. No. 06-108, Mem. Op., Judge Norman K. Moon (W.D. Va Mar. 2, 2006); Johnson v. USA, Civ. Act. No. 03-208 & 615, Mem. Op., Judge Norman K. Moon (W.D. Va. Feb. 27, 2004); Johnson v. USA, Crim. Act. No. 01-10019, Order, Judge Norman K. Moon (W.D. Va. May 18, 2006).

and he cannot utilize § 2241 to circumvent the procedural requirements of § 2255. *Cradle*, 290 F.3d at 539.

Finally, although I have the authority to transfer the case to any district in which it could have been brought if such transfer is in the interest of justice, I decline to do so. *See* 28 U.S.C. § 1406(a). Because his § 2255 motion is second or successive, Johnson cannot file the instant motion in the United States District Court for the Western District of Virginia without prior authorization from the Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2255 ¶ 8; 28 U.S.C. § 2244(b)(3)(A). Johnson has not obtained such authorization, thus, it would not be in the interest of justice to transfer the motion to the Western District of Virginia.

2. I will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

3. The clerk of the court is directed to mail a copy of this order to Johnson and to the respondents.

_____
UNITED STATES DISTRICT JUDGE