In The United States District Court
For The District of Delaware

Ronald G. Johnson #04431-015    New Federal Inmate Number
Petitioner    Federal Detention Center
             P.O. Box 019120    )  Civil Action No. _____
V.    Miami, Florida 33101-9120    )  Criminal Action No. 05-29-K.A.J.
United States of America,    )
United States Probation Office    )

1.) "    \  Rule 60(b)  And

2.) Motion For Reconsideration Of Petition For Writ Of Habeas Corpus Pursuant To Title 28 USC 2241(c)(3) "

     Comes Now, The Defendant and Moves this Honorable Court For Reconsideration In support thereof Petitioner assert the following.

And

3.) Writ Of Error Of District Court

FILED

AUG 24 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

     Comes Now, The Petitioner and Defendant and File this Petition For Writ Of Error Pointing out the Errors of this Court Honorable Judge Kent A. Jordan Errors.

4.)        Statement Of The Facts

     a.) First Error of the Court is a Petition For Writ of Habeas Corpus is a "Civil Action Lawsuit" Not a Criminal Proceeding. You have Failed to give me a Separate Civil Action Number to my Complaint. Any Appeal would be misconstrued with my Criminal Case 05-29-K.A.J .

b.) <u>Second Error</u> Title 18 USC 282 is not a part of my Criminal Conviction. You State "In December 2001, a Federal Jury in the United States District Court, For The Western District OF Virginia Convicted Johnson of twenty Counts of aiding and abetting in the preparation of fraudulent tax returns in violation of 18 USC 2 and 282."

## Facts OF The Case

c.) I was never indicted or Convict of aiding and abetting Title 18 USC 2 and 282

5) ## Proper Charge OF Grand Jury

a.) The Grand Jury indicted me For Violations of Title 18 USC "<u>287</u>" Filing False Claims and nothing else So I Can not be Convict of nothing else then What I was indicted For. It would be a 6th Amendment Violation as Shown in my Original Petition. Using Supreme Court of United States Ruling and Mandate See: Stirone v. United States et al.

6) ## " Certified Question And Issue For Review "

<u>The Issue OF What I am Convicted OF You Have Not Answered</u>

d.) <u>Third Error</u> is you Claim I was Convicted of aiding and abetting in violation of Title 18 USC 2 and ?

Fourth Error, ## Contradiction OF District Court's Claim

The United States District Court, For the Western District OF Virginia Lynchburg Virginia Division, Judge Norman K. Moon in Civil Action No. 06-68 opinion was that I am Convicted only OF 20 Counts of Title 18 USC 287 Filing False Claims. Upon and Against Philadelphia Pennsylvania I.R.S., Which District Court Locked Jurisdiction

7.) District Court For The Western District OF Virginia (Lynchburg Virginia)

" The Convicting District Court Contradicting Himself

In These Two Cases Johnson V. U.S.A. Criminal Action No.

01-10019  And Johnson V. U.S.A (Civil Action No 06-108)

Judge Norman K. Moon Contridicted himself twice in my trial proceedings. And After Conviction.

a) After Conviction in his Memorandum he Claims I am Convicted of aiding and abetting in the preparation of fraudulent tax forms See Court Docket Sheet Criminal Action No. 01-10019

b.) When I Presented a Petition Pursuant To Title 28 USC 2255 Motion To vacate, Set aside a illegal Conviction and Sentence that would prove I was not Convict of aiding and abetting and it was not a Charge of the grand jury he Contradicted his prior Memorandum See Civil Action No. 06-108. (He Claims I am Convict of Filing False claims in violation of Title 18 usc 287.)

8.)              Concluding

The Fact Both Courts Do Not Know What I AM Convicted OF Is Ground For Writ OF Habeas Corpus. Pursuant To Title 28 USC 2241(C)(3) And Constitutional Violation "

Both Court do not know what I am Convicted of. Which is a Constitutional Violation. As Presented in my Petition I did not Know the Cause and Claims against me during my Criminal trial.

9.)         Other Errors OF Court

Certified Question And Issue For Review

" What's the Diffinition And Meaning OF The Only Charge OF My Grand Jury Indictment Title 18 USC 287 "

As I Present to the Court in my petition for Writ OF

(3)

Habeas Corpus, I cannot be Convicted of Aiding and abetting because it was not a Charge of the Grand Jury.

