IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 05-29-KAJ |
| ) | |
| RONALD G. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S EX PARTE EMERGENCY MOTION FOR TRANSFER BACK TO DISTRICT COURT

COMES NOW the United States of America, by and through its undersigned attorneys, and hereby responds to the Defendant's *Ex Parte* Emergency Motion For Transfer Back To District Court as follows:

(1) By Order dated May 30, 2006, this Court authorized a medical examination of the defendant to aid in sentencing for his violation of supervised release. Docket Item ("D.I.") 28.

(2) On September 8, 2006, the defendant's instant motion was filed with the Court. D.I. 53. By that Motion, the defendant requests that the U.S. Marshal's Service be "ordered to return [him]" from the Federal Detention Center ("FDC") in Miami, Florida to the District of Delaware.

(3) On September 14, 2006, counsel for the government spoke with Dr. Jorge Luis, the psychologist assigned to evaluate Mr. Johnson. Dr. Luis confirmed that the defendant's medical evaluation at FDC-Miami has been completed and further indicated that he was in the process of completing the report ordered by the Court with respect to that evaluation.

(4)  On September 19, 2006, counsel for the government spoke with a representative of the U.S. Marshal's Service in the District of Delaware. During that telephone call, counsel learned that on September 18, 2006, the local U.S. Marshal's Service received notification, via facsimile, that Mr. Johnson's medical evaluation was complete and that his transfer from FDC-Miami back to the custody of the U.S. Marshal's Service in the District of Delaware was authorized. It is counsel's understanding from that telephone conversation that the process of transporting the defendant from Florida to Delaware has now begun.

(5)  The defendant will be returning to this District via U.S. Marshal's Service transport in the near future. Accordingly, while the government has no opposition to the Court's granting the defendant's motion, it appears that the mechanism for the relief sought by the defendant – that he be transferred back to this District – has already been put into place.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

    By: _____
    Shannon T. Hanson
    Assistant United States Attorney

Dated: September 19, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                         )<br>          Plaintiff,                            )<br>                                                         )<br>     v.                                              )          Criminal Action No. 05-29-KAJ<br>                                                         )<br>RONALD G. JOHNSON,              )<br>                                                         )<br>          Defendant.                       )  | |

## CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the Office of the United States Attorney for the District of Delaware, hereby certify that on the 19th day of September, 2006, I caused to be filed Government's Response to Defendant's Ex Parte Emergency Motion For Transfer Back to District Court with the Clerk of Court via ECF. I further certify that a copy of the foregoing was mailed via First Class Mail and hand delivered to counsel of record as follows:

Joseph A. Gabay, Esquire
1201 N. Market Street, Suite 900
Wilmington, DE 19801

Ronald G. Johnson, pro se
Inmate # 04431-015
Federal Detention Center
P.O. Box 019120
Miami, FL 33101-9120

_____
Marie Steel
Legal Assistant