In The United States District Court
For The District OF Delaware

United States OF America )
V. )
)Criminal Action No.
Ronald G. Johnson #04431-015 )
   Address )
   Federal Detention Center ]
   P.O. Box 562
   Philadelphia, Pennsylvania 19106

FILED

OCT 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dear: Clerk
Please immediately notify the District
Court & Honorable Kent A. Jordan that I
have maxed-out my Sentence possible

"
## Administrative Notice

The Defendant Has Maxed-Out And Served Over The
Maximum Sentence For This Grade C Technical Violation"

1.)      " Statement OF The Facts "

a.) The Defendant has been incarcerated Since May, 2005 For
this Grade C Technical Violation. It's now October, 2006
" 17 months has pasted ". The Sentence Guildeline For a
Grade C Technical Violation With maximum Criminal History
Catorgory VI   Carries 8-14 months maximum applicable
Sentence .

2.)         18 USCS 7B1.1

a.) 7B1.1  Classification oF Violation (Policy Statement)

b.) 7B1.1 (a)(3)(B) Grade C Violation (a Violation oF any Condition
oF Supervision)

c.) 7B1.4 Term OF Imprisonment (Policy Statement)

" Revocation Sentencing Table "

d.) (a range of imprisonment applicable upon revocation is set forth in the following table see: Revocation Table Grade C : Criminal History Catorgory VI 8-14 months applicable Sentence )

" Proper Sentence Range "

e.) Sentencing at the top of the range is not applicable Pursuant to Title 18USC 3553 (a)(1)(2)(4). The Technical Violation here Consist of Defendant being drunk in bed 12:00 Midnight the fact that the Defendant was drunk was discovered by a Fourth Amendment Violation, Illegal Search and Seizure And Defendant's Stomach being pumped against his will. Further the evidence at the Violation of Probation Hearing Show the Defendant got drunk because of Serious Mental Stress and to make him unable to get in any trouble he might of got in had he been Sober while going threw Serious Problems in life (that day). (See : Defense made at Hearing of lesser of the two evils and incompotency and Insane defense.) Defendant's mother was dying and died while he has been in Custody for this simple, minor, lowest Violation. Defendant Future wife went insane this same night, And officers Sought to blame defendant of Serious Felony Charges and did Charge him, had the Defendant been Sober enough to Commit the offense he mostlikely would of been Convicted of the accuse Serious Felony Charges of the officers. Which illegal arrest of these Same officer Sparked the Violation of Probation Revocation Proceeding. When it was seen there was no Chance of obtaining a Conviction or Violation of Probation Revocation for the Charge over a year later it was Change to Say I was drunk.

" Certificate of Service (And) Oath And Affidavit "

I Declare under penalty of perjury that the foregoing is true and Correct (And) The U.S. Probation office and U.S. Attorney's office Shannon Tree Hanson was Served a true and full Copy Declared October 16, 2006   signed   Ronald Johnson

**§7B1.4.**    <u>Term of Imprisonment</u> **(Policy Statement)**

    (a)    The range of imprisonment applicable upon revocation is set forth in the following table:

### Revocation Table
### (in months of imprisonment)

| Grade of Violation | | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|---|
| Grade C | | 3-9 | 4-10 | 5-11 | 6-12 | 7-13 | 8-14 |
| Grade B | | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| Grade A | (1) | Except as provided in subdivision (2) below: | | | | | |
| | | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| | (2) | Where the defendant was on probation or supervised release as a result of a sentence for a Class A felony: | | | | | |
| | | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63. |

The heading row reads: **Criminal History Category\***

\*The criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision.

    (b)   *Provided*, that --

        (1)    Where the statutorily authorized maximum term of imprisonment that is imposable upon revocation is less than the minimum of the applicable range, the statutorily authorized maximum term shall be substituted for the applicable range; and

        (2)    Where the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range, the minimum term of imprisonment required by statute shall be substituted for the applicable range.

        (3)    In any other case, the sentence upon revocation may be imposed at any point within the applicable range, provided that the sentence --

            (A)    is not greater than the maximum term of imprisonment authorized by statute; and

            (B)    is not less than any minimum term of imprisonment required by statute.