IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-29-KAJ |
| | ) | |
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S FILING ENTITLED "ADMINISTRATIVE NOTICE[:] THE DEFENDANT HAS MAXED-OUT AND SERVED OVER THE MAXIMUM SENTENCE FOR THIS GRADE C TECHNICAL VIOLATION"

COMES NOW the United States of America, by and through its undersigned attorneys, and hereby responds to the Defendant's filing entitled "Administrative Notice[:] The Defendant Has Maxed-Out And Served Over The Maximum Sentence For This Grade C Technical Violation" (hereinafter "Administrative Notice") as follows:

(1) On October 20, 2006, the Defendant's Administrative Notice was filed with the Court. Docket Item ("D.I.") 59. In that document, Mr. Johnson indicated that he has been incarcerated since May 2005 and, because seventeen months have passed since then, he has already served more than the maximum applicable sentence for violating his supervised release conditions. *Id.* at 1. Because the maximum statutory sentence for Mr. Johnson's violation and revocation of supervised release is two years, the Defendant's position is wrong. Nevertheless, the government does not oppose Mr.

Johnson's request (as interpreted by the Court) for a sentence of time served and immediate release, for the reasons set forth below.[1]

(2) Mr. Johnson's supervised release began on February 10, 2005, when he was released from federal prison.[2] This Court accepted jurisdiction over Mr. Johnson's supervised release in April 2005, upon a transfer request from the United States District Court for the Western District of Virginia. (D.I. 1 & D.I. 3.)

(3) Mr. Johnson's current imprisonment began on April 16, 2005, when he was arrested in the State of Delaware and charged with various violations of Delaware law including resisting arrest, menacing, offensive touching, first degree unlawful imprisonment, and possession of a deadly weapon during commission of a felony. (D.I. 4.) Because Mr. Johnson was on federal supervised release at the time of his arrest, on May 19, 2005, the U.S. Probation Office filed a Petition for Action on Violation of Supervised Release and a warrant was requested for Johnson's arrest, which was issued on May 24, 2005. *Id.*[3]

(4) On April 24, 2006, Mr. Johnson was transferred from state to federal custody pending his federal supervised release revocation hearing. (D.I. 5.) After hearings on May 12 & 30, 2006,

---

[1] By Order dated October 23, 2006, this Court deemed the Administrative Notice to be a motion for a sentence of time served and immediate release and ordered the government to respond by October 26, 2006. (D.I. 60.) Mr. Johnson's sentencing on his violation of supervised release is set for November 3, 2006 at 11:00 a.m. *Id.*

[2] On April 11, 2001, a twenty count indictment was filed against Mr. Johnson in the United States District Court for the Western District of Virginia, charging him with violations of 18 U.S.C. Secs. 287 and 2, aiding and abetting in the preparation of fraudulent tax returns. On December 20, 2001, Mr. Johnson was found guilty after a jury trial on all counts.

[3] An Amended Petition, alleging the violation of which Mr. Johnson ultimately was found guilty, was signed by the Court on May 10, 2006.

this Court found that Mr. Johnson had violated Standard Condition #7 of his Conditions of Supervised Release.[4] Thereafter, this Court ordered a medical evaluation of Mr. Johnson to aid in determining the appropriate sentence. (D.I. 28.) Mr. Johnson was designated to the Federal Detention Center in Miami, Florida for the medical study. (D.I. 40 & D.I. 46.) He has been designated to the Federal Detention Center in Philadelphia, Pennsylvania since the study's completion. *See* D.I. 53 & D.I. 54.

(5) Because Mr. Johnson's original criminal conviction (preparing and aiding and abetting in the preparation of fraudulent tax returns, in violation of 18 U.S.C. Secs. 287 and 2) was a Class D felony, the maximum sentence Mr. Johnson could receive upon revocation of his supervised release is two years imprisonment, pursuant to 18 U.S.C. Sec. 3583(e)(3).

(6) Under the U.S. Sentencing Commission's Policy Statement contained in Section 7B1.4 of the U.S. Sentencing Guidelines Manual, the range of imprisonment for Mr. Johnson's violation of the conditions of his supervised release is 8-14 months. This non-binding policy statement range is the result of Mr. Johnson's Grade C violation and his Criminal History Category VI. *See* U.S.S.G. Secs. 7B1.1 & 7B1.4.

(7) To date, the defendant has served approximately six months in federal custody. Even assuming the defendant receives credit toward his federal sentence for the approximately one year he spent in state custody, pursuant to 18 U.S.C. Sec. 3585(b), the defendant has not been detained for two years and thus has not "maxed out" the maximum sentence for his violation. *See* 18 U.S.C. Sec. 3583(e)(3).

---

[4] Standard Condition #7 reads as follows: "[t]he defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

3

(8) In light of all of the factors set forth in 18 U.S.C. Sec. 3553(a), however, the government has no objection to a sentence of time served and the defendant's immediate release.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

                By: _____
                Shannon T. Hanson
                Assistant United States Attorney

Dated: October 25, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-29-KAJ |
| | ) | |
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the Office of the United States Attorney for the District of Delaware, hereby certify that on the 25th day of October, 2006, I caused to be filed via ECF GOVERNMENT'S RESPONSE TO DEFENDANT'S FILING ENTITLED "ADMINISTRATIVE NOTICE[:] THE DEFENDANT HAS MAXED-OUT AND SERVED OVER THE MAXIMUM SENTENCE FOR THIS GRADE C TECHNICAL VIOLATION" with the Clerk of Court. I further certify that a copy of the foregoing was mailed via first class mail to the pro se defendant and stand-by counsel of record as follows:

Ronald G. Johnson
#04431-015
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

Joseph A. Gabay
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19801

*/s/ Marie Steel*
Marie Steel
Legal Assistant