AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 1

# UNITED STATES DISTRICT COURT
## District of Delaware

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>RONALD G. JOHNSON | JUDGMENT IN A CRIMINAL CASE<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number: 1:05CR00029-001 (KAJ)<br>USM Number: 04431-015<br><br>Defendant acting Pro Se<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

☒ was found in violation of condition(s) SC 7 _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Defendant failed to refrain from excessive use of alcohol | 04/16/2005 |
| | | |
| | | |
| | | |

The defendant is sentenced as provided in pages 2 through  3  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: 8417

Defendant's Date of Birth: 1965

Defendant's Residence Address:
New Castle, DE

Defendant's Mailing Address:
New Castle, DE

10/27/2006
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Kent A. Jordan, United States District Judge
Name and Title of Judge

10/30/06
Date

AO 245D   (Rev. 12/03 Judgment in a Criminal Case for Revocations
Sheet 2 Imprisonment

| | |
|---|---|
| **DEFENDANT:** RONALD G. JOHNSON | Judgment Page 2 of 3 |
| **CASE NUMBER:** 1:05CR00029-001 (KAJ) | |

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :**

Time Served.

☐ **The court makes the following recommendations to the Bureau of Prisons:**

☐ **The defendant is remanded to the custody of the United States Marshal.**

☐ **The defendant shall surrender to the United States Marshal for this district:**

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 2A Imprisonment

DEFENDANT: RONALD G. JOHNSON
CASE NUMBER: 1:05CR00029-001 (KAJ)

Judgment Page 3 of 3

# ADDITIONAL IMPRISONMENT TERMS

The Court specifically notes that Mr. Johnson has been held in continuous custody, State and Federal, since April 16, 2005, over 18 months. While a little over one year of his detention was in state custody, Title 18 U.S.C. § 3585(b)(2) indicates the defendant shall be given credit against his federal sentence for that State time, since his detention was not credited against another sentence.

The Court has considered the Policy Statements contained in Chapter 7 of the Sentencing Guideline Manual, and further notes that 18 U.S.C. § 3583(e)(3) permits a sentence up to two years imprisonment for a violation of supervised release relating to a Class D felony offense. Although the sentence of time served is above the policy statements range of 8-14 months, it is below the statutory maximum of twenty-four months.

Pursuant to 18 U.S.C. § 3583, this sentence has taken into account the history and characteristics of the defendant, and the nature of the supervised release violation. It has also afforded the defendant with needed medical care and other correctional treatment. Mr. Johnson has been held in custody since April 16, 2005, which has also served to protect the public from other potential crimes by the defendant. The Court concludes a sentence of time served provides just punishment for the conduct detailed in the petition on supervised release.

There is to be no term of supervised release to follow imprisonment.