10.)    "Defective Indictment" & "Lack Of Jurisdiction"

The Indictment was Defective, because I was only Charged with a offense against Philadelphia Pennsylvania I.R.S. The Court and United States Lack Jorisdiction to Indict or Prosecute. I cannot be Indicted in Virginia for a offense against or happen in Philadelphia Pennsylvania

11.)    Exhaustion Of All Remedies Already Done ("See Toms vs United States 5 L Ed 2d 970 -990)
28 USC 2255 Procedures Are Exhausted

a) Fifth Error. I presented to You District Court Numerous Circuit Mandates showing once I have Exhaust all remedies in Convicting Court I can then bring them to Court of Custody.

b.) I Cannot again present these same issues in Sentencing and Convicting Court again.
"Error Of Court"

12)  I Have Assert That A 28 USC 2255 Is Ineffective or Inadequate To Test The Legality Of My Detention, And The Application Of The Safty Value Is warranted.

a) Six Error The Court Acknowledge "Admittedly, 2255 Contains a Safty-value permitting a Federal ~~prisoner~~ prisoner to Challenge the legality of his Conviction pursuant to title 28 USC ~~2255~~ 2241 if a 2255 Motion is ineffective or inadequate to test the Legality of his detention.

Fact Of The Case

b.) I did assert my Claims that the 28 USC 2255 remedy was not available And that it had been exhausted.

c.) I Sought Collateral review and this is my next and appropriate remedy.

## Statement Of The Facts

13.)

a.) There is no time bars for Lack of Jurisdiction Claims. If the Sentencing Court lack jurisdiction and Authority to Convict in the First place.

b.) A 28 USC 2255 may not be ineffective or inadequate merely because the sentencing Court does not grant relief. But because you can not File the same issues again on 2255 Matters it ineffective or inadequate. The other remedies would be to Appeal but once you have or fail to timely that door closes.

14.) "The Supreme Court And Circuit Court Mandates Already Presented In My Petition Only Requests Exhaustion of All Remedies Which Has Been Properly Done"

a.) You The District Court already acknowledges that I can bring it by the saving clause or Safety Value. You make a showing of people who are not entitle to bring a Petition For Writ of Habeas Corpus. But none of those apply to me..

My 28 USC 2255 was timely, I Exhause all remedies, There no time bar for Juridictional Claims, The issue can not again be braught back to Convicting Court. Therefore I am entitle to relief Prayed. This is my next remedy.

15.)    Conclusion; Relief Prayed Writ Of Habeas Corpus"
You trieng to Claim I can go to the Third Circuit and get authorization from the Court of Appeals is in Error because I have already presented these issue to the District Court the First time And Can not repeat the same Claims. So all remedies are Exhausted. And the 2255 is imeffective and inadequate.

16.)  "Proof Of Service And Oath and Affidavit "
    I Declare that the forgoing is true and Correct under penalty of perjury I Further Declare a true and full Copy was mailed on the list below parties. 1) U.S. Attorney  2.) U.S. Probation Office and office. And Original to this Court. Declared August 18, 2006  Signed Donald Dabu~

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON,          )
                            )
        Petitioner,         )
                            )
v.                          )  Crim. A. No. 05-29-KAJ
                            )
UNITED STATES OF            )
AMERICA, and the UNITED     )
STATES PROBATION            )
OFFICE,                     )
                            )
        Respondents.        )

**O R D E R**

At Wilmington this $\underline{14^{th}}$ day of August, 2006;

IT IS ORDERED that:

1. Petitioner Ronald G. Johnson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. (D.I. 33.) *See* Rule 4(b), 28 U.S.C. foll. § 2255 ("If it plainly appears form the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."); *McFarland v. Scott,* 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

In December 2001, a federal jury in the United States District Court for the Western District of Virginia convicted Johnson on twenty counts of aiding and abetting in the preparation of fraudulent tax returns in violation of 18 U.S.C. §§ 2 and 282. The court sentenced him to forty-six months imprisonment, followed by three years of supervised release. (D.I. 19.)

Johnson's supervised release began immediately upon his release from federal prison on February 10, 2005. In April 2005, I accepted jurisdiction over Johnson's supervised release upon a transfer request from the United States District Court for the Western District of Virginia. (D.I. 1; D.I. 3.) On April 16, 2005, Johnson was arrested in the State of Delaware and charged with resisting arrest, menacing, offensive touching, first degree unlawful imprisonment, and possession of a deadly weapon during the commission of a felony. (D.I. 4.) Consequently, on May 19, 2005, a U.S. Probation Officer filed a Petition for Action on Violation of Supervised Release and requested a warrant for Johnson's arrest. *Id.* I issued a warrant on May 24, 2005. *Id.*

On April 24, 2006, Johnson was transferred from state to federal custody pending his federal supervised release revocation hearing. *(See* D.I. 5 in *U.S.A. v. Johnson,* 05-cr-29-KAJ.) I conducted the violation of supervised release hearing on May 12, 2006, and, for the reasons stated during the hearing, I ordered Johnson to be placed in a suitable federal facility for the purpose of having a complete and thorough medical study to aid me in determining the appropriate sentence. (D.I. 28.) Johnson was held at the Howard R. Young Correctional Institute, in Wilmington, Delaware while he was awaiting the transfer to a federal facility. *(See, e.g.* D.I. 40.) Johnson was designated to the Federal Detention Center in Miami, Florida on July 12, 2006, and he arrived at that facility on July 25, 2006. (D.I. 46.)

Johnson filed the instant § 2241 petition on June 5, 2006, contending that his continuing detention is unconstitutional because the United States District Court for the Western District of Virginia did not have jurisdiction to convict him in 2001 in the first place. This argument challenges the legality of Johnson's conviction and sentence,

2

rather than the execution of his sentence. *See* 28 U.S.C. § 2255, ¶ 2. Thus,

Johnson's claim must be asserted in a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 filed in that court, not in a petition asserted under 28 U.S.

§ 2241 filed here. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.

2005); *Coady v. Vaughn,* 251 F.3d 480, 484 - 86 (3d Cir. 2001).

Admittedly, § 2255 contains a safety-valve permitting a federal prisoner to

challenge the legality of his conviction pursuant to 28 U.S.C. § 2241 if a § 2255 motion

is ineffective or inadequate to test the legality of his detention. 28 U.S.C. § 2255, ¶ 5;

*In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997). Johnson, however, has not asserted

any argument to warrant application of the safety-valve. Additionally, even though the

record reveals that the instant § 2255 motion is second or successive,[1] that fact does

not render a § 2255 motion ineffective or inadequate to test the legality of Johnson's

detention. *Cradle v. United States,* 290 F.3d 536, 539 (3d Cir. 2002) (holding that §

"2255 is not ineffective or inadequate merely because the sentencing court does not

grant relief, the one-year statute of limitations has expired, or the petitioner is unable to

meet the stringent gatekeeping requirements of the amended 2255."); *Dorsainvil,* 119

F.3d at 251. Simply stated, Johnson had a "fair opportunity to seek collateral relief,"

---

[1]Johnson apparently filed three § 2255 motions in the Western District of
Virginia; the first § 2255 motion was denied as meritless and procedurally barred, and
the subsequent two § 2255 motions were denied as second or successive. *Johnson v.
USA,* Civ. Act. No. 06-108, Mem. Op., Judge Norman K. Moon (W.D. Va Mar. 2, 2006);
*Johnson v. USA,* Civ. Act. No. 03-208 & 615, Mem. Op., Judge Norman K. Moon (W.D.
Va. Feb. 27, 2004); *Johnson v. USA,* Crim. Act. No. 01-10019, Order, Judge Norman K.
Moon (W.D. Va. May 18, 2006).

3

and he cannot utilize § 2241 to circumvent the procedural requirements of § 2255.
*Cradle*, 290 F.3d at 539.

Finally, although I have the authority to transfer the case to any district in which it
could have been brought if such transfer is in the interest of justice, I decline to do so.
*See* 28 U.S.C. § 1406(a). Because his § 2255 motion is second or successive,
Johnson cannot file the instant motion in the United States District Court for the
Western District of Virginia without prior authorization from the Court of Appeals for the
Fourth Circuit. *See* 28 U.S.C. § 2255 ¶ 8; 28 U.S.C. § 2244(b)(3)(A). Johnson has not
obtained such authorization, thus, it would not be in the interest of justice to transfer the
motion to the Western District of Virginia.

2. I will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2);
*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2
(2000).

3. The clerk of the court is directed to mail a copy of this order to Johnson and
to the respondents.

UNITED STATES DISTRICT JUDGE

4

MIAMI FL 331

Legal Mail AUG 2006 PM 5 L

Ronald G. Johnson
# 04431-015
Federal Detention Center (Miami, Florida)
P.O. Box 019120
Miami, Florida 33101-9120

Office of The Clerk
United States District Court
For The District of Delaware
844 N. King Street
Wilmington, Delaware 19801

13801+35513   C